UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES L. ALEXANDER, et al., </br></br>　　　Plaintiffs, </br></br> v. </br></br> THOMAS J. CAHILL, et al., </br></br>　　　Defendants. | Civil Action No. 5:07-cv-00117-FJS-GHL |

### AFFIDAVIT OF JAMES L. ALEXANDER

1.　　My name is James L. Alexander. I am a resident of Onondaga New York. My business address is 115 East Jefferson Street, Syracuse, New York. I am the managing partner of the firm Alexander & Catalano LLC.

2.　　I was admitted to the New York State Bar in 1984 and have actively practiced law in New York for the past twenty-three years. I am a member of the New York State Bar Association, the Onondaga County Bar Association, and the American Association for Justice, and serve on the Board of Directors of the New York State Trial Lawyers Association.

3.　　Alexander & Catalano is a New York law firm founded by myself and my partner Peter Catalano in 1996. The firm has offices in Syracuse and Rochester, New York. It employs eight attorneys licensed in New York and other jurisdictions who represent clients in personal injury and wrongful death claims.

4.　　Alexander & Catalano communicates its services to the public through broadcast media, print advertisements, and other forms of public media. The firm operates a website from within New York at http://www.alexanderandcatalano.com/.

5.　　Over the past ten years, Alexander & Catalano has developed an advertising campaign that has brought substantial name recognition within its market. The firm's campaign

has been successful at bringing clients to the firm. Between 2001 and 2006, Alexander & Catalano received more than 42,000 incoming phone calls from potential clients. Despite the large volume of calls, the firm has received fewer than ten complaints about the firm's advertisements over the past ten years.

6. No disciplinary actions have been brought against the firm based on its advertising, and, as far as I am aware, only one complaint has ever been received by a state disciplinary committee. That complaint involved a subject not covered by the amendments and was closed by the disciplinary committee without any charges being filed against the firm or its lawyers.

7. Alexander & Catalano's commercials often contain comical scenes that, for example, portray Peter Catalano and me as giants towering above local buildings, running to a client's house so fast we appear as blurs, jumping onto rooftops, and providing legal assistance to aliens. Because these scenes might be considered "techniques to obtain attention," and because the fictional traits exhibited by my partner and me in these scenes do not appear to be relevant to the selection of counsel, I have been forced to alter our advertising campaign to stop running these advertisements. As a result, the firm's ability to market its services has been significantly impaired.

8. All of Alexander & Catalano's commercials include memorable jingles or special effects, such as wisps of smoke or blue electrical currents surrounding the firm's name. Because of the extremely broad language of the rules, I am worried that our remaining advertisements may subject us to professional discipline. Even a television commercial by the firm showing a list of charities to which the firm has donated may run afoul of the rule against attention-getting techniques because this advertisement brings attention to the firm and does not seem related to legal competence.

9. Alexander & Catalano identifies itself in the majority of its television and print advertising as the "heavy hitters." Although I believe that the phrase "heavy hitters" implies only our knowledge of the subject matter of our area of practice, I am worried that disciplinary authorities may conclude that the phrase also "implies an ability to obtain results." I have therefore been forced to remove this slogan from our advertising at significant expense and, as a result, the firm will lose the benefit of widespread public recognition of its slogan.

10. Alexander & Catalano commonly uses phrases like "think big" and "we'll give you a big helping hand" in its advertising. I am worried that disciplinary authorities might classify these statements as a nickname, moniker, motto, or trade name that implies an ability to obtain results and subject the firm and its attorneys to discipline.

11. Alexander & Catalano has previously run, and intends to run in the future, an advertisement that depicts a judge in a courtroom. The commercial is designed to illustrate the firm's willingness to go to court on its clients' behalf, and states that the judge is there "to make sure [the trial] is fair." The commercial does not state or imply that any judge can be unfairly influenced by the firm and is not deceptive or misleading in any way.

12. The amendments cast doubt on the continued legality of all advertisements run by Alexander & Catalano and will force us to modify our existing advertising campaign and design new commercials at significant expense. As a result, our firm will suffer a loss of name recognition and goodwill based on its unique advertising campaign developed over the past ten years. The firm will also be hampered by the rules in its ability to communicate its message to consumers and will therefore have more difficulty locating potential clients.

13. A true and accurate copy of a selection of our television advertisements are included on a DVD attached to this affidavit as Exhibit 1.

14. A true and accurate copy of a September 14, 2006, letter from the Federal Trade Commission's Office of Policy Planning, Bureau of Consumer Protection, and Bureau of Economics to New York's Office of Court Administration is attached to this affidavit as Exhibit 2. The letter was obtained from the FTC's publicly accessible website at http://www.ftc.gov/os/2006/09/V060020-text.pdf.

15. A true and accurate copy of the New York State Bar Association's Report and Recommendations of Task Force on Lawyer Advertising, published October 21, 2005, is attached to this affidavit as Exhibit 3. The report was obtained from the New York State Bar Association's publicly accessible website at http://www.nysba.org/Content/ContentGroups/Reports3/Report_from_Task_Force_on_Lawyer_Advertising/LawyerAdvertisingReport.pdf.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

**DATED** February 12, 2007.

_____
James L. Alexander