TAB 1

Text of Rules Proposed by the Task Force,
With Commentary and Explanations

Dockets.Justia.com

## RULE 7.1:

## COMMUNICATIONS CONCERNING A LAWYER'S SERVICES

### Executive Summary

Rule 7.1 sets out the general prohibition on a lawyer's making any false, deceptive or misleading communication about the lawyer or the lawyer's services. A test of materiality (of content or by omission) measures whether a communication is false, deceptive or misleading.

The Rule requires that copies of all advertisements of any sort must be retained by the lawyer for a four-year period, together with the names and addresses of those to whom such advertisements are distributed, and that copies of certain advertisements be filed according to court rule.

The Rule requires that advertisements:

- contain the lawyer or law firm's name and one office in New York for the transaction of legal services along with the telephone number of that law firm;

- contain appropriate disclosure if a non-employee spokespersons or actor is used;

- that advertise a specific fee or fee range require the lawyer to honor such fee for specific periods of time;

- if sent be direct or electronic mail have "Attorney Advertisement" visible at the top of any document and envelope or in the subject line of the e-mail;

- not be directed to a victim of an accident or similar occurrence or the victim's family for 15 days thereafter, contingent upon the State Insurance Department's adoption of a similar restriction with respect to insurance carriers and their adjusters; this provision shall not apply to present clients or former clients of the law firm or lawyer in the past 10 years;

- make clear, if it is the case, that the lawyer intends to refer the case and include the name,

- address and telephone number of the lawyer to whom referral will be made if known;

- as to contingent fee matters contain required disclosure about calculation and liability for expense.

- amend the biennial registration form to require the attorney who prepares, approves or places an advertisement to complete information about compliance with the advertising rules and requirements.

**Text of Proposed Task Force Rule with Explanation**

| RULE 7.1: COMMUNICATIONS CONCERNING A LAWYER'S SERVICES | TASK FORCE EXPLANATION |
|---|---|
| (a)　　A lawyer or law firm shall not make a false, deceptive or misleading communication about the lawyer, the law firm or the lawyer's or law firm's services. A communication is false, deceptive or misleading if it contains a material misrepresentation of fact or law or omits a fact necessary to make the statement considered as a whole not materially misleading | ¶(a) is identical to COSAC ¶(a), there was discussion over whether to delete the word "materially" in the phrase "materially misleading," which the Committee eventually rejected. |
| (b)　　All lawyer advertising of any sort or in any media, including without limitation, advertisements which are mailed or are distributed by radio, television, directory, newspapers, magazine or other periodical, or by electronic means such as email or web pages, shall also be subject to the following provisions: | The proposed rule requires that copies of all advertisements, of whatever kind, be retained by the lawyer for four years, along with the addresses to which direct mail advertisements are sent. |
| (1)　　a copy of (i) each foreign language advertisement, together with an English translation, and (ii) all television, radio, billboard and placard advertising shall be filed according to court rule, and copies of all advertisements shall be retained by the lawyer or law firm for a period of not less than four (4) years following the date of mailing or distribution. | ¶(b)(1) follows COSAC ¶(b)(1) except that, in addition to retaining the advertisement, it "must be filed according to court rule" and "retained by the lawyer or law firm for a period not less than four years following. . . " Task Force ¶(b)(1) anticipates a court rule requiring filing of foreign language advertisements, together with an English translation, whether in a newspaper, television, radio, billboard, placard or electronic advertising, electronically in a central repository. The Task Force also anticipates a court rule requiring filing of all television, radio, billboard and placard advertising electronically in a central repository. The four-year retention requirement also anticipates inclusion of a statement of compliance with the advertising rules on the biennial attorney registration form promulgated by Office of Court Administration ("OCA") and is similar to |

| RULE 7.1:  COMMUNICATIONS CONCERNING A LAWYER'S SERVICES | TASK FORCE EXPLANATION |
|---|---|
| | the MCLE requirement.  It is also anticipated that the biennial registration form will require lawyers who prepared, approved or placed an advertisement to certify that they are in compliance with the advertising rules.  COSAC has a one-year retention requirement. |
| (2)     if such advertisement is directed to a predetermined address, a list containing the names and addresses of all person to whom the advertisement is being or will thereafter be mailed or distributed shall be retained by the lawyer or law firm for a period of not less than four (4) years following the last date of mailing or distribution. | ¶(b)(2) increases the one year COSAC retention requirement for lists containing names, addresses, etc. for advertisements mailed or distributed to four years. |
| (3)     if such advertisement contains any contact information (including, without limitation, street or postal box address, telephone number, or e-mail address), it must contain the name and one office address in New York for the transaction of legal services for the lawyer or law firm sponsoring the advertising, along with the telephone numbers of that law firm. | ¶(b)(3) requires information about the advertising lawyer's or law office for the transaction of legal services, consistent with N.Y. Judy. Law § 470.  A lawyer or law firm may have multiple offices in this state and the Task Force concluded that an office in New York for the transaction of legal services must be disclosed on "all lawyer advertising" (See Rule 7.1(b) above).  This has been moved from COSAC Rule 7.2(c) as the Task Force opined such a rule was best located under Rule 7.1:  Communications Concerning a Lawyer's Services.  This is consistent with the jurisdictional choice-of-law provisions in DR 2-105 and COSAC Rule 8.5. Websites and e-mail addresses are insufficient; and attorney must provide the actual street address, as currently stated in N.Y. Op. 756 (2002). |
| (4)     shall not use an actor or spokesperson, who is not a member of or employee of the advertising lawyer or law firm, without disclosure thereof. | ¶(b)(4) was revised and moved from ¶COSAC Comment on its Rule 7.1 [3C] VI to VII.  The Task Force adopted without objection the prohibition on the use of an actor or spokesperson as a Rule and not as |

