UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES L. ALEXANDER, et al.,  )
                             )
        Plaintiffs,          )   Civil Action No. 5:07-cv-00117-FJS-GHL
                             )
v.                           )
                             )
THOMAS J. CAHILL, et al.,    )
                             )
        Defendants.          )
                             )

**AFFIDAVIT OF BRIAN WOLFMAN**

1.  My name is Brian Wolfman. I am the Director of Public Citizen Litigation Group (PCLG), a division of Public Citizen. My business address is 1600 20th Street, NW, Washington, D.C.

2.  Public Citizen is a nonprofit public interest organization. According to the individual responsible for maintaining Public Citizen's membership numbers in the ordinary course of business, Public Citizen has approximately 100,000 members nationwide, including approximately 9,450 in New York.

3.  PCLG employs a staff of eight permanent attorneys, two of whom are licensed in New York. Since its founding in 1972, PCLG has litigated for the public interest in cases concerning federal health and safety regulations, consumer rights, access to the civil justice system, Freedom of Information and other open government matters, separation of powers, and the First Amendment. PCLG litigates at all levels of the judiciary and in both state and federal courts.

4.  PCLG distributes a variety of educational materials to the public. It also operates websites at http://www.citizen.org/litigation/ and http://www.cyberSLAPP.org/, and co-sponsors the Consumer Law & Policy Blog at http://www.clpblog.org/, all of which are accessible from within New York. Public Citizen has solicited clients and communicated with clients in New York using one or more of these domain names and intends to continue doing so in the future.

5. On November 15, 2006, plaintiff Public Citizen submitted comments to New York's Office of Court Administration opposing the proposed amendments to the Disciplinary Rules of New York's Code of Professional Responsibility on the grounds that they would constitute an unconstitutional restriction on commercial and noncommercial speech. Public Citizen requested in its comments that the rules exempt noncommercial communications such as pro bono solicitations.

6. Public Citizen has an interest in protecting its New York members, who will be deprived of information about their legal rights and available legal services under the amended rules. Public Citizen's members are injured by the amended rules because they will be prevented from receiving truthful, non-misleading information that they have an interest in receiving.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

**DATED** February 12, 2007.

_____
Brian Wolfman