UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES L. ALEXANDER, et al., | ) |
| | ) |
| Plaintiffs, | )   Civil Action No. 5:07-cv-00117-FJS-GHL |
| | ) |
| v. | ) |
| | ) |
| THOMAS J. CAHILL, et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## CIVIL CASE MANAGEMENT PLAN

The parties held a telephone conference pursuant to Federal Rule of Civil Procedure

26(f), and agree to the following civil case management plan:

**1) JOINDER OF PARTIES:**

The parties do not expect that joinder of additional parties will be necessary.

**2) AMENDMENT OF PLEADINGS:**

The parties do not expect that there will be further amendments to the complaint.  No

answer has yet been filed.

**3) DISCOVERY:**

The parties have agreed in principle that they will stipulate to all the relevant evidence

and do not at this time believe that any discovery will be necessary.  However, if the parties are

unable to agree to all stipulations as expected, some discovery may be necessary.

**4) MOTIONS:**

The parties expect this case to be resolved on a motion for summary judgment.  The

parties will file cross-motions for summary judgment on a date to be determined.

Dockets.Justia.com

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL:**

The Court has ordered trial for June 18, 2007. The parties anticipate that the trial will

take approximately one day to complete and request that the trial be held in Syracuse, New York.

The parties expect, however, that the case will be resolved on cross motions for summary

judgment.

**6) HAVE THE PARTIES FILED A JURY DEMAND?**

No.

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION?  ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION?  HAVE ALL PARTIES BEEN SERVED?**

The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.  All

defendants are subject to the court's jurisdiction and have been served.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES?**

Plaintiffs seek declaratory and injunctive relief under 28 U.S.C. § 1983 against the state's

February 1, 2007, amendments to the ethics rules governing lawyer advertising.  Plaintiffs claim

that the rules are unconstitutional under the First and Fourteenth Amendments to the U.S.

Constitution because they inhibit free speech rights and are not supported by a demonstrated

state interest, and because they are overly vague.

Defendants assert that the regulations are constitutionally sound and an appropriate

exercise of state authority.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

The parties expect that no factual issues will be in dispute and that they will be able to

stipulate to all relevant facts.  The legal issues in dispute are whether the amended rules survive

the Supreme Court's four-part test in *Central Hudson Gas & Electric Corp. v. Public Service*

*Commission of New York*, 447 U.S. 557 (1980), whether the rules survive strict scrutiny under the First Amendment as applied to nonprofit communications, and whether the rules are too vague to survive scrutiny under the First Amendment and under the Due Process Clause of the Fourteenth Amendment.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS?  ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

The parties believe they can stipulate to all relevant facts.  Accordingly, they believe that the case can be decided on cross motions for summary judgment.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK?  WHAT ARE THE DAMAGES SOUGHT?**

Plaintiffs seek a declaratory judgment of unconstitutionality and a permanent injunction against enforcement of §§ 1200.6(c)(1), (3), (5), (7), (g)(1), 1200.7(e), 1200.8(g), 1200.41-a, and the first clause of § 1200.6(c)(3) of the amendments to the Disciplinary Rules of the Code of Professional Responsibility that became effective on February 1, 2007, and against §§ 1200.6, 1200.7, and 1200.41-a of the rules as applied to communications where the lawyer's primary purpose is not pecuniary gain.  Plaintiffs also seek an award of costs and attorneys' fees pursuant to 42 U.S.C. § 1988.  Plaintiffs do not seek any damages.

**12) DISCOVERY PLAN:**

> **A. What changes (if any) should be made to the disclosure requirements under Rule 26(a), as well as to the limitations on discovery set forth in the Federal Rules of Civil Procedure, as amended?**
>
> The parties believe that they will be able to stipulate to all relevant evidence, and further disclosures pursuant to Rule 26(a) will not be required.  The parties expect that no other discovery will be required.

**B. When will the mandatory disclosures required under Rule 26(a)(1) be made, or when were they made?**

See 12.A.

**C. Describe the timetable for discovery, identify the subjects to be addressed, state whether discovery should be conducted in phases, and discuss why there are no less costly and time consuming alternative methods available to obtain the same information?**

See 12.A.

**D. What forms of discovery does each party intend to pursue?**

See 12.A.

**E.  Are any protective orders required or requested under Fed. R. Civ. P. 26(c)?**

No.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE?  IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

The parties expect to stipulate to all relevant evidence.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

No.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

Not applicable.

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT?**

Very unlikely.

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held on April 17, 2006, by telephone and was attended by:

Gregory A. Beck and Brian Wolfman for plaintiffs.
Patrick McRae and Nelson Sheingold for defendants.

Respectfully submitted,


  /s/ Gregory A. Beck
Gregory A. Beck
N.D.N.Y. Bar Roll No. 514293 (pro hac vice)
Brian Wolfman
N.D.N.Y. Bar Roll No. 514292 (pro hac vice)
Scott L. Nelson
N.D.N.Y. Bar Roll No. 513515
PUBLIC CITIZEN LITIGATION GROUP
1600 20th St., NW
Washington, DC 20009
Phone: (202) 588-1000
Fax: (202) 588-7795
Email: gbeck@citizen.org
        brian@citizen.org
        snelson@citizen.org

*Counsel for Plaintiffs*

Dated:  April 18, 2007