**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**JAMES L. ALEXANDER; ALEXANDER & CATALANO LLC; and PUBLIC CITIZEN, INC.,**

                        **Plaintiffs**

                        **v.**                                              **5:07-CV-117 (FJS/GHL)**

**THOMAS J. CAHILL, in his official capacity as Chief Counsel for the Departmental Disciplinary Committee for the Appellate Division of the New York State Court of Appeals, First Department; DIANA MAXFIELD KEARSE, in her official capacity as Chief Counsel for the Second and Eleventh Judicial District Grievance Committee; GARY L. CASELLA, in his official capacity as Chief Counsel for the Ninth Judicial District Grievance Committee; RITA E. ADLER, in her official capacity as Chief Counsel for the Tenth Judicial District Grievance Committee; MARK S. OCHS, in his official capacity as Chief Attorney for the Committee on Professional Standards for the Appellate Division of the New York Court of Appeals, Third Department; ANTHONY J. GIGLIOTTI, in his official capacity as acting Chief Counsel for the Fifth Judicial District Grievance Committee; DANIEL A. DRAKE, in his official capacity as acting Chief Counsel for the Seventh Judicial District Grievance Committee; and VINCENT L. SCARSELLA, in his official capacity as acting Chief Counsel for the Eighth Judicial District Grievance Committee,**

                        **Defendants.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **PUBLIC CITIZEN LITIGATION GROUP**<br>1600 20th Street NW<br>Washington, D.C. 20009<br>Attorneys for Plaintiffs | **BRIAN WOLFMAN, ESQ.**<br>**GREGORY A. BECK, ESQ.**<br>**SCOTT NELSON, ESQ.** |
| **OFFICE OF THE NEW YORK STATE** | **PATRICK F. MACRAE, AAG** |

**ATTORNEY GENERAL**
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204
Attorneys for Defendants

**SCULLIN, Senior Judge**

## ORDER

Currently before the Court are Plaintiffs' motion for a preliminary injunction preventing Defendants from enforcing amendments to New York's attorney disciplinary rules concerning attorney advertising based on the First Amendment and Defendants' cross-motion to dismiss Plaintiffs' claims. On April 13, 2007, the Court heard the parties' arguments in support of, and in opposition to, these motions. At that time, the Court denied Defendants' cross-motion to dismiss Plaintiffs' claims and reserved decision on Plaintiffs' motion for a preliminary injunction. In addition, the Court directed that the hearing of Plaintiffs' motion for a preliminary injunction would be consolidated with an expedited trial on the merits pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure. The following constitutes the Court's written decision.

Defendants challenge Plaintiff Public Citizen's standing to bring this action. Public Citizen is a national nonprofit organization with approximately 100,000 members, of which approximately 9,450 reside in New York. In addition, Public Citizen has a legal division, the Public Citizen Litigation Group ("PCLG"). PCLG employs eight attorneys, two of whom are licensed in New York.

An association has standing to sue on behalf of its members when (1) a member would have standing, (2) the interests to be protected are germane to the association's purpose, and (3) neither the claim nor the relief requested requires the participation of the members. *See United*

*Food & Commercial Workers Union Local 751 v. Brown Group, Inc.*, 517 U.S. 544, 553 (1996) (quotation omitted). A member would have standing if he suffered an injury-in-fact that can be fairly traced to the defendant's challenged action and redressed by the requested relief. *See Bauer v. Veneman*, 352 F.3d 625, 632 (2d Cir. 2003) (citing *Bennett v. Spear*, 520 U.S. 154, 162, 117 S. Ct. 1154, 137 L. Ed. 2d 281 (1997)).

At oral argument, the parties primarily contested the issue of whether Public Citizen meets the second prong of *United Food* – whether the interests to be protected are germane to the organization's purpose. Public Citizen asserted that its purpose is to "'represent consumer interests in Congress, the executive branch, and the courts.'" *See* Plaintiffs' Reply at 18 (citation omitted). Furthermore, Public Citizen stated that it is "devoted to defending the rights of consumers . . . [and] ensuring that its members are not restricted from receiving communications regarding the availability of legal services." *See* Plaintiffs' Memorandum of Law at 4. At oral argument, Plaintiffs noted that Public Citizen has furthered these interests by pursuing lawsuits in state and federal courts related to various subjects, including challenges to attorney-advertising restrictions. The Court finds that this lawsuit is germane to Public Citizen's asserted mission because it implicates the right of consumers to receive commercial speech. *See Shapero v. Kentucky Bar Ass'n*, 486 U.S. 466, 472 (1988) (recognizing that attorney advertising is constitutionally protected commercial speech (citation omitted)); *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 757 (1976) ("If there is a right to advertise, there is a reciprocal right to receive the advertising . . . ." (footnote omitted)). Accordingly, the Court **DENIES** Defendants' cross-motion to dismiss Plaintiffs' claims based on a lack of standing.

