Section 1200.1 Definitions. [FNa1]

(a) Differing interests include every interest that will adversely affect either the judgment or the loyalty of a lawyer to a client, whether it be a conflicting, inconsistent, diverse, or other interest.

(b) Law firm includes, but is not limited to, a professional legal corporation, a limited liability company or partnership engaged in the practice of law, the legal department of a corporation or other organization and a qualified legal assistance organization.

(c) Person includes a corporation, an association, a trust, a partnership, and any other organization or legal entity.

(d) Professional legal corporation means a corporation, or an association treated as a corporation, authorized by law to practice law for profit.

(e) State includes the District of Columbia, Puerto Rico, and other Federal territories and possessions.

(f) Tribunal includes all courts, arbitrators and other adjudicatory bodies.

(g) [Reserved]

(h) Qualified legal assistance organization means an office or organization of one of the four types listed in section 1200.8(d)(1) through (4), inclusive, that meets all the requirements thereof.

(i) Fraud does not include conduct, although characterized as fraudulent by statute or administrative rule, which lacks an element of scienter, deceit, intent to mislead, or knowing failure to correct misrepresentations which can be reasonably expected to induce detrimental reliance by another.

(j) Domestic relations matters means representation of a client in a claim, action or proceeding, or preliminary to the filing of a claim, action or proceeding, in either Supreme Court or Family Court, or in any court of appellate jurisdiction, for divorce, separation, annulment, custody, visitation, maintenance, child support, or alimony, or to enforce or modify a judgment or order in connection with any such claims, actions or proceedings.

(k) "Advertisement" means any public or private communication made by or on behalf of a lawyer or law firm about that lawyer or law firm's services, the primary purpose of which is for the retention of the lawyer or law firm. It does not include communications to existing clients or other lawyers.

(l) "Computer-accessed communication" means any communication made by or on behalf of a lawyer or law firm that is disseminated through the use of a computer or related electronic device, including, but not limited to, web sites, weblogs, search engines,

Exhibit 1

Dockets.Justia.com

electronic mail, banner advertisements, pop-up and pop-under advertisements, chat rooms, list servers, instant messaging, or other internet presences, and any attachments or links related thereto.

[FNa1] "Confidence" and "secret" are defined in section 1200.19(a) of this Part. "Sexual relations" is defined in section 1200.29-a of this Part. "Copy" is defined in section 1200.41(d)(10) of this Part.

Section 1200.5-a [DR 1-105] Disciplinary authority and choice of law.

(a) A lawyer admitted to practice in this State is subject to the disciplinary authority of this State, regardless of where the lawyer's conduct occurs. A lawyer may be subject to the disciplinary authority of both this State and another jurisdiction where the lawyer is admitted for the same conduct.

(b) In any exercise of the disciplinary authority of this State, the rules of professional conduct to be applied shall be as follows:

(1) for conduct in connection with a proceeding in a court before which a lawyer has been admitted to practice (either generally or for purposes of that proceeding), the rules to be applied shall be the rules of the jurisdiction in which the court sits, unless the rules of the court provide otherwise; and

(2) for any other conduct:

(i) if the lawyer is licensed to practice only in this State, the rules to be applied shall be the rules of this State; and

(ii) if the lawyer is licensed to practice in this State and another jurisdiction, the rules to be applied shall be the rules of the admitting jurisdiction in which the lawyer principally practices; provided, however, that if particular conduct clearly has its predominant effect in another jurisdiction in which the lawyer is licensed to practice, the rules of that jurisdiction shall be applied to that conduct.

Section 1200.6 [DR 2-101] Advertising.

(a) A lawyer or law firm shall not use or disseminate or participate in the use or dissemination of any advertisement that:

(1) contains statements or claims that are false, deceptive or misleading; or

(2) violates a disciplinary rule.