| RULE 7.1: COMMUNICATIONS CONCERNING A LAWYER'S SERVICES | TASK FORCE EXPLANATION |
|---|---|
| | Commentary. Through this rule, the Committee is suggesting a codification of the disclaimer rules currently in effect pursuant to State ethics opinions. See N.Y. State 771 (2003); N.Y. State 661 (1994). |
| (5)    a lawyer or law firm that advertises a specific fee or range of fees for a particular service shall honor the advertised fee or a range of fees for at least thirty (30) days following the last dissemination of the advertising unless the advertisement specifies a shorter period, or until the next issue if sooner, provided that, for advertisements in yellow pages of telephone directories or other media not published more frequently than annually, the advertised fee shall be honored for no less than one year following the publication. | The bait and switch scenario set forth in COSAC Comment 7.1 [3D] (a) through (d) is recommended as a rule by the Task Force in its Rule 7.1(b)(5). The advertised fee or range of fees must generally be held open for thirty days with exceptions including Yellow Page advertising. |
| (6)    all    direct    mail, electronic    mail    (e-mail),    or    similar advertisement    shall    have    the    words "attorney advertisement" visible at the top of any document and envelope if utilized or, in the case of e-mail, in the subject line. | The notice provisions of COSAC Rule 7.3(c) have been recommended for amendment and moved to Rule 7.1(b)(6) under the general requirements concerning communications concerning a lawyer's services (See Rule 7:1(b). The Task Force adopted this change unanimously. |
| (7)    no    lawyer    or    law firm or any person or entity working with or on their behalf, shall send by direct-mail, any written communication which concerns an action for personal injury or wrongful death, to a victim, or his or her family, for a period of fifteen (15) days after the occurrence of the event or such period as mandated by applicable Federal law. This rule does not apply to present or former clients of the lawyer or law firm within the last ten years. | The cooling off period prohibiting contact of victims of an accident or disaster by lawyers or law firms recommended to COSAC by the NYSBA Mass Disaster Committee was rejected and COSAC's recommendations contain no such rule. The rationale for the COSAC position was that there was no similar prohibition restraining contact of victims or their family by insurance claims adjusters. The Task Force recommends a compromise contingent upon the Department of Insurance adapting a similar regulation upon insurance claim adjusters, and primarily because a No-Fault Claim must |

| **RULE 7.1: COMMUNICATIONS CONCERNING A LAWYER'S SERVICES** | **TASK FORCE EXPLANATION** |
|---|---|
| | be filed within 30 days of the accident [See1.1NYCRR 65-1.1(b)] or there is no recovery. Many accident victims would not know this without legal assistance and the 15-day cooling off period allows for that. In addition, the unseemly conduct of a few attorneys immediately following recent mass disasters and accidents compels this conclusion. This provision would not bar the bar associations' Mass Disaster Task Forces from assisting victims or their families. |
| (8) if the advertising lawyer or law firm intends to refer the case or matter to another lawyer or law firm, that should be so stated in the advertisement as well as the name, address and telephone number of the lawyer or law firm to whom the case will be referred, if known. | The Task Force considered adding the clause "advertising entity" but determined not to do so. It now echoes COSAC comment [3D] to Rule 7.1.<br><br>(b)(8) provides that if the referral of the matter to another lawyer or law firm is intended the advertisement shall so state, identifying the lawyer or law firm to whom the referral will be made if known. Present New York DR 2-101(K) supports this position. COSAC Rule 7.2 (2) (2) V contains a similar prohibition and should be deleted from its Rule 7.2. |
| (c) a lawyer or firm advertising a willingness to enter into any representation on a contingent fee basis shall, at the time of the dissemination of the advertisement, disclose | (c) provides rules for percentage fees and disbursements incontingent fee cases. It is identical to New York DR2-101(L) and should be set forth in Rule 7.1: Communications Concerning a Lawyer's Services. COSAC has dropped DR2-101(L). Based upon empirical study in which only 2 of 26 ads contained the requisite disclaimers, and upon the need of the public to have such information before retaining a lawyer on a contingent fee basis, the committee believes that it should be retained in Rule 7.1. |

| **RULE 7.1: COMMUNICATIONS CONCERNING A LAWYER'S SERVICES** | **TASK FORCE EXPLANATION** |
|---|---|
| (1) whether percentages are computed before or after deduction of costs, disbursements and other expenses of litigation; | |
| (2) in the event there is no recovery, the client shall remain liable for the expenses of litigation including court costs and disbursements. | |
| | The Task Force considered a prior COSAC proposed Rule 7.1(d) that COSAC did not adopt, as follows: |
| | For the purpose of these Rules, "advertising" and "advertisement" means any communication about the lawyer or the law firm or about the lawyer's or law firm's services including without limitation, solicitation and publicity and communications made by other where the lawyer participates in the preparation of the communication that meet the following two criteria: |
| | (3) the communication is mailed, distributed, published, broadcast, or otherwise disseminated to the public or any member or members thereof in any fashion; and |
| | (4) the dissemination of the communication is initiated by the lawyer or law firm and not by a client or prospective client |
| | No member moved its adoption and it failed approval. The Task Force still believes that an acceptable definition of "advertisement" or "advertising" within Rule 7.1 might be helpful. |

| COMMENTARY TO TASK FORCE RULE 7.1 | CHANGES TO COMMENTARY |
|---|---|
| [1]  This Rule governs all communications about a lawyer's services. Whatever means are used to make known a lawyer's services, statements about them must be truthful. | None |
| [1A]  The attorney client relationship is personal and unique and should not be established as a result of pressures and exceptions. <br><br> Advertising and publicity should be designed to educate the public to an awareness of legal needs and to provide information relevant to the selection of the most appropriate counsel. | None |
| [1B]  Subject to the requirements of these Rules, a lawyer may advertise services through written, recorded or electronic communication, including public media. | None |
| [1C]  Advertisement has typically been considered to be a communication made by a lawyer to the public or any member or members thereof for the principal purposes of describing the services provided by the lawyer and encouraging the public to retain the lawyer. To assist the public in obtaining legal services, lawyers should be allowed to make known their services not only through reputation but also through organized information campaigns in the form of advertising. Advertising involves an active quest for clients, contrary to the tradition that a lawyer should not seek | This explanation of what an advertisement is has been elaborated upon. <br><br><br><br><br><br> None |

| COMMENTARY TO TASK FORCE RULE 7.1 | CHANGES TO COMMENTARY |
|---|---|
| clientele. However, the public's need to know about legal services can be fulfilled in part through advertising. This need is particularly acute in the case of persons of moderate means who have not made an extensive use of legal services. The interest in expanding public information about legal services ought to prevail over considerations of tradition. Nevertheless, advertising by lawyers entails the risk of practices that are misleading or overreaching. | |
|     [1D] Questions of effectiveness and taste in advertising are matters of speculation and subjective judgment. Some jurisdictions have imposed extensive restrictions on television advertising, on advertising going beyond specified facts about a lawyer or on "undignified" advertising. Television is now one of the most powerful media for getting information to the public, particularly persons of low and moderate income; prohibiting television advertising, therefore, would impede the flow of information about legal services to many sectors of the public. Limiting the information that may be advertised has a similar effect and assumes that the bar can accurately forecast the kind of information that the public would regard as relevant. Similarly, electronics media, such as the Internet, can be an important source of information about legal services and lawful communication by electronic mail is permitted by this Rule. But see Rule 7.3(a) for the prohibition against the solicitation of a prospective client through a real-time electronic exchange that is not initiated by the prospective client. | None |
|     [1E] Neither this Rule nor Rule 7.3 prohibits communications authorized | None |