Defendants also assert that they are not proper defendants because they have no independent authority to impose discipline for conduct that violates the Code of Professional Responsibility. They assert that the chief attorneys and chief counsel merely advise the various disciplinary committees, investigate complaints of rules violations, and make recommendations to the disciplinary committees.

In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court held that a state officer is a proper party in a suit seeking to enjoin the enforcement of an unconstitutional statute if "the state officer, by virtue of his office, has some connection with the enforcement of the act . . . ." *Id.* at 157. In this case, Defendants concede in their Memorandum of Law that the chief attorneys and chief counsel have significant roles in enforcing the challenged rules by initiating investigations, consulting with and making recommendations to the disciplinary committees and their chairpersons, and initiating formal disciplinary proceedings. Moreover, in some situations, Defendants may dismiss the complaint, issue a letter of caution, or refer the matter for mediation or monitoring. *See* Defendants' Memorandum of Law at 14-15 (citations omitted). Therefore, the Court **DENIES** Defendants' cross-motion to dismiss Plaintiffs' claims because it finds that Defendants are properly before the Court as parties in this action.

Defendants also assert that the Court should abstain from adjudicating this matter due to the *Burford* abstention doctrine. However, as noted at oral argument, this case involves only federal claims challenging the constitutionality of the attorney-advertising rules. It does not involve complex questions of state law or a subject-matter for which the state provides an elaborate review system. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 814-15 (1976) (citation omitted); *see also Felmeister v. Office of Attorney Ethics*, 856 F.2d

529, 533-34 (3d Cir. 1988) (footnotes and citations omitted). Accordingly, the Court **DENIES** Defendants' motion to dismiss Plaintiffs' claims based on the *Burford* abstention doctrine.

Concerning Plaintiffs' motion for a preliminary injunction, the parties dispute whether Plaintiffs face a heightened standard.[1] Generally, the proponent of a preliminary injunction must establish that it would suffer irreparable harm in the absence of an injunction and either (1) "'a likelihood of success on the merits'" or (2) "'sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of the hardships tipping decidedly'" in the proponent's favor. *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (quotation and other citation omitted). However, when the proponent challenges "'"government action taken in the public interest pursuant to a statutory or regulatory scheme,"'" it cannot rely on the fair-ground-for-litigation prong and must establish irreparable harm and a likelihood of success on the merits. *Id.* (quotation and other citation omitted).

The dispute in this case is whether an even higher standard applies to Plaintiffs' motion. If the injunction would alter the status quo rather than maintain it – in other words, if the injunction would be mandatory rather than prohibitory – the proponent must make a "'clear' or 'substantial' showing of a likelihood of success" on the merits. *Id.* (quoting *Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995)). This heightened standard also applies if the injunction would provide substantially all the relief sought, such that the relief could not be undone if the defendant prevails on the merits. *See id.* (quotation

---

[1] Specifically, Plaintiffs request that the Court enjoin Defendants from enforcing N.Y. Comp. Codes R. & Regs. tit. 22, §§ 1200.6(c)(1), (3), (5), (7), (g)(1), 1200.7(e), 1200.8(g), and 1200.41-a. In addition, they request that the Court enjoin enforcement of N.Y. Comp. Codes R. & Regs. tit. 22, §§ 1200.6, 1200.7, and 1200.41-a as applied to communications where the attorney's primary purpose is not pecuniary gain.

omitted).

The Court finds that the heightened standard applies to Plaintiffs' motion for two reasons. First, the amended attorney-advertising rules have been in effect since February 1, 2007. Plaintiffs concede that they have altered their advertising campaigns in an attempt to comply with these rules. Therefore, the status quo is the post-amendment attorney-advertising regime. Consequently, although the requested preliminary injunction might be phrased in either mandatory or prohibitory terms, it would necessarily alter the status quo. Second, even if the injunction is prohibitory rather than mandatory, it would effectively grant Plaintiffs complete relief by allowing them to resume their pre-amendment advertisements. Moreover, this relief could not be undone in the event that Defendants eventually prevail on the merits. Plaintiffs' advertisements would have reached and affected their viewers, readers, and listeners, and this Court could not undo the effects of such exposure. *Cf. Abdul Wali v. Coughlin*, 754 F.2d 1015, 1026 (2d Cir. 1985) (footnote omitted) (finding that a preliminary injunction prohibiting a prison official from interfering with delivery of a specific document to a prisoner would provide the prisoner with all the relief sought by allowing the prisoner to receive and read the document), *overruled on other grounds by O'Lone v. Shabazz*, 482 U.S. 342, 350 n.2 (1987). Accordingly, Plaintiffs must show irreparable harm and a clear or substantial showing of a likelihood of success on the merits.