(b) Subject to the provisions of subdivision (a), an advertisement may include information as to:

(1) legal and nonlegal education, degrees and other scholastic distinctions, dates of admission to any bar; areas of the law in which the lawyer or law firm practices, as authorized by this Part; public offices and teaching positions held; publications of law related matters authored by the lawyer; memberships in bar associations or other professional societies or organizations, including offices and committee assignments therein; foreign language fluency; and bona fide professional ratings;

(2) names of clients regularly represented, provided that the client has given prior written consent;

(3) bank references; credit arrangements accepted; prepaid or group legal services programs in which the lawyer or law firm participates; nonlegal services provided by the lawyer or law firm or by an entity owned and controlled by the lawyer or law firm; the existence of contractual relationships between the lawyer or law firm and a nonlegal professional or nonlegal professional service firm, to the extent permitted by section 1200.5-c of this Part and the nature and extent of services available through those contractual relationships; and

(4) legal fees for initial consultation; contingent fee rates in civil matters when accompanied by a statement disclosing the information required by subdivision (p) of this section; range of fees for legal and nonlegal services, provided that there be available to the public free of charge a written statement clearly describing the scope of each advertised service; hourly rates; and fixed fees for specified legal and nonlegal services.

(c) An advertisement shall not:

(1) include an endorsement of, or testimonial about, a lawyer or law firm from a client with respect to a matter still pending;

(2) include a paid endorsement of, or testimonial about, a lawyer or law firm without disclosing that the person is being compensated therefor;

(3) include the portrayal of a judge, the portrayal of a fictitious law firm, the use of a fictitious name to refer to lawyers not associated together in a law firm, or otherwise imply

that lawyers are associated in a law firm if that is not the case;

(4) use actors to portray the lawyer, members of the law firm, or clients, or utilize depictions of fictionalized events or scenes, without disclosure of same;

(5) rely on techniques to obtain attention that demonstrate a clear and intentional lack of relevance to the selection of counsel, including the portrayal of lawyers exhibiting characteristics clearly unrelated to legal competence;

(6) be made to resemble legal documents; or

(7) utilize a nickname, moniker, motto or trade name that implies an ability to obtain results in a matter.

(d) An advertisement that complies with subdivision (e) of this section may contain the following:

(1) statements that are reasonably likely to create an expectation about results the lawyer can achieve;

(2) statements that compare the lawyer's services with the services of other lawyers;

(3) testimonials or endorsements of clients, where not prohibited by subdivision (c)(1) of this section, and of former clients; or

(4) statements describing or characterizing the quality of the lawyer's or law firm's services.

(e) It is permissible to provide the information set forth in subdivision (d) of this section provided:

(1) its dissemination does not violate subdivision (a) of this section;

(2) it can be factually supported by the lawyer or law firm as of the date on which the advertisement is published or disseminated; and

(3) it is accompanied by the following disclaimer: "Prior results do not guarantee a similar outcome."

(f) Every advertisement other than those appearing in a radio or television advertisement or in a directory, newspaper, magazine or other periodical (and any web sites related thereto), or made in person pursuant to section 1200.8(a)(1) of this Part, shall be labeled "Attorney Advertising" on the first page, or on the home page in the case of a web site.  If the communication is in the form of a self-mailing brochure or postcard, the words "Attorney Advertising" shall appear therein.  In the case of electronic mail, the subject line shall contain the notation "ATTORNEY ADVERTISING."

(g) A lawyer or law firm shall not utilize:

(1) a pop-up or pop-under advertisement in connection with computer-accessed communications, other than on the lawyer or law firm's own web site or other internet presence; or

(2) meta tags or other hidden computer codes that, if displayed, would violate a disciplinary rule.

(h) All advertisements shall include the name, principal law office address and telephone number of the lawyer or law firm whose services are being offered.

(i) Any words or statements required by this rule to appear in an advertisement must be clearly legible and capable of being read by the average person, if written, and intelligible if spoken aloud.

(j) A lawyer or law firm advertising any fixed fee for specified legal services shall, at the time of fee publication, have available to the public a written statement clearly describing the scope of each advertised service, which statement shall be available to the client at the time of retainer for any such service. Such legal services shall include all those services which are recognized as reasonable and necessary under local custom in the area of practice in the community where the services are performed.