| COMMENTARY TO TASK FORCE RULE 7.1 | CHANGES TO COMMENTARY |
|---|---|
| by law, such as notice to members of a class in a class action litigation. | |
| [1F]     A lawyer should ensure that the information contained in any advertisement which the lawyer publishes, broadcasts or causes to be published or broadcast is disseminated in an objective and understandable fashion and would facilitate a prospective client's ability to select a lawyer.  A lawyer should strive to communicate such information without undue emphasis upon style and advertising stratagems which serve to hinder rather than to facilitate intelligent selection of counsel.  Although communications involving puffery and claims that cannot be measured or verified are not specifically referred to in his rule, such communications are prohibited to the extent that they are false, deceptive or misleading.  Special care should be taken to avoid the use of any statement or claim which is false, fraudulent, misleading, deceptive or unfair, or which is violative of any statue or rule of court. | None |
| [1G]     A lawyer may disclose in advertising: | |
| (a)     legal and nonlegal education, degrees and other scholastic distinctions; dates of admission to any bar; areas of law the law in which the lawyer or the law firm practices or specializes, as authorized by these Rules; public office and teaching positions held; memberships in bar associations or other professional societies or organizations, including office and committee assignments therein; foreign language fluency; | None |
| (b)     names of clients regularly represented, provided that the client has | None |

| COMMENTARY TO TASK FORCE RULE 7.1 | CHANGES TO COMMENTARY |
|---|---|
| given prior written consent; | |
| (c) bank references; credit arrangements accepted; prepaid or group legal services programs in which the attorney or firm participates; nonlegal services provided by the lawyer or by an entity owned and controlled by the lawyer; the existence of contractual relationships between the lawyer or law firm and a nonlegal services provided by the professional service firm, to the extent permitted by Rule 5.8 and the nature and extent of services available through those contractual relationships; and | None |
| (d) legal fees, if any, for initial consultation; contingent fee rates in civil matters; range of fees for legal and nonlegal services, provided that there be available to the public free of charge a written statement clearly describing the scope of each advertised service; hourly rates and fixed fees for specified legal and nonlegal services. | None |
| [2] Truthful statements that are misleading are prohibited by this Rule. A truthful statement is misleading it omits a fact necessary to make the lawyer's communication considered as a whole not materially misleading. A truthful statement is also misleading if there is a substantial likelihood that it will lead a reasonable person to formulate a specific conclusion about the lawyer or the lawyer's services or the results a lawyer can achieve for which there is not reasonable factual foundation. | None |
| [3A] The use of a trade name or an assumed name could mislead non-lawyers concerning the identity, responsibility and status of those practicing thereunder. See Rule 7.5. | None |

| **COMMENTARY TO TASK FORCE RULE 7.1** | **CHANGES TO COMMENTARY** |
|---|---|
| [3B]    In order to avoid the possibility of misleading persons with whom a lawyer deals, a lawyer assisting in representative capacity or advertising the lawyer's or law firm's services should be scrupulous I the representation of professional status. A lawyer should not hold himself or herself out as being a partner or associate if the lawyer only shares office with another lawyer. A lawyer should clearly identify his or her status and that of his other firm in all communications with the public or members thereof. A lawyer's failure to identify him or herself as a lawyer may mislead members of the public who do not know they are dealing with a lawyer and may increase the danger that non-lawyers maybe able to pass themselves off to the public. To minimize the danger of misleading the public, a lawyer's or law firm's letterhead, business card, signage, signature and other such devices should preferably use words such as "lawyer", "attorney-at law", "attorney", "attorney and counselor at law" or the like. There is requirement that these words be duplicated on a letterhead and the signature on a letter. Communications on a lawyer's or law firm's letterhead, if signed by a non-lawyer, should always identify the capacity of the signer. See also Rule 4.3. | None |
| [3C]    The following, if used in public communications or communications to a prospective client, are likely to be false, deceptive or misleading: (i) a communication that promises the outcome of any legal matter; (ii) a communication that states or implies that the lawyer has the ability to influence improperly a court, court officer, governmental agency or government official; (iii) a letter or other written communication made to appear as a | None to ¶[3c] I through V.<br><br>¶[3B] VI and VIII regarding use of an actor or other representative or a dramatization has been removed and made a rule at 7.1(b)(4).<br><br>¶[3C] The need for disclosure and disclaimers to be visible has been elaborated upon. |

| COMMENTARY TO TASK FORCE RULE 7.1 | CHANGES TO COMMENTARY |
|---|---|
| legal document; (iv) the inclusion of names, addresses and telephone numbers as required by Rule 7.2(c) in a manner that is too small or too fast for an average viewer to receive the information in a meaningful; (v) the use of dollar signs, the terms "most cash" or "maximum dollars," or like terms that suggest the outcome of the legal matter; (vi) the use of an actor to portray the lawyer or another representative of the lawyer's firm or (vii) any other use of an actor or use of a dramatization without meaningful disclosure thereof. | |
| The types of communications that traditionally have been considered advertisements include:<br><br>• Traditional media advertising such as print (e.g., newspapers, magazines, and periodicals), radio, television, placard or billboards or other outdoor signs, to communicate to the general public or any members thereof about the services the lawyer provides.<br><br>• As for other types of electronic communications, webblogs or a web-based seminar run by lawyers could be considered advertisements within the meaning of Rule 7.1, depending on the audience for and character, content and purpose of the communication. | Examples of the types of communications that have and have not been considered advertisements have been elaborated upon. |
| The types of communications that have not typically been considered advertisements are:<br><br>• Communications by lawyers that primarily describe developments in the law or text of a speech or presentation at conferences or meetings; similarly, Martindale | Examples of the types of communications that have and have not been considered advertisements have been elaborated upon. |

| COMMENTARY TO TASK FORCE RULE 7.1 | CHANGES TO COMMENTARY |
|---|---|
| Hubbell listings in a directory or by bar associations primarily directed to the legal community is not advertising.<br><br>• Similarly, biographical information or contact information contained on a website like that found at the bar association or Martindale Hubbell or similar directory is not advertising.<br><br>• Portions of a law firm website that concern employment opportunities with the law firm (which is not designed or intended to encourage a consumer to retain the services of a lawyer or law firm), would not be considered advertising within the meaning of Rule 7.1.<br><br>• Lawyers who post announcements without any contact information would not be considered advertising within the meaning of Rule 7.1, such as announcements of new partners. | |
| [3D]    Members of the public and prospective clients have a right to rely on the statements and representations made in advertising or other such communications about a lawyer or a law firm or the services to be provided. Accordingly, it would be misleading for a lawyer or law firm to advertise certain terms-and then fail to standby those terms when a prospective client responds to the advertisement within a reasonable time. In particular, lawyers and law firms who advertise should observe the following practices: | This comment has now been made a rule as well at 7.1(b)(5). No changes to comment. |
| (a)    A lawyer or law firm advertising any fixed fee for specified legal services should, at the time of fee | |