Since the Court has determined that the heightened standard applies to Plaintiffs' preliminary injunction claim, Plaintiffs request that the Court consolidate the hearing on their preliminary injunction motion with an expedited trial on the merits pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure. *See* Plaintiffs' Reply at 3. Defendants do not object to this

request. Consolidation is favored in this case because the dispute is primarily legal rather than factual and only limited discovery is required. Moreover, Plaintiffs request substantially the same relief in both their complaint and their preliminary injunction motion in the form of injunctive relief to prevent enforcement of the amended attorney-advertising rules. Therefore, consolidation will avoid the Court hearing repetitive presentations. *See* 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2950 n.3 (2d ed. 1995) (citation omitted). Accordingly, the Court **GRANTS** Plaintiffs' request to consolidate the hearing on their motion for a preliminary injunction with an expedited trial on the merits.[2]

---

[2] As the Court noted at oral argument, the parties should focus their presentation on whether Plaintiffs can make a clear or substantial showing of a likelihood of success on the merits. In this case, the Court can employ a presumption of irreparable harm because the challenged rules directly affect speech by restricting the timing, content, and methods of attorney advertising. *See Bronx Household of Faith v. Bd. of Educ.*, 311 F.3d 342, 349-50 (2d Cir. 2003) (citations omitted).

In addition, the Court advised the parties to address the test articulated in *Central Hudson Gas & Elec. Corp. v. Public Serv. Comm'n of N.Y.*, 447 U.S. 557 (1980), which is applicable to speech that is not inherently misleading or speech that has the potential to be presented in either a misleading or a non-deceptive manner; therefore, the state must (1) assert a substantial interest in support of the regulation, (2) demonstrate that the restriction directly and materially advances that interest, and (3) establish that the restriction is narrowly drawn. *See Fla. Bar v. Went for It, Inc.*, 515 U.S. 618, 623-24 (1995) (quotation omitted); *see also Peel v. Attorney Registration & Disciplinary Comm'n*, 496 U.S. 91, 100 (1990) (quotation omitted).

Finally, in presenting their cases, the Court directed the parties to address the rules in three groupings. The first group contains rules about misleading advertisements, including the amendments to N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.6(c) (prohibiting endorsements and testimonials on matters still pending, portrayals of judges, techniques to obtain attention which lack relevance to selecting counsel, and portrayals of attorneys with characteristics unrelated to legal competence), N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.6(g)(1) (prohibiting pop-up and pop-under advertisements), and N.Y. Comp. Codes R. & Regs. tit. 22, § 1200.7(e) (involving domain name and website rules). The second group contains the blackout rules for contacting personal injury or wrongful death victims in N.Y. Comp. Codes R. & Regs. tit. 22, §§ 1200.8(g) and 1200.41-a. The third group contains the rules above, as well as N.Y. Comp. Codes R. &

(continued...)

Accordingly, having reviewed the parties' submissions and heard their arguments in support of, and in opposition to, the current motions, and for the reasons stated in this Order, as well as at oral argument, the Court hereby

**RESERVES DECISION** on Plaintiffs' motion for a preliminary injunction preventing Defendants' enforcement of the amended attorney-advertising rules; and the Court further

**ORDERS** that Plaintiffs' request to consolidate the hearing on their preliminary injunction motion with an expedited trial on the merits is **GRANTED**; and the Court further

**ORDERS** that Defendants' cross-motion to dismiss Plaintiffs' claims is **DENIED**; and the Court further

**ORDERS** that the trial of this matter will commence on **June 18, 2007, at 9:00 a.m., in Syracuse, New York**; and the Court further

**ORDERS** that this case is referred to Magistrate Judge Lowe for all pretrial matters.

**IT IS SO ORDERED.**

Dated: April 20, 2007
Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[2](...continued)
Regs. tit. 22, §§ 1200.6(f) (requiring solicitations to be labeled "Attorney Advertising") and (k) (imposing record-keeping requirements), as they are applied to lawyers whose primary purpose is not pecuniary gain.