(k) All advertisements shall be pre-approved by the lawyer or law firm and a copy shall be retained for a period of not less than three years following its initial dissemination. Any advertisement contained in a computer-accessed communication shall be retained for a period of not less than one year. A copy of the contents of any web site covered by this section shall be preserved upon the initial publication of the web site, any major web site redesign, or a meaningful and extensive content change, but in no event less frequently than once every 90 days.

(l) If a lawyer or law firm advertises a range of fees or an hourly rate for services, the lawyer or law firm shall not charge more than the fee advertised for such services. If a lawyer or law firm advertises a fixed fee for specified legal services, or performs services described in a fee schedule, the lawyer or law firm shall not charge more than the fixed fee for such stated legal service as set forth in the advertisement or fee schedule, unless the client agrees in writing that the services performed or to be performed were not legal services referred to or implied in the advertisement or in the fee schedule and, further, that a different fee arrangement shall apply to the transaction.

(m) Unless otherwise specified in the advertisement, if a lawyer publishes any fee information authorized under this disciplinary rule in a publication which is published more frequently than once per month, the lawyer shall be bound by any representation made therein for a period of not less than 30 days after such publication. If a lawyer publishes any fee information authorized under this rule in a publication which is published once per month or less frequently, the lawyer shall be bound by any representation made therein

until the publication of the succeeding issue. If a lawyer publishes any fee information authorized under this rule in a publication which has no fixed date for publication of a succeeding issue, the lawyer shall be bound by any representation made therein for a reasonable period of time after publication, but in no event less than 90 days.

(n) Unless otherwise specified, if a lawyer broadcasts any fee information authorized under this rule, the lawyer shall be bound by any representation made therein for a period of not less than 30 days after such broadcast.

(o) A lawyer shall not compensate or give any thing of value to representatives of the press, radio, television or other communication medium in anticipation of or in return for professional publicity in a news item.

(p) All advertisements that contain information about the fees charged by the lawyer or law firm, including those indicating that in the absence of a recovery no fee will be charged, shall comply with the provisions of Judiciary Law §488(3).

Section 1200.7 [DR 2-102] Professional notices, letterheads, and signs.

(a) A lawyer or law firm may use internet web sites, professional cards, professional announcement cards, office signs, letterheads or similar professional notices or devices, provided the same do not violate any statute or court rule, and are in accordance with section 1200.6 of this Part, including the following:

(1) A professional card of a lawyer identifying the lawyer by name and as a lawyer, and giving addresses, telephone numbers, the name of the law firm, and any information permitted under sections 1200.6(b) or 1200.10 of this Part. A professional card of a law firm may also give the names of members and associates.

(2) A professional announcement card stating new or changed associations or addresses, change of firm name, or similar matters pertaining to the professional offices of a lawyer or law firm or any nonlegal business conducted by the lawyer or law firm pursuant to section 1200.5-b of this Part. It may state biographical data, the names of members of the firm and associates and the names and dates of predecessor firms in a continuing line of succession. It may state the nature of the legal practice if permitted under section 1200.10 of this Part.

(3) A sign in or near the office and in the building directory identifying the law office and any nonlegal business conducted by the lawyer or law firm pursuant to section 1200.5-b of this Part. The sign may state the nature of the legal practice if permitted under section 1200.10 of this Part.

(4) A letterhead identifying the lawyer by name and as a lawyer, and giving addresses, telephone numbers, the name of the law firm, associates and any information permitted under sections 1200.6(b) or 1200.10 of this Part. A letterhead of a law firm may also give the names of members and associates, and names and dates relating to deceased and retired members. A lawyer or law firm may be designated "Of Counsel" on a letterhead if there is a continuing relationship with a lawyer or law firm, other than as a partner or associate. A lawyer or law firm may be designated as "General Counsel"or by similar professional reference on stationery of a client if the lawyer or the firm devotes a substantial amount of professional time in the representation of that client. The letterhead of a law firm may give the names and dates of predecessor firms in a continuing line of succession.