| COMMENTARY TO TASK FORCE RULE 7.1 | CHANGES TO COMMENTARY |
|---|---|
| publication, have available to the public a written statement clearly describing the scope of each advertised service, which statement should be delivered to the client at the time of retainer for any such service. Such legal services should include all those services which are recognized as reasonable and necessary under local custom in the area of practice in the community where the services are performed. | |
|       (b)    If a lawyer or law firm advertises a range of fees or an hourly rate for services, the lawyer or law firm should not charge more than the fee advertised for such services. If a lawyer or law firm advertises a fixed fee for specified legal services or perform services described in a fee schedule, the lawyer or law firm should not charge more than the fixed fee for such stated legal service as set forth in the advertisement or fee schedule, unless the client agrees in writing that the services performed or to be performed were not legal services referred to or implied in the advertisement or in the fee schedule and, further, that a different fee arrangement shall apply to the transaction. | None |
|       (c)    Unless otherwise specified in the advertisement, if a lawyer publishes any fee information authorized under this Rule, the lawyer should be bound by any representation therein as provided in this Rule, the lawyer should be bound by any representation therein for a reasonable time. In a publication which is published more frequently than once per month, a reasonable time is a period of not less than 30 days after such publication. If a lawyer publishes any fee information authorized under this Rule in a publication which is published once per month or less frequently, a reasonable time is until the | (c), (d) The Commentary has been changed to reflect specific time periods during which advertised fees must be honored as set forth in the Rule. |

| COMMENTARY TO TASK FORCE RULE 7.1 | CHANGES TO COMMENTARY |
|---|---|
| publication of the succeeding issue. If a lawyer publishes any fee information authorized under this Rule in a publication which has no fixed date for publication of a succeeding issue, a reasonable time is a period no less than 90 days. | |
| (d) Unless otherwise specified, if a lawyer broadcasts any fee information authorized under this Rule, the lawyer should be bound by any representation made therein or a reasonable time and, in any event, for not less than 30 days after such broadcast. | None |
| [4] See also Rule 8.4(e) for the prohibition against stating or implying an ability to influence improperly a government agency or official or to achieve results by means that violate these Rules or other law. | None |
| [4A] The requirement that a copy of all advertisements and list of addresses to which an advertisement is distributed may be satisfied by retaining a physical copy of the advertisement or list. Where the advertisement is in electronic form, for example on a web site, it may be retained in that form provided that the retained copy includes the entire advertisement including all links and subpages.<br><br>[5] The requirement in 7.1(c)(2) that the attorney disclose that the client remains liable for costs and expenses in the event of no recovery is inapplicable and need not appear where the attorney states that the attorney proposes filing an action in a state without the same or similar Rule. | [4A] This has been modified to permit electronic retention of advertising to ease storage issues and in the expectation that filings mandated by court rule will be made electronically.<br><br>The Committee also proposes requiring attorneys to certify on their biennial registration that they have complied with the advertising rules and regulation under penalty of perjury, thereby facilitating enforcement efforts. |

## RULE 7.2:

## PAYMENT FOR REFERRALS

### Executive Summary

Rule 7.2(b) states the general prohibition on paying for referrals of clients. Paying for permitted advertising is not a violation of the Rule, nor are payments to a qualified legal assistance organization, as defined in Rule 7.3(d), or referral fees to another lawyer or payment for the practice of a deceased, disabled, disappeared or retiring lawyer as otherwise permitted. Rule 7.2(b) permits a lawyer to enter into a nonexclusive reciprocal referral arrangement with other lawyers and with nonlawyers under certain circumstances and within certain limits.

### Text of Proposed Task Force Rule with Explanation

| RULE 7.2: COMMUNICATIONS CONCERNING A LAWYER'S SERVICES | TASK FORCE EXPLANATION |
|---|---|
| (a)    OMITTED | |
| (b)    A lawyer shall not compensate or give anything of value to a person or organization to recommend or obtain employment by a client or as a reward for having made a recommendation resulting in employment by a client, except that a lawyer may: | Accepted |
| (1)    pay the reasonable costs of advertisements or communications permitted by these Rules; | Accepted |
| (2)    pay the usual and reasonable fees or dues charged by a qualified legal assistance organization as defined in Rule 7.3(d) or referral fees to another lawyer as permitted by Rule 1.5(e). | Accepted |
| (3)    pay for a law practice in accordance with | Accepted |

16

| RULE 7.2:  COMMUNICATIONS CONCERNING A LAWYER'S SERVICES | TASK FORCE EXPLANATION |
|---|---|
| Rule 1.17; and | |
| (4)      refer clients to another lawyer or a nonlawyer pursuant to an agreement not otherwise prohibited under these Rules that provides for the other person to refer clients or customers to the lawyer, if  (i)      the reciprocal referral agreement is not exclusive; and  (ii)     the client is informed of the existence and nature of the agreement.  (c)     All advertisements of legal services shall include the name, office address and telephone number of the attorney or law firm whose services are being offered. | Accepted |

| COMMENTARY TO TASK FORCE RULE 7.2 | CHANGES TO COMMENTARY |
|---|---|
| [5] Lawyers are not permitted to pay others for channeling professional work. Paragraph (b)(1), however, allows a lawyer to pay for advertising and communications permitted by these Rules, including costs of print directory listings, on line directory listings, newspaper ads, television and radio air time, domain-name registrations, sponsorship fees, banner ads, and group advertising. A lawyer may compensate employees, agents and vendors who are engaged to provide marketing or client-development services, such as publicists, public-relations personnel and website designers. See Rule 5.3 for the duties of lawyers and law firms with respect to the conduct of nonlawyers who prepare marketing materials for them. | None |
| [6] A lawyer may pay the usual charges of a qualified legal assistance organization as defined in Rule 7.3(d). A lawyer so participating should make certain that the relationship with a qualified legal assistance organization in no way interferes with independent, professional representation of the interest of the individual client. A lawyer should avoid situations in which officials of the organization who are not lawyers attempt to direct lawyers concerning the manner in which legal services are performed for individual members and should also avoid situations in which considerations of economy are given undue weight in determining the lawyers employed by an organization or the legal services to be performed for the member or beneficiary, rather than competence and quality of service. | None |
| [7] A lawyer who accepts assignments or referrals from a qualified legal assistance organization must act | None |