(b) A lawyer in private practice shall not practice under a trade name, a name that is misleading as to the identity of the lawyer or lawyers practicing under such name, or a firm name containing names other than those of one or more of the lawyers in the firm, except that the name of a professional corporation shall contain "P.C." or such symbols permitted by law, the name of a limited liability company or partnership shall contain "L.L.C., " "L.L.P." or such symbols permitted by law, and, if otherwise lawful, a firm may use as, or continue to include in its name the name or names of one or more deceased or retired members of the firm or of a predecessor firm in a continuing line of succession. Such terms as "legal clinic," "legal aid," "legal service office," "legal assistance office,"

"defender office" and the like, may be used only by qualified legal assistance organizations, except that the term "legal clinic" may be used by any lawyer or law firm provided the name of a participating lawyer or firm is incorporated therein. A lawyer or law firm may not include the name of a nonlawyer in its firm name, nor may a lawyer or law firm that has a contractual relationship with a nonlegal professional or nonlegal professional service firm pursuant to section 1200.5-c of this Part to provide legal and other professional services on a systematic and continuing basis include in its firm name the name of the nonlegal professional service firm or any individual nonlegal professional affiliated therewith. A lawyer who assumes a judicial, legislative or public executive or administrative post or office shall not permit his or her name to remain in the name of a law firm or to be used in professional notices of the firm during any significant period in which the lawyer is not actively and regularly practicing law as a member of the firm and, during such period, other members of the firm shall not use the lawyer's name in the firm name or in professional notices of the firm.

(c) A lawyer shall not hold himself or herself out as having a partnership with one or more other lawyers unless they are in fact partners.

(d) A partnership shall not be formed or continued between or among lawyers licensed in different jurisdictions unless all enumerations of the members and associates of the firm on its letterhead and in other permissible listings make clear the jurisdictional limitations on those members and associates of the firm not licensed to practice in all listed jurisdictions; however, the same firm name may be used in each jurisdiction.

(e) A lawyer or law firm may utilize a domain name for an internet web site that does not include the name of the lawyer or law firm provided:

(1) all pages of the web site clearly and conspicuously include the actual name of the lawyer or law firm;

(2) the lawyer or law firm in no way attempts to engage in the practice of law using the domain name;

(3) the domain name does not imply an ability to obtain results in a matter; and

(4) the domain name does not otherwise violate a disciplinary rule.

(f) A lawyer or law firm may utilize a telephone number which contains a domain name, nickname, moniker or motto that does not otherwise violate a disciplinary rule.

Section 1200.8 [DR 2-103] Solicitation and recommendation of professional employment.

(a) A lawyer shall not engage in solicitation:

(1) by in-person or telephone contact, or by real-time or interactive computer-accessed communication unless the recipient is a close friend, relative, former client or existing client; or

(2) by any form of communication if:

(i) the communication or contact violates sections 1200.6(a), 1200.8(g) or 1200.41-a of this Part;

(ii) the recipient has made known to the lawyer a desire not to be solicited by the lawyer;

(iii) the solicitation involves coercion, duress or harassment;

(iv) the lawyer knows or reasonably should know that the age or the physical, emotional or mental state of the recipient makes it unlikely that the recipient will be able to exercise reasonable judgment in retaining a lawyer; or

(v) the lawyer intends or expects, but does not disclose, that the legal services necessary to handle the matter competently will be performed primarily by another lawyer who is not affiliated with the soliciting lawyer as a partner, associate or of counsel.

(b) For purposes of this section "solicitation" means any advertisement initiated by or on behalf of a lawyer or law firm that is directed to, or targeted at, a specific recipient or group of recipients, or their family members or legal representatives, the primary purpose of which is the retention of the lawyer or law firm, and a significant motive for which is pecuniary gain.  It does not include a proposal or other writing prepared and delivered in response to a specific request of a prospective client.