| **COMMENTARY TO TASK FORCE RULE 7.2** | **CHANGES TO COMMENTARY** |
|---|---|
| reasonably to assure that the activities of the plan or service are compatible with the lawyer's professional obligations. See Rule 5.3. The lawyer must insure that the organization's communications with prospective clients are in conformity with these Rules. Thus, advertising must not be false or misleading, as would be the case if the communications of a qualified legal assistance organization would mislead prospective clients to think that it was a lawyer referral service sponsored by a state agency or bar association. Nor could the lawyer allow in-person, telephonic or real-time interactive electronic contacts that would violate Rule 7.3. | |
| [8]      A lawyer also may agree to refer clients to another lawyer or a nonlawyer in return for the undertaking of the person to refer clients or customers to the lawyer. Such reciprocal referral arrangements must not interfere with the lawyer's professional judgment as to making referrals and as to providing substantive legal services. See Rules 2.1 and 5.4(c). Except as provided in Rule 1.5(e), a lawyer who receives referrals from a lawyer or nonlawyer must not pay anything solely for the referral, but the lawyer does not violate paragraph (b) of this Rule by agreeing to refer clients to the other lawyer or nonlawyer so long as the reciprocal referral agreement is not exclusive and the client is informed of the referral agreement. A lawyer may only enter into such an arrangement if it is non-exclusive on both sides, so that both the lawyer and the nonlawyer are free to refer clients to others if that is in the best interest of those clients. Conflicts of interest created by such arrangements are governed by Rule 1.7. A lawyer's interest in receiving a steady stream of referrals from | None |

| COMMENTARY TO TASK FORCE RULE 7.2 | CHANGES TO COMMENTARY |
|---|---|
| a particular source must not undermine the lawyers' independent professional judgment on behalf of the clients. Reciprocal referral agreements should not be of indefinite duration and should be reviewed periodically to determine whether they comply with these Rules. This Rule does not restrict referrals or divisions of revenues or net income among lawyers within firms compromised of multiple entities. | |

## RULE 7.3:

## DIRECT CONTACT WITH PROSPECTIVE CLIENTS

### Executive Summary

Rule 7.3 begins with the general prohibition on in-person solicitation, including electronic variants of in-person contact. Exceptions are made for family or persons with whom the lawyer has a close personal or professional relationship, or if the person contacted is a lawyer.

In addition to the general prohibition on in-person solicitation, other ordinarily permitted forms of solicitation (e.g., direct mail, non-live telephone, non-real-time electronic) and permitted in-person solicitation (e.g., to persons with whom the lawyer has a close personal or a professional relationship) are prohibited under certain conditions. These include solicitations wherein the communication is misleading or involves coercion, duress or harassment, wherein the recipient has indicated a desire not to be solicited, or wherein the lawyer knows or should know that the recipient will not be able to exercise reasonable judgment in retaining an attorney.

Mailed or other written solicitation may not be sent using a method which would require that the recipient pick it up at a remote location.

Lawyers may cooperate with Qualified Legal Assistance Organizations, including legal aid offices, military legal assistance offices, bar association lawyer referral services, and prepaid group legal service plans. Lawyers may not own or direct such plans however.

### Text of Proposed Task Force Rule with Explanation

| RULE 7.3: DIRECT CONTACT WITH PROSPECTIVE CLIENTS | TASK FORCE EXPLANATION |
|---|---|
| (a)　　A lawyer shall not solicit professional employment from a prospective client when a significant motive for the lawyer's doing so is the lawyer's pecuniary gain: | |
| 　　　(1)　　by in-person, live telephone contact or real-time electronic contact, except that a lawyer may solicit professional employment from: | Accepted |
| 　　　　　(i)　　members of the lawyer's family or others with whom the lawyer has a | Accepted |

| RULE 7.3:  DIRECT CONTACT WITH PROSPECTIVE CLIENTS | TASK FORCE EXPLANATION |
|---|---|
| close personal or prior or existing professional relationship; | |
| (ii)    a lawyer; | Accepted |
| (2)    by written, recorded or electronic communication or by in-person, live telephone contact or real-time electronic contact even when not otherwise prohibited by paragraph (a), if: | Accepted |
| (i)    the communication or contact violates Rule 7.1(a); | Accepted |
| (ii)    the prospective client has made known to the lawyer a desire not to be solicited by the lawyer; | Accepted |
| (iii)    the solicitation involves coercion, duress, or harassment; | Accepted |
| (iv)    the lawyer knows or reasonably should know that the age or the physical, emotional or mental state of the recipient make it unlikely that the recipient will be able to exercise reasonable judgment in retaining an attorney; or | Accepted |
| (v)    the lawyer intends or expects, but does not disclose in the communication, that the legal services necessary to handle the matter competently will be performed primarily by another lawyer who is not | Also covered in Rule 7.1(b)(6) |

| RULE 7.3: DIRECT CONTACT WITH PROSPECTIVE CLIENTS | TASK FORCE EXPLANATION |
|---|---|
| affiliated with the soliciting lawyer as a partner, associate or of counsel. | |
| (b)    No written solicitation shall be sent by certified or registered mail or other method that may require the recipient to travel to a location other than that at which the recipient ordinarily receives business or personal mail. | Accepted |
| (c)    Every written, recorded, or electronic communication from a lawyer soliciting professional employment from a prospective client known to be in need of legal services in a particular matter shall include the words "Lawyer Advertising" on the outside envelope, if any, and at the beginning and ending of any recorded or electronic communication, unless the recipient of the communication is a person specified in paragraphs (a)(1)(i) or (a)(1)(ii). | Also covered in Rule 7.1(b)(8) |
| (d)    A lawyer or the lawyer's partner or associate or any other affiliated lawyer may be recommended, employed or paid by, or may cooperate with one of the following offices or organizations ("Qualified Legal Assistance Organizations") which promote the use of the lawyer's services or those of a partner or associate or any other affiliated lawyer or request one of the following offices or organizations to recommend or promote the use of the lawyer's services or those of the lawyer's partner or associate or any other affiliate lawyer as a private practitioner, if there is no interference with the exercise of independent professional judgment on behalf of the client: | Accepted |
| (1)    a legal aid office or public defender office: | Accepted |
| (i)    operated or | Accepted |

| RULE 7.3: DIRECT CONTACT WITH PROSPECTIVE CLIENTS | TASK FORCE EXPLANATION |
|---|---|
| sponsored by a duly accredited law school; | |
| (ii)    operated or sponsored by a bona fide, non-profit community organization; | Accepted |
| (iii)    operated or sponsored by a governmental agency; or | Accepted |
| (iv)    operated or sponsored or approved by a bar association | Accepted |
| (2)    A military legal assistance office; | Accepted |
| (3)    A lawyer referral service operated, sponsored or approved by a bar association or authorized by law or court rule; | Accepted |
| (4)    A prepaid or group legal service plan operated by an organization that uses in person or telephone contact to solicit memberships or subscriptions for the plan from persons who are not known to need legal services in a particular matter covered by the plan, provided the following conditions are satisfied: | Accepted |
| (i)    such organization is not operated for the purpose of procuring legal work or financial benefit for any lawyer as a private practitioner outside of the legal services program of the organization; | Accepted |
| (ii)    neither the lawyer | Accepted |