(c) A solicitation directed to a recipient in this State, shall be subject to the following provisions:

(1) a copy of the solicitation shall at the time of its dissemination be filed with the attorney disciplinary committee of the judicial district or judicial department wherein the lawyer or law firm maintains its principal office.  Where no such office is maintained, the filing shall be made in the judicial department where the solicitation is targeted.  A filing shall consist of:

(i) a copy of the solicitation;

(ii) a transcript of the audio portion of any radio or television solicitation; and

(iii) if the solicitation is in a language other than English, an accurate English-language translation.

(2) such solicitation shall contain no reference to the fact of filing.

(3) if a solicitation is directed to a predetermined recipient, a list containing the names and addresses of all recipients shall be retained by the lawyer or law firm for a period of not less than three years following the last date of its dissemination.

(4) solicitations filed pursuant to this subdivision shall be open to public inspection.

(5) the provisions of this subdivision shall not apply to:

(i) a solicitation directed or disseminated to a close friend, relative, or former or existing client;

(ii) a web site maintained by the lawyer or law firm, unless the web site is designed for and directed to or targeted at a prospective client affected by an identifiable actual event or occurrence or by an identifiable prospective defendant; or

(iii) professional cards or other announcements the distribution of which is authorized by section 1200.7(a) of this Part.

(d) A lawyer shall not compensate or give anything of value to a person or organization to recommend or obtain employment by a client, or as a reward for having made a recommendation resulting in employment by a client, except that:

(1) a lawyer or law firm may refer clients to a nonlegal professional or nonlegal professional service firm pursuant to a contractual relationship with such nonlegal professional or nonlegal professional service firm to provide legal and other professional services on a systematic and continuing basis as permitted by section 1200.5-c of this Part, provided however that such referral shall not otherwise include any monetary or other tangible consideration or reward for such, or the sharing of legal fees; or

(2) a lawyer may pay the usual and reasonable fees or dues charged by a qualified legal assistance organization or referral fees to another lawyer as permitted by section 1200.12 of this Part.

(e) A written solicitation shall not be sent by a method that requires the recipient to travel to a location other than that at which the recipient ordinarily receives business or personal mail or that requires a signature on the part of the recipient.

(f) A lawyer or the lawyer's partner or associate or any other affiliated lawyer may be recommended, employed or paid by, or may cooperate with one of the following offices or organizations which promote the use of the lawyer's services or those of a partner or associate or any other affiliated lawyer, or request one of the following offices or

organizations to recommend or promote the use of the lawyer's services or those of the lawyer's partner or associate, or any other affiliated lawyer as a private practitioner, if there is no interference with the exercise of independent professional judgment on behalf of the client:

    (1) a legal aid office or public defender office:

    (i) operated or sponsored by a duly accredited law school;

    (ii) operated or sponsored by a bona fide, non-profit community organization;

    (iii) operated or sponsored by a governmental agency; or

    (iv) operated, sponsored, or approved by a bar association;

    (2) a military legal assistance office;

    (3) a lawyer referral service operated, sponsored or approved by a bar association or authorized by law or court rule;

    (4) any bona fide organization which recommends, furnishes or pays for legal services to its members or beneficiaries provided the following conditions are satisfied:

    (i) Neither the lawyer, nor the lawyer's partner, nor associate, nor any other affiliated lawyer nor any nonlawyer, shall have initiated or promoted such organization for the primary purpose of providing financial or other benefit to such lawyer, partner, associate or affiliated lawyer.

    (ii) Such organization is not operated for the purpose of procuring legal work or financial benefit for any lawyer as a private practitioner outside of the legal services program of the organization.

    (iii) The member or beneficiary to whom the legal services are furnished, and not such organization, is recognized as the client of the lawyer in the matter.

    (iv) The legal service plan of such organization provides appropriate relief for any member or beneficiary who asserts a claim that representation by counsel furnished, selected or approved by the organization for the particular matter involved would be unethical, improper or inadequate under the circumstances of the matter involved; and the plan provides an appropriate procedure for seeking such relief.