| RULE 7.3: DIRECT CONTACT WITH PROSPECTIVE CLIENTS | TASK FORCE EXPLANATION |
|---|---|
| nor the lawyer's partner nor associate nor any other affiliated lawyer or non lawyer directs or owns the plan; and the member or beneficiary to whom the legal services are furnished, not the organization, is recognized as the client of the lawyer in this matter; | |
| (iii)   the legal service plan of such organization provides appropriate relief for any member or beneficiary who asserts a claim that representation by counsel furnished, selected or approved by the organization for the particular matter involved would be unethical, improper or inadequate under the circumstances of the matter involved; and other plan provides an appropriate procedure for seeking such relief; | Accepted |
| (iv)   the lawyer does not know or have cause to know that such organization is in violation of applicable laws, rules of court or other legal requirements that govern its legal services operation. | Accepted |
| (e)   A lawyer shall not accept employment when the lawyer knows or it is obvious that the person who seeks services does so as a result of conduct prohibited under this Rule. | Accepted |
| | |

| RULE 7.3: DIRECT CONTACT WITH PROSPECTIVE CLIENTS | TASK FORCE EXPLANATION |
|---|---|
| COMMENT<br><br>[1] There is a potential for abuse inherent in direct in-person, live telephone or real-time electronic contact by a lawyer with a prospective client known to need legal services. "Real time electronic contact" is intended to include instant messaging and chat rooms but to exclude email and electronic bulletin boards for the purposes of Rule 7.3. Of course, email and electronic bulletin boards would still fall within the ambit of Rule 7.1, supra. These forms of contact between a lawyer and a prospective client subject the layperson to the private importuning of the trained advocate in a direct interpersonal encounter. The prospective client, who may already feel overwhelmed by the circumstances giving rise to the need for legal services, may find it difficult fully to evaluate all available alternatives with reasoned judgment and appropriate self-interest in the face of the lawyer's presence and insistence upon being retained immediately. The situation is fraught with the possibility of undue influence, intimidation and over-reaching. | None<br><br><br><br><br><br>This language has been added for clarification. |
| [2] This potential for abuse inherent indirect in-person, live telephone or real-time electronic solicitation of prospective clients justifies its prohibition, particularly since lawyer advertising and written and recorded communication permitted under Rule 7.2 offer alternative means of conveying necessary information to those who may be in need of legal services. Advertising and written and recorded communications which may be mailed or autodialed make it possible for a prospective client to be informed about the need for legal services and about the qualifications of available lawyers and law firms, without subjecting the prospective | None |

| RULE 7.3: DIRECT CONTACT WITH PROSPECTIVE CLIENTS | TASK FORCE EXPLANATION |
|---|---|
| client to direct in-person, live telephone or real-time electronic persuasion that may overwhelm the client's judgment. | |
| [3] The use of general advertising and written, recorded or electronic communications to transmit information from lawyer to prospective client, rather than direct in-person, live telephone or real time electronic contact, will help to assure that the information flows cleanly as well as freely. The contents of advertisements and communications permitted under Rule 7.2 can be permanently recorded so that they cannot be disputed and may be shared with others who know the lawyer. This potential for informal review is itself likely to help guard against statements and claims that might constitute false and misleading communications, in violation of Rule 7.1. The contents of direct in-person, live telephone or real-time electronic conversations between a lawyer and a prospective client can be disputed and may not be subject to third-party scrutiny. Consequently, they are much more likely to approach (and occasionally cross) the dividing line between accurate representations and those that are false and misleading. | None |

| RULE 7.3:  DIRECT CONTACT WITH PROSPECTIVE CLIENTS | TASK FORCE EXPLANATION |
|---|---|
| [4]    There is far less likelihood that a lawyer would engage in abusive practices against an individual who is a current or former client, or with whom the lawyer has close personal or family relationship, or in situations in which the lawyer is motivated by considerations other than the lawyer's pecuniary gain. Nor is there a serious potential for abuse when the person contacted is a lawyer, such as the general counsel of a corporation or a lawyer seeking business referrals from another lawyer. Consequently, the general prohibition in Rule 7.3(a)and the requirements of Rule 7.3(c) are not applicable in those situations.   Solicitation does not occur when a lawyer is asked by an individual or business to provide information about the lawyer's services. Also, paragraph(a) is not intended to prohibit a lawyer from participating in constitutionally protected activities of public or charitable legal- service organizations or bona fide political, social, civic, fraternal, employee or trade organizations whose purposes include providing or recommending legal services to its members or beneficiaries. | ~~None~~<br><br>The additional language on "solicitation" makes it clear that this circumstance is not proscribed by the rule. |
| [5]    But even permitted forms of solicitation can be abused. Thus, any solicitation which contains information which is false or misleading within the meaning of Rule 7.1, which involves coercion, duress or harassment within the meaning of Rule 7.3(a)(2)(iii), which involves contact with a prospective client who has made known to the lawyer a desire not to be solicited by the lawyer within the meaning of Rule 7.3(a)(2)(ii)or which is made to a person the lawyer knows or reasonably should know is unlikely to exercise reasonable judgment in retaining an attorney within the meaning of Rule | None |

| **RULE 7.3:  DIRECT CONTACT WITH PROSPECTIVE CLIENTS** | **TASK FORCE EXPLANATION** |
|---|---|
| 7.3(a)(2)(iv) is prohibited. Moreover, if after sending a letter or other communication to a client as permitted by Rule 7.2 the lawyer receives no response, any further effort to communicate with the prospective client may violate the provisions of Rule 7.3(a)(2). | |
| [6]     This Rule is not intended to prohibit a lawyer from contacting representatives of organizations or groups that have or may be interested in establishing a group or prepaid legal plan for their members, insureds, beneficiaries or other third parties for the purpose of informing such entities of the availability of and details concerning the plan or arrangement which the lawyer or lawyer's firm is willing to offer. This form of communication is not directed to a prospective client. Rather, it is usually addressed to an individual acting in a fiduciary capacity seeking a supplier of legal services for others who may, if they choose, become prospective clients of the lawyer. Under these circumstances, the activity which the lawyer undertakes in communicating with such representatives and the type of information transmitted to the individual are functionally similar to and serve the same purpose as advertising permitted under Rule 7.2. | None |
| [7]     The requirement in Rule 7.3(c) that certain communications be marked "Lawyer Advertising" does not apply to communications sent in response to requests of potential clients or their spokespersons or sponsors. General announcements by lawyers, including changes in personnel or office location, do not constitute communications soliciting professional employment from a client known to being need of legal services | None |