    (v) The lawyer does not know or have cause to know that such organization is in violation of applicable laws, rules of court or other legal requirements that govern its legal service operations.

    (vi) Such organization has filed with the appropriate disciplinary authority, to the

extent required by such authority, at least annually a report with respect to its legal service plan, if any, showing its terms, its schedule of benefits, its subscription charges, agreements with counsel and financial results of its legal service activities or, if it has failed to do so, the lawyer does not know or have cause to know of such failure.

(g) No solicitation relating to a specific incident involving potential claims for personal injury or wrongful death shall be disseminated before the 30th day after the date of the incident, unless a filing must be made within 30 days of the incident as a legal prerequisite to the particular claim, in which case no unsolicited communication shall be made before the 15th day after the date of the incident.

(h) Any solicitation made in writing or by computer-accessed communication and directed to a pre-determined recipient, if prompted by a specific occurrence involving or affecting a recipient, shall disclose how the lawyer obtained the identity of the recipient and learned of the recipient's potential legal need.

(i) If a retainer agreement is provided with any solicitation, the top of each page shall be marked "SAMPLE" in red ink in a type size equal to the largest type size used in the agreement and the words "DO NOT SIGN" shall appear on the client signature line.

(j) Any solicitation covered by this section shall include the name, principal law office address and telephone number of the lawyer or law firm whose services are being offered.

(k) The provisions of this section shall apply to a lawyer or members of a law firm not admitted to practice in this State who solicit retention by residents of this State.

Section 1200.22 [DR 5-103] Avoiding acquisition of interest in litigation.

(a)  A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation he or she is conducting for a client, except that the lawyer may:

(1) Acquire a lien granted by law to secure the lawyer's fee or expenses.

(2) Except as provided in section 1200.11(c)(2) or (3) of this Part, contract with a client for a reasonable contingent fee in a civil case.

(b)  While representing a client in connection with contemplated or pending litigation, a lawyer shall not advance or guarantee financial assistance to the client, except that:

(1) A lawyer representing an indigent or pro bono client may pay court costs and expenses of litigation on behalf of the client;

(2) A lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and

(3) A lawyer, in an action in which an attorney's fee is payable in whole or in part as a percentage of the recovery in the action, may pay on the lawyer's own account court costs and expenses of litigation.  In such case, the fee paid to the attorney from the proceeds of the action may include an amount equal to such costs and expenses incurred.

Section 1200.41-a [DR 7-111] Communication After Incidents Involving Personal Injury or Wrongful Death

(a) In the event of an incident involving potential claims for personal injury or wrongful death, no unsolicited communication shall be made to an individual injured in the incident or to a family member or legal representative of such an individual, by a lawyer or law firm, or by any associate, agent, employee or other representative of a lawyer or law firm, seeking to represent the injured individual or legal representative thereof in potential litigation or in a proceeding arising out of the incident before the 30th day after the date of the incident, unless a filing must be made within 30 days of the incident as a legal prerequisite to the particular claim, in which case no unsolicited communication shall be made before the 15th day after the date of the incident.

(b) This provision limiting contact with an injured individual or the legal representative theoreof applies as well to lawyers or law firms or any associate, agent, employee or other representative of a lawyer or law firm who represent actual or potential defendants or entities that may defend and/or indemnify said defendants.

Section 130-1.1a Signing of papers.

(a) Signature. Every pleading, written motion, and other paper, served on another party or filed or submitted to the court shall be signed by an attorney, or by a party if the party is not represented by an attorney, with the name of the attorney or party clearly printed or typed directly below the signature. Absent good cause shown, the court shall strike any unsigned paper if the omission of the signature is not corrected promptly after being called to the attention of the attorney or party.

(b) Certification. By signing a paper, an attorney or party certifies that, to the best of that person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances, (1) the presentation of the paper or the contentions therein are not frivolous as defined in section 130-1.1(c) of this Subpart, and (2) where the paper is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom, and (ii) the matter was not obtained in violation of 22 NYCRR 1200.41-a [DR 7-111].