| RULE 7.3:  DIRECT CONTACT WITH PROSPECTIVE CLIENTS | TASK FORCE EXPLANATION |
|---|---|
| within the meaning of this Rule. | |
| [8]    Paragraph (d)(4) of this Rule permits a lawyer to participate with an organization which uses personal contact to solicit members for its group or prepaid legal service plan, provided that the personal contact is not undertaken by any lawyer who would be a provider of legal services through the plan. The organization must not be owned by or directed (whether as manager or otherwise) by any lawyer or law firm that participates in the plan. For example paragraph (d)(4) would not permit a lawyer to create an organization controlled directly or indirectly by the lawyer and use the organization for the in-person or telephone solicitation of legal employment of the lawyer through memberships in the plan or otherwise. The communication permitted by these organizations also must not be directed to a person known to need legal services in a particular matter, but is to be designed to inform potential plan members generally of another means of affordable legal services. Lawyers who participate in a legal service plan must reasonably assure that the plan sponsors are in compliance with Rules 7.1, 7.2 and 7.3(b). See 8.4(a). In addition, a lawyer may not participate in such a plan if the lawyer knows that it is in violation of any applicable law or rule. In this connection, knowledge means that the lawyer has actual knowledge of the fact of non-compliance; but such actual knowledge may be inferred from the circumstances. See Rule 1.0(h). Thus, the lawyer cannot evade this requirement by closing eyes to the obvious. The plan must also comply with the provisions of the Rule intended to protect members or beneficiaries of the plan. | None |
| [9]    Paragraph (e) of this Rule | None |

| RULE 7.3: DIRECT CONTACT WITH PROSPECTIVE CLIENTS | TASK FORCE EXPLANATION |
|---|---|
| guards against the situation where a lawyer has not him or herself improperly solicited a prospective client, but knows that another, for example, a referring lawyer, has done so. In such a case, it would be improper for the lawyer to accept the referral and represent the client. | |

## RULE 7.5:

## IDENTIFICATION AND PRACTICE AND SPECIALTY

### Executive Summary

Rule 7.5 deals with law firm names and related matters. A law firm's name and related designation is subject to the prohibition in Rule 7.1 on false, deceptive or misleading.

Trade names are prohibited entirely. With certain exceptions, a law firm's name must consist of the names of one or more lawyers in the firm, deceased or retired firm members, and may include the words "legal clinic, "but not other descriptive terms such as "legal aid" and the like, which are reserved for qualified legal assistance organizations.

The Rule also prohibits use of the name of a non-lawyer (including a non-lawyer with whom the law firm is permitted to be and is affiliated), and use of the name of a firm lawyer holding public office. Multi-jurisdictional firms can use the same name in various jurisdictions, but must disclose the licensure limits to those lawyers who are not licensed in the jurisdiction where any office is located. No partnership may be stated or implied if it does not exist.

### Text of Proposed Task Force Rule with Explanation

| RULE 7.5: FIRM NAMES AND LETTERHEADS | TASK FORCE EXPLANATION |
|---|---|
| (a) A lawyer shall not use a firm name, letterhead or other professional designation that violates Rule 7.1. | Accepted |
| (b) A lawyer in private practice shall not practice under a trade name, a name that is misleading as to the identity of the lawyer or lawyers practicing under such name, or a firm name containing names other than those of one or more of the lawyers in the firm, except that: | Accepted |
| (i) the name of a professional corporation shall contain P.C. or such symbols permitted by law, the name of a limited liability company or partnership shall contain "L.L.C.," "L.L.P." or such symbols permitted by law. | Accepted |
| (ii) if otherwise | Accepted |

| RULE 7.5: FIRM NAMES AND LETTERHEADS | TASK FORCE EXPLANATION |
|---|---|
| lawful, a firm may use as or continue to include in its name the name or names of one or more deceased or retired members of the firm or of a predecessor firm in a continuing line of succession; | |
| (iii) such terms as "legal clinic," "legal aid," "legal service office," "legal assistance office," "defender office" and the like, may be used only by qualified legal assistance organizations, except that the term legal clinic may be used by any lawyer or law firm provided that name or a participating lawyer or firm is incorporated therein; | Accepted |
| (iv) a lawyer or law firm may not include the name of a non-lawyer in its firm name nor may a lawyer or law firm that has a contractual relationship with a non-legal professional or non-legal professional service firm pursuant to Rule 5.8 to provide legal and other professional services on a systematic and continuing basis include in its firm name the name of the non-legal professional service firm or any individual non-legal professional affiliated therewith. | Accepted |
| (c) The name of a lawyer holding a public off shall not be used in the name of a law firm or in communications on its behalf during any substantial period in which the lawyer is not actively and regularly practicing with the firm. | Accepted |
| (d) A law firm with offices in more than one jurisdiction may use the same name or other professional designation in each jurisdiction, but identification of the lawyers in an office of the firm shall indicate the jurisdictional limitations on those not licensed to practice in the jurisdiction where the office located. | Accepted |

| RULE 7.5:  FIRM NAMES AND LETTERHEADS | TASK FORCE EXPLANATION |
|---|---|
| (e)    Lawyers may state or imply that they practice in a partnership or other organization only when that is the fact. | Accepted |

| COMMENTARY TO TASK FORCE RULE 7.5 | CHANGES TO COMMENTARY |
|---|---|
| [1]    A firm may be designated by the names of all or some if its members or by the names of deceased members where there has been a continuing succession in the firm's identity.  Trade names are inherently misleading and may not be used by lawyers or law firms.  It is misleading to use the name of lawyer not associated with the firm or a predecessor of the firm, or the name of a non-lawyer.  The use of terms such as "legal aid," "legal assistance office," "legal service office" or "defender office" are misleading except when used by a qualified legal assistance organization.  The term "legal clinic" is misleading except when it is coupled with the name of one or more attorneys, as in "Legal Clinic of John Doe." | None |
| [2]    With regard to paragraph (e), lawyers sharing office facilities, but who are not in fact associated with each other in a law firm, may not denominate themselves as, for example, "Smith and Jones," for that title suggests that they are practicing law together in a firm.  See also Comment [12] to Rule 7.1. | None |
| [3]    While a lawyer may not use the name of any non-lawyer as part of the firm name, a lawyer's professional designation on cards, letterheads, office signs and the like may properly refer to any non-legal business conducted by the lawyer pursuant to Rule 5.7 or any contractual relationship with a non-legal professional or non-legal professional service firm | None |

| COMMENTARY TO TASK FORCE RULE 7.5 | CHANGES TO COMMENTARY |
|---|---|
| pursuant to Rule 5.8 | |
| [4]     A lawyer or law firm may be designated "Of Counsel" to another lawyer or law firm if there is a continuing relationship with the lawyer or law firm other than as a partner or associate. A lawyer or law firm may be designated as "General Counsel" or by similar professional reference on stationery of a client if the lawyer or the firm devotes a substantial amount of professional time in the representation of that client. | None |

## TAB 2

Outline of Proposed Guidebook on
Lawyer Advertising and Solicitation
for the New York State Bar

*Proposed*
Table of Contents
Guidebook on Lawyer Advertising and Solicitation
of the
New York State Bar Association

I.    Introduction

II    Definitions of Advertising and Solicitation

III.  Forms of Advertising and Solicitation
      A.    Prohibited
            1. Contact with prospective clients
            2. Compensation for recommendations
            3. Statutory prohibitions
      B.    Permitted examples
            1. Print
            2. Television scripts and pictures
            3. Radio scripts
            4. Internet
      C.    Filing requirements
            1. Defined
            2. Exemptions
                  a. "tombstone" advertisements
                  b. sponsorship/contribution announcements
                  c. legal listings
                  d. direct mailing
                  e. professional announcements
                  f. web sites, web pages
                  g. professional stationery
                      (i) letterhead
                      (ii) business cards
                  h. solicitation of birth mothers
      D.    Filing procedures
            1. Time to file
            2. Contents of filing
      E.    Regulation of content
            1. Pertaining to all forms of advertising
                  a. name of lawyer and firm
                  b. location of law office
                  c. permissible content
                  d. misleading information
                  e. unjustified expectations
                  f. improper comparisons
                  g. testimonials
                  h. descriptive statements

       i. prohibited visual and verbal portrayals

       j. areas of practice

       k. asserting bar endorsement

       l. illustrations

       m. specialization and expertise

       n. disclosure of costs

       o. honoring fees

       p. firm names

       q. payment of advertisement by non-advertising attorney

       r. referrals to other lawyers

       s. payment for recommendations

       t disclosures in foreign languages

       u. legibility of advertising disclaimers and text

  2. Pertaining to specific forms of advertising

      a. general market media

      b direct mail media

         (i)  waiting period

         (ii)  size of literature

         (iii) type font announcing "advertisement"

         (iv) recitation of qualifications

         (v) specific circumstances

            (a) whether prior retention of attorney

            (b) disclosure of attorney knowledge of prospective client

            (c) disclosure of referral source

            (d) prohibition against envelope disclosure of legal issue

         (vi) "sample" contract

         (vii) disclosure of intent to refer

      c. broadcast advertisements

         (i)  appearance in radio and TV ads

         (ii)  images

         (iii) background sound

      d. internet

         (i)  jurisdiction of licensure

         (ii)  location of office(s)

         (iii) requests for information

         (iv) "banners" and "billboards"

      e. electronic mail communication (e-mail)

         (i)  direct mail rules

         (ii)  location of office(s)

         (iii) subject line delineation

         (iv) filing requirements

F.         Process for review of submitted advertisements


III.   Frequently Asked Questions (FAQs)
      (*suggested*)

A. Advertising prior to review
B. Filing by fax
C. Pre-approved advertisements
D. Preliminary review
E. Fees
F. Text fonts
G. Newsletters
H. Seminars
I. Professional announcements
J. Potential referral sources
K. Internet announcements

IV.    Checklist

V.    New York Rules governing advertising and solicitation
(*Text of rules*)
A. Judiciary Law
B. General Business Law
C. (*other*)

VI.    Sample advertisements
A. Print
    1. In compliance
    2. Not in compliance
B. TV
    1. In compliance
    2. Not in compliance
C. Radio
    1. In compliance
    2. Not in compliance
D. Internet
    1. In compliance
    2. Not in compliance
E. Direct mail
    1. In compliance
    2. Not in compliance
F. Other
    1. In compliance
    2. Not in compliance

VII.    Appendices
A. Legal Client Bill of Rights and Responsibilities
B. Monroe County (NY) Bar Association Guidelines on Attorney Advertising
C. *The Practice of Law in New York State – An Introduction for Newly-Admitted Attorneys*, New York State Bar Association Committees on Legal Education and Admission to the Bar and Membership

D. *Handbook on Attorney Advertising and Solicitation*, Florida Bar Standing Committee on Advertising

*Proposed*
**Outline of Public Information Pamphlet**
on Attorney Advertising

I.   **Introductory paragraph**

II.  **Professional Responsibility of Attorneys**

    A    Towards client
        1.    Zealous representation within bounds of law
        2.    Competent representation
        3.    Exercise of independent professional judgment on behalf of client
        4.    Preserve client confidences and secrets
        5.    Refraining from unauthorized practice of law
        6.    Maintaining integrity and competence

    B.    Towards legal profession
        1.    Fulfil professional duty to make legal counsel available
        2.    Avoid actual and apparent professional impropriety
        3.    Maintain level of competence
        4.    Assist in improvement of legal system

III. **Specific ethical considerations**

    A.    Advertising
    B    Publicity
    C    Professional notices, letterheads, offices, signs, and solicitation
    D.    Judiciary Law considerations
        1.    Attorney oath of office
        2.    Registration requirements
        3.    Compensation issues
            a.    Contingency fees
            b.    Transactional fees
            c.    Non-monetary compensation
            d.    Prohibition of compensation-sharing
            e.    Other
        4.    Action for unlawful practice
        5.    Soliciting business
        6.    Settlement negotiations
        7.    Retainer considerations
    E.    Other statutory considerations affecting professional and financial responsibilities of law firms
        1.    General Obligations Law
        2.    Business Corporations Law
        3    Partnership Law

IV.  **Letters of Engagement (Retainer Letters)**

    A.    Definition

    B.    Circumstances where required

    C.    Content of such

        1.    Scope of representation described

        2.    Fees and expenses to be charge

        3.    Notice of client's right to arbitrate upon fee dispute

**V.    Fee Dispute Resolution**

    A    Authority for Fee Dispute Resolution Program in New York State

B    Description of Program

C    Contact information

**VI.    Civility**

A.    Definition

B.    Applicability

        1.    Other lawyers

        2.    Litigants

        3.    Court officials

C    Balanced with zealous representation of client

**VII    Managing your case**

A.    Assessing whether your situation warrants an attorney

B.    Narrowing the area of law in which to find your attorney

C.    Selecting an attorney whose skills are appropriate to your matter

D.    What to expect on your first visit to an attorney

E.    Identifying communications with your attorney for which you may be charged

F.    Discussing the progress of your case

G.    Discussing fees and expenses

**VIII.    Legal Client's "Bill of Rights" and Obligations**