

Not Reported in F.Supp.  Page 1
Not Reported in F.Supp., 1990 WL 211189 (N.D.N.Y.), 59 USLW 2445
**(Cite as: Not Reported in F.Supp.)**

Capoccia v. Committee on Professional Standards, Third Judicial Dept., State of N.Y.N.D.N.Y.,1990.
United States District Court, N.D. New York.
Andrew F. CAPOCCIA, Plaintiff,
v.
The COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, STATE OF NEW YORK; and John C. Barney, Chairman of the Committee on Professional Standards, Third Judicial Department, George B. Burke, Chief Attorney, and Mark S. Ochs, Staff Attorney for the Committee on Professional Standards, Third Judicial Department, in their official and individual capacities, Defendants.
**No. 89-CV-866.**

Dec. 20, 1990.

Rabinowitz, Boudin, Standard, Krinsky & Lieberman, New York City, for plaintiff; Eric M. Lieberman and David B. Goldstein, New York City, of counsel.
Robert Abrams, Attorney General, State of New York, Albany, N.Y., for defendants; Terrence X. Tracy and Robert A. Siegfried, Albany, N.Y., of counsel.

*Memorandum-Decision and Order*
McAVOY, District Judge.
**\*1** Seeking declaratory and injunctive relief, plaintiff has commenced the present civil rights action challenging a "Letter of Caution" issued by defendants as a result of certain advertising by plaintiff, various Disciplinary Rules and Rules of the Appellate Division, Third Department, and a pending Chief Attorney inquiry as violative of rights secured to him by the federal and New York State Constitutions. Before the court are cross motions for summary judgment. Oral argument was had and the additional briefing requested by the court has been received. For the reasons that follow, the court grants judgment in plaintiff's favor to a limited extent on his first cause of action presenting an as-applied challenge to Disciplinary Rules 2-101(A) and (B), abstains from adjudicating plaintiff's sixth cause of action under the authority of *Mason v. Departmental Disciplinary Committee, Appellate Division of the Supreme Court of the State of New York, First Judicial Department, 894 F.2d 512 (2d Cir.)*, *cert.*

*denied,* 110 S.Ct. 3274 (1990), and, plaintiff having withdrawn the third cause of action and a portion of the fourth, grants defendants' motion dismissing the second, the remaining part of the fourth and the fifth causes of action without prejudice to plaintiff pursuing these causes of action in State court to the extent that he seeks relief under the New York State Constitution.

*Background*

Plaintiff Andrew F. Capoccia is an attorney licensed to practice law in New York and is subject to the authority of the Appellate Division, Third Department with respect to matters pertaining to the practice of law. The Committee on Professional Standards of the Third Judicial Department (Committee) is the official body authorized under rules of the Appellate Division, Third Department to investigate allegations of attorney misconduct, to bring charges and to prosecute attorneys when charges are brought. John C. Barney is the Chairman of the Committee; George B. Burke is the Chief Attorney of the Committee; Mark S. Ochs is a Committee staff attorney.

On October 17, 1988, prompted by a letter dated August 10, 1988, *see* Defendants' Notice of Motion, Exhibit A, from Romolo Verasci, an Albany-area attorney, complaining about certain television advertising by Mr. Capoccia viewed by Mr. Verasci on August 7, 1988 during the broadcast of a professional football game, the Committee commenced an inquiry regarding the propriety of that advertising. Specifically, the Committee issued a letter to Mr. Capoccia stating, in part,

Please submit a written statement of your position in general and respond in particular to each of Mr. Verasci's allegation.

1. You ran a commercial on ESPN wherein you are referred to as a "smart, tough lawyer". Mr. Verasci believes this statement constitutes self-laudation.

2. The ad in question also reported that Mr. Capoccia "will get you a quick, fair settlement". Mr. Verasci believes this statement constitutes misrepresentation.

3. He notes your advertisement did not contain an

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Exhibit 1

dockets.Justia.com

Not Reported in F.Supp.  Page 2
Not Reported in F.Supp., 1990 WL 211189 (N.D.N.Y.), 59 USLW 2445
**(Cite as: Not Reported in F.Supp.)**

address but merely your name and telephone number.

**\*2** Letter of October 17, 1988, Plaintiff's Notice of Motion, Exhibit 1. Pursuant to this letter, plaintiff submitted a response to Mr. Verasci's allegations on November 4, 1988. Apparently, prompted by the Committee's inquiry, plaintiff stopped all advertising on radio and television; that advertising began again in January 1989.

Thereafter, on June 9, 1989, the Committee issued a "Letter of Caution," marked "Confidential," to plaintiff regarding plaintiff's television advertising. The "Letter of Caution," a measure of attorney discipline formally codified in May 1989 in section 806.4(c)(1)(iii) of the Rules of the Appellate Division, Third Department, although used with the authority of the Appellate Division prior thereto, states as follows:

The Committee on Professional Standards has completed its investigation arising out of the inquiry of Romolo Verasci, Esq. and has determined:

You ran a television advertisement which failed to include a law office address.

Additionally, the ad placed by you stated "If you've been injured you deserve a fast fair cash compensation ... Andrew Capoccia understands, he's a smart tough lawyer who's on your side ... Andrew Capoccia, he's in your corner."

The Committee sends this formal letter of caution to advise you it has determined your conduct violates Disciplinary Rule 2-101(A)(B) of the Code of Professional Responsibility and Section 806.15(k) of the Rules of the Appellate Division, Third Department, copies of which are enclosed.

This letter constitutes an official finding of professional misconduct, will be maintained in the records of the Appellate Division, Third Department and this Committee and may be considered in the event of any subsequent misconduct.

A copy of the letter sent to Attorney Verasci is enclosed for your information.

Defendants' Local Rule 10(j) Statement, Exhibit G. No administrative administrative recourse was pursued by plaintiff although section 806.4(c)(3) expressly provides for "reconsideration of the committee's action in issuing a letter of caution."

Thereafter, on June 14, 1989, pursuant to authority granted by the Committee on May 26, 1989, a Chief Attorney's inquiry was commenced regarding two radio advertisements aired on April 24 and May 19, 1989, respectively. *See* Exhibit J of Defendants' Local Rule 10(j) Statement. Thereupon, plaintiff withdrew all of his radio advertising for a two-week period. This Chief Attorney's Inquiry is pending.

On July 13, 1989, plaintiff commenced the present action. Six causes of action are alleged. The first asserts that the "application of DR 2-101(A), (B) to the [television] advertisement, which is not false, deceptive, or misleading violates the free speech clause of the First and Fourteenth Amendments to the Constitution" and that the "blanket prohibitions contained in DR 2-101(B) and the ban on commercial speech in DR 2-101(A) that 'cast [s] reflection on the legal profession as a whole,' fails to directly further any substantial government interests, in violation of the free speech clause of the First and Fourteenth Amendments". The second challenges "DR 2-101(B) and the phrase 'cast reflection on the legal profession as a whole' in the context of DR 2-101(A)" as impermissibly vague under the First and Fourteenth Amendments. The third cause of action asserts that "DR 2-101(B) and the phrase 'cast reflection on the legal profession as a whole' in the context of DR 2-101(A) are substantially overbroad in violation of the First and Fourteenth Amendments to the Constitution". The fourth cause of action alleges that the Committee's failure to provide plaintiff with notice of the charges for which he was ultimately disciplined and to follow its own procedures violated plaintiff's right to due process under the Fourteenth Amendment, as did the "retroactive application of new disciplinary rules [providing for] a Letter of Caution". The fifth cause of action charges the defendants with having engaged in a course of conduct "constitut[ing] discriminatory and unequal treatment, and selective enforcement of the disciplinary rules in violation of the due process and equal protection clauses of the ... Fourteenth Amendment[ ] to the Constitution". Lastly, the sixth cause of action alleges that the Chief Attorney's Inquiry is part of the same course of conduct "constitut[ing] discriminatory and unequal treatment and selective enforcement of the disciplinary rules in violation of the due process and equal protection clauses of the ... Fourteenth Amendment[ ] to the Constitution".

**\*3** Plaintiff seeks detailed declaratory relief and an injunction ordering defendants to dismiss the inquiry into plaintiff's advertisement, to revoke the June 9

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 5:07-cv-00117-FJS-GHL	Document 33-5	Filed 05/11/2007	Page 3 of 9

Not Reported in F.Supp.	Page 3
Not Reported in F.Supp., 1990 WL 211189 (N.D.N.Y.), 59 USLW 2445
**(Cite as: Not Reported in F.Supp.)**

Letter of Caution, to expunge it from the Committee's files and not to use it in any way and not to proceed with any inquiry or investigation regarding the April 24 and May 19 radio advertisements. The court notes, however, that plaintiff has sought no relief for that part of his first cause of action purporting to present a facial attack on DR 2-101(A) and (B).

Discovery is apparently complete. Before the court are cross motions for summary judgment. Mindful that summary judgment is only appropriate where there are no genuinely disputed issues of material fact, materiality determined by reference to the pertinent substantive law and the existence of a genuine dispute determined, as a general matter, by reference to the parties' evidentiary submissions, the court rules as follows. First, notwithstanding the parties' somewhat bewildering arguments, the court determines that it does have subject matter jurisdiction over plaintiff's first cause of action presenting an as-applied challenge to the disciplinary rules, and the court grants judgment in plaintiff's favor to a limited extent on that challenge. Second, the court will abstain from adjudicating the sixth cause of action pending completion of the Chief Attorney's inquiry. Third, the Eleventh Amendment, applicable to the present case given plaintiff's concession that the defendants are state officials, *see* Plaintiff's Supplementary Memorandum of Law at 6 n. 3, bars certain of the declaratory and injunctive relief sought. Fourth, taking into account plaintiff's withdrawal of his third cause of action and part of his fourth cause of action, the court grants defendants' motion seeking dismissal of the second cause of action, the remaining part of the fourth cause of action and the fifth cause of action without prejudice to plaintiff pursuing these claims in State court to the extent that he seeks relief under the State Constitution.

*Discussion*

A. Abstention and the sixth cause of action

By his sixth cause of action, plaintiff seeks to enjoin the pending Chief Attorney's inquiry concerning plaintiff's April and May radio advertisements. In plaintiff's view, the inquiry is part and parcel of a pattern of discrimination which is being carried out because of defendants' bias and prejudice against plaintiff with intent to harass him and without reasonable expectation of ultimate success. Relying primarily on *Mason v. Departmental Discipline Committee,* defendants' seek to have the court abstain from adjudicating issues attending the Chief Attorney's inquiry pointing out that there is no evidence to support any of plaintiff's allegations, nor is there even an allegation that plaintiff will be prevented from raising any and all defenses he may wish to assert on his behalf in a proceeding in the appropriate State forum.

*Mason* controls. And, as in *Mason,* plaintiff here has utterly failed to allege or to substantiate any allegations of bias, bad faith, harassment or any other extraordinary circumstance sufficient to warrant federal court intrusion into pending State proceedings concerning matters that are traditionally left to the states to control. *See Mason,* 894 F.2d at 514-515. Moreover, there is nothing in the Rules of the Appellate Division, Third Department, particularly part 806 pertaining to the conduct of attorneys, that in any way purports to prevent recourse to State courts, either by way of an action or a proceeding pursuant to article 78 of the CPLR; nor is there anything in the CPLR (including article 78) that expressly prevents plaintiff from commencing a proceeding to review the issuance of a Letter of Caution, as would seem to be borne out by *Matter of Anonymous v. Grievance Committee for Second and Eleventh Judicial Districts of State of New York,* 136 A.D.2d 344, 527 N.Y.S.2d 248 (2d Dep't 1988) (attorney brought suit, following receipt of letter of caution, seeking a declaration that a rule promulgated by the Second Department pertaining to attorney advertising was an unconstitutional restriction on free speech), *appeal dismissed,* 74 N.Y.2d 889, 547 N.Y.S.2d 844 (1989). Given that the letter of caution issued to plaintiff is explicitly stated to be "an official finding of professional misconduct" which will be maintained in official records, and is conceded by defendants to be discipline, *see* Defendants' Supplemental Memorandum of Law at 5, it would seem that *Mason* (and the doctrine of abstention, underlain as that doctrine is by the principles of comity and federalism) applies even more forcefully. *See id.* at 515-516. Accordingly, the court will abstain from adjudicating the issues raised in the sixth cause of action pending completion of the Chief Attorney's inquiry.

**\*4** B. Issues pertaining to the remaining causes of action

1. Infringement of free speech

By his first cause of action, plaintiff complains that the Committee on Professional Standards has

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 5:07-cv-00117-FJS-GHL    Document 33-5    Filed 05/11/2007    Page 4 of 9

Not Reported in F.Supp.
Not Reported in F.Supp., 1990 WL 211189 (N.D.N.Y.), 59 USLW 2445
**(Cite as: Not Reported in F.Supp.)**

Page 4

misapplied DR 2-101(A) and (B) to his television advertising in derogation of his rights under the free speech clause of the First Amendment because his advertisement is not false, deceptive or misleading; he has also launched what appears to be a facial attack on these disciplinary rules but has, somewhat curiously, not sought any relief in connection therewith.

As a threshold matter, defendants challenge the court's subject matter jurisdiction over the first cause of action. In the court's view, that challenge is without merit. Most assuredly, the Supreme Court's opinion in District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303 (1983), the scope and import of which defendants have failed to grasp, has no application either to a facial attack on the disciplinary rules, see id. at 485-487, 103 S.Ct. at 1316-1317, or to an as-applied challenge to a determination by a State administrative body that plaintiff's advertising violates the disciplinary rules. With regard to the latter, it bears stressing that plaintiff is not seeking review of a final State court decision arising out of judicial proceedings which, as the Court instructs in *Feldman,* is only reviewable by the Supreme Court pursuant to 28 U.S.C. § 1257. *Id.; see also* Zimmerman v. Grievance Committee of Fifth Judicial District of State of New York, 726 F.2d 85, 86-87 (2d Cir.) (pointing out that *Feldman* is applicable to federal district court challenges to attorney disciplinary orders rendered by state courts in judicial proceedings), *cert. denied,* 467 U.S. 1227 (1984). It should be noted that plaintiff was issued a letter of caution because, after investigation, "the acts of misconduct ... so established ... [were] determine[d] [by the committee] in its discretion in light of all the circumstances ... not serious enough to warrant either prosecution of a disciplinary proceeding or imposition of an admonition." Rules of the Appellate Division, Third Department § 806.4(c)(1)(iii) (McKinney's New York Rules of Court 1990); *see also id.* § 806.5 (governing the institution of a disciplinary proceeding by the committee by filing a petition with the Appellate Division, Third Department). No disciplinary proceeding has been commenced in the Appellate Division; plaintiff, in the court's view, is simply seeking a declaratory judgment that, contrary to the determination by the Grievance Committee, his advertising was not false, deceptive or misleading and that, therefore, he was not constitutionally subject to punishment of any sort absent a substantial governmental interest and through a means directly advancing that interest, *see* Zauderer v. Office of Disciplinary Counsel, 471 U.S. 626, 638, 105 S.Ct. 2265, 2275 (1985), which, in his view, defendants have failed to demonstrate. That the Greivance Committee is made up of members appointed by the Appellate Division (as opposed to the State Court of Appeals as the highest court of the state) and has been delegated much of the authority of the Appellate Division is immaterial to the issue of this court's subject matter jurisdiction over the federal question presented by the first cause of action. Also immaterial to the question of subject matter jurisdiction is the presence or absence of State judicial remedies. That a State judicial remedy exists is made apparent by *Matter of Anonymous, supra,* and plaintiff's failure to recognize this case is distressing; however, defendants' contention that the availability of State judicial relief divests this court of subject matter jurisdiction is erroneous. In view of the foregoing comments, the parties' respective reliance on Thomas v. Kadish, 748 F.2d 276 (5th Cir.1984) (federal district court lacked subject matter jurisdiction over suit by applicant denied admission to Texas Bar by Texas state Board of Law Examiners, which was deemed by the 5th Circuit to be an extension of the Texas State Supreme Court making *Feldman* applicable), *cert. denied,* 473 U.S. 907 (1985) and Miller v. Washington State Bar Association, 679 F.2d 1313 (9th Cir.1982) (subject matter jurisdiction exists over civil rights suit alleging that a letter of admonition received from the Disciplinary Board of the Washington State Bar interfered with the exercise of First Amendment rights since plaintiff asserted a challenge to disciplinary sanctions imposed in state administrative proceedings from which the plaintiff attorney had no recourse as of right to a state court) requires no comment. Believing that relief can be issued consistent with the Eleventh Amendment, the court turns its attention to a discussion of the merits of plaintiff's first cause of action as presented by his motion for judgment.

**\*5** There is no doubt that plaintiff's advertising is entitled, as "commercial speech," to the protection of the First Amendment, albeit to protection somewhat less extensive than that afforded "noncommercial speech." Zauderer, 471 U.S. at 637, 105 S.Ct. at 2274. Stated somewhat differently, government is free to prevent the dissemination of commercial speech that is false, deceptive, or misleading or that proposes an illegal transaction. Id. at 638, 105 S.Ct. at 2275; *see also* Peel v. Attorney Registration and Disciplinary Commission of Illinois, 110 S.Ct. 2281, 2287 (plurality opinion); id. at 2298 (O'Connor, J., dissenting). Commercial speech that is not false, deceptive or actually or inherently misleading and

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp. Page 5
Not Reported in F.Supp., 1990 WL 211189 (N.D.N.Y.), 59 USLW 2445
**(Cite as: Not Reported in F.Supp.)**

does not concern unlawful activities, however, may be restricted only in the service of a substantial governmental interest, and only through means that directly advance that interest. *Peel,* 110 S.Ct. at 2287, 2290-2293 (plurality opinion); *id.* at 2293 (Marshall, J., concurring in the judgment); *Zauderer,* 471 U.S. at 638, 105 S.Ct. at 2275.

The State has sought to regulate attorney advertising, the form of commercial speech involved here, in part through codification of two disciplinary rules providing as follows:

A lawyer on behalf of himself or herself or partners or associates shall not use or disseminate or participate in the preparation or dissemination of any public communication containing statements or claims that are false, deceptive, misleading or cast reflection on the legal profession as a whole.

Advertising or other publicity by lawyers, including participation in public functions, shall not contain puffery, self-laudation, claims regarding the quality of the lawyers' legal services, or claims that cannot be measured or verified.

N.Y.Jud.L. DR 2-101(A) and (B) (McKinney Supp.1990).

Succinctly stated, plaintiff's as-applied challenge requires this court, as a threshold matter, to determine whether plaintiff's August 7, 1988 television advertisement was false, deceptive or actually or inherently misleading. That 30-second advertisement depicts an automobile accident, accompanied by the sound of a car crash and a siren. Throughout the entire length of the ad, a title stating "ANDREW CAPOCCIA, Attorney at Law, 434-9881" is superimposed. An offscreen male narrator states as follows:

It's late ... the traffic's light ... the road's clear ... you're almost home. It only takes a moment for an accident to occur. It may take years to recover. If you've been injured you deserve a fast fair cash compensation to help put the pieces back together. Andrew Capoccia understands ... he's a smart, tough lawyer who's on your side. Call 434-9881. He'll talk to you for free. Andrew Capoccia, he's in your corner.

Plaintiff's Local Rule 10(j) Statement at 2 and Exhibit 15 (a video cassette) thereto. Defendants contend that the statement "If you've been injured you deserve a fast fair cash compensation" is false, deceptive or misleading reasoning as follows: "Merely because a party has suffered some injury, that should not be construed or represented to mean that the injured party deserves a fast fair cash compensation." Defendants' Answers to Plaintiff's First Set of Interrogatories at 3.

**\*6** In the context in which the statement occurred, given that New York has a "no-fault" automobile insurance system under which compensation is to be paid promptly and without regard to the fault of the driver, *see Palmer v. Allstate Insurance Co.,* 101 A.D.2d 127, 475 N.Y.S.2d 436, 441 (2d Dep't 1984); *see also Matter of Granger v. Urda,* 44 N.Y.2d 91, 98, 404 N.Y.S.2d 319, 322 (1978); N.Y.Ins.L. § § 5101 *et seq.,* defendants' contention must be categorically rejected. The statement is simply not false, deceptive or actually or inherently misleading. The content of the advertisement is not factually incorrect and it neither unduly emphasizes trivial or unimportant facts nor offers overblown assurances of client satisfaction. *See Shapero v. Kentucky Bar Association,* 108 S.Ct. 1916, 1925 (1988) (plurality opinion). The same can be said about the other phrases singled out by defendants: neither "Andrew Capoccia understands, he's a smart tough lawyer who's on your side" nor "Andrew Capoccia, he's in your corner" are false, deceptive or actually or inherently misleading. Interestingly, defendants have not explained why either of the foregoing statements is false or deceptive, and defendants' assertion that the former statement is misleading because it "implies that Mr. Capoccia possesses a quality not found in other attorneys or that the representation he provides is somewhat better than what is provided by other attorneys," Defendants' Answers to Plaintiff's First Set of Interrogatories at 3, is, to be kind, without force.

Because the statements singled out by defendants are not, in the court's view, false, deceptive or actually or inherently misleading (nor do the statements in question, though defendants would have it otherwise, cast reflection on the legal profession as a whole or constitute puffery or claims that cannot be measured or verified), these statements and plaintiff's use of them may only be restricted in the service of a substantial governmental interest. Defendants, however, have failed to sustain their burden of demonstrating such an interest, *see Board of Trustees of State University of New York v. Fox,* 109 S.Ct. 3028, 3035 (1989); *National Advertising Company v. Town of Babylon,* 900 F.2d 551, 555-556 (2d Cir.), *cert. denied,* 111 S.Ct. 146 (1990), choosing instead to maintain, in conclusory manner, that the

Not Reported in F.Supp.    Page 6
Not Reported in F.Supp., 1990 WL 211189 (N.D.N.Y.), 59 USLW 2445
**(Cite as: Not Reported in F.Supp.)**

statements in question are, indeed, false, deceptive and misleading and that a substantial governmental interest exists in prohibiting such advertising. Specifically, defendants note that,

[i]n this case, the plaintiff was disciplined in part for holding himself out on the television as a smart tough lawyer and stating in essence that the simple fact a person has been injured automatically warrants fast fair cash compensation. Given the content of the advertisement and the medium of communication employed, it is not difficult to understand the state's substantial interest in restricting this precise language.

**\*7** Defendants' Memorandum of Law at 18. In response to one of plaintiff's interrogatories, asking defendants to identify each substantial interest served by prohibiting the advertising at issue here, defendants answered as follows:

A substantial governmental interest exists in prohibiting attorney advertising which is potentially or demonstrably misleading, overbearing or not susceptible to measurement or verification. False, misleading and deceptive advertising may be restricted or restrained to avoid harm to the general public. Television and radio advertising tolerate much less deliberation by those at whom it is aimed when contrasted with printed advertising. The listener of a radio or viewer of a television advertisement is not afforded the same opportunity to pause, restudy and thoughtfully consider the advertisement as is experienced when the ad is in print form.

Defendants' Notice of Motion, Exhibit H at 7. The foregoing simply does not suffice as an articulation of a substantial governmental interest warranting the prohibition of and the imposition of some form of discipline for the advertising engaged in by plaintiff on August 7, 1988. Moreover, the court seriously doubts the impact of this particular advertisement attributed to it solely by virtue of the medium employed. Defendants' assertions are entirely speculative. Viewers are just as likely to ignore it, advert their eyes and pay it little mind, as they are to sit there and attempt unsuccessfully to come to terms with the advertisement and make a reasoned decision regarding resort to legal process. The court simply cannot see the risk of overreaching or undue influence that defendants seek to attribute to plaintiff and to his advertisement as a result of his resort to the medium of television. *See Shapero v. Kentucky Bar Association,* 108 S.Ct. at 1922-1924 (plurality opinion). (The court hastens to add that this case does not present a challenge to a State rule prohibiting television advertising and, to a great extent therefore, defendants' reliance on *Shapero* is beside the point.)

Defendants' failure to articulate any such governmental interest to support the prohibition of the advertisement in question and the issuance of the Letter of Caution warrants the issuance, consistent with the strictures of Eleventh Amendment jurisprudence, *see Green v. Mansour,* 474 U.S. 64, 67-68, 72-74, 106 S.Ct. 423, 425, 428-429 (1985); *see also Papasan v. Allain,* 478 U.S. 265, 278-282, 106 S.Ct. 2932, 2940-2943 (1986), of a declaration that plaintiff's advertisment was not false, deceptive or actually or inherently misleading, that defendants have failed to articulate a substantial governmental interest to support the action taken by them, and that plaintiff's First Amendment rights have therefore been violated in this limited regard and of an injunction enjoining the future use of the Letter of Caution against plaintiff in any manner to the extent that it was based on the Committee's belief that the advertisement in question was false, deceptive, actually or inherently misleading, cast reflection on the legal profession as a whole or contained puffery or claims that could not be measured or verified.

**\*8** The court's decision, however, should not be read as questioning the validity of the Letter of Caution to the extent that its issuance could have been predicated solely on plaintiff's failure to include his address in the advertisement as required by section 806.15(k) of the Rules of the Appellate Division, Third Department. That issue is not actually before the court. In response, however, to plaintiff's challenge to the validity of the issuance of the Letter of Caution to the extent that it was based on plaintiff's failure to include his address, *see* Plaintiff's Memorandum of Law at 31 n. 15, the court simply notes that it agrees with the Second Department in *Anonymous v. Grievance Committee* for the reasons stated therein that the requirement that lawyer advertising include the attorney's address is not a restriction on the content of that advertising but is a reasonable method of accomplishing more complete disclosure so that prospective clients do not engage the services of an attorney further removed from their place of residence than they might have intended. 527 N.Y.S.2d at 251. That the Committee has never issued a Letter of Caution solely because of the omission of an address is immaterial; it would appear that it has the authority to do so. *See* Rules of the Appellate Division, Third Department §

806.4(c)(1)(iii). However, the court notes that plaintiff conceded this omission, explained that it was the result of an oversight, and has made sure that all his future advertising did and will contain his address. *See* Letter of November 4, 1988 to Committee, Notice of Motion, Exhibit 2. The continued need for the Letter of Caution is, therefore, questionable.

Lastly, the court adds that, because, in its view, the advertisement does not cast reflection on the legal profession as a whole or contain puffery or unverifiable claims, and especially because plaintiff himself does not contend otherwise, the court declines the invitation, implicit in plaintiff's papers, to rule on the facial validity of the disciplinary rules implicated here. In the court's view, that issue is not squarely presented by the facts and circumstances of this case.

The court now turns its attention to the remainder of plaintiff's claims.

2. Vagueness

Plaintiff contends that Disciplinary Rule 2-101(A) to the extent that it bans "any public communications" that "cast reflection on the legal profession as a whole" and Disciplinary Rule 2-101(B) to the extent that it bans "advertising" or "publicity" by lawyers that contains "puffery" or "self-adulation" are unconstitutionally vague. Although defendants have not responded to plaintiff's second cause of action, plaintiff is not, contrary to his assertions otherwise, thereby entitled to summary judgment in his favor given that he has not demonstrated his entitlement to judgment as a matter of law and the law reveals that defendants are indeed entitled to judgment dismissing this claim. (The court adds that no challenge has been made, nor could one be made successfully, to the court's subject matter jurisdiction over this vagueness challenge to the disciplinary rules. *See District of Columbia Court of Appeals v. Feldman,* 460 U.S. at 485-486, 103 S.Ct. at 1316-1317; *Zimmerman,* 726 F.2d at 86. The court also notes that the Eleventh Amendment does not bar the issuance of a declaration regarding whether the disciplinary rules challenged are unconstitutionally vague.)

**\*9** In the court's view, the terms singled out by plaintiff do not fail to give a person of ordinary intelligence fair notice of what is required and forbidden. *See Papachristou v. City of Jacksonville,* 405 U.S. 156, 162, 92 S.Ct. 839, 843 (1972); *see also United States v. McElroy,* 910 F.2d 1016, 1021 (2d Cir.1990) (observing that a penal statute is not unconstitutionally vague if it "define[s] the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement."). Moreover, it has been observed that "[t]he degree of vagueness that the Constitution tolerates ... depend[s] in part on the nature of the enactment[,]" *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.,* 455 U.S. 489, 498, 102 S.Ct. 1186, 1193 (1982), and that with respect to "regulatory statutes governing business activities, greater leeway is allowed." *Papachristou,* 405 U.S. at 165, 92 S.Ct. at 845. It is sufficient if the meaning of the statutory or regulatory language is discoverable from its context. *See West Virginia Manufacturers Ass'n v. State of West Virginia,* 714 F.2d 308, 314 (4th Cir.1983).

The court does not read plaintiff's submissions as disagreeing with the foregoing statements of law. And, although the court is mindful that rules regulating speech, implicating First Amendment concerns, are generally deserving of greater judicial scrutiny, *see Village of Hoffman Estates,* 455 U.S. at 499, 102 S.Ct. at 1193-1194, the court notes that attorney advertising as a form of commercial speech is subject to greater regulation than would be tolerated for, say, political speech, *see Peel,* 110 S.Ct. at 2287 (plurality opinion); *Bates,* 433 U.S. 350, 363-365, 379-384, 97 S.Ct. 2691, 2698-2699, 2707-2709, thereby lessening the degree of scrutiny required.

In the court's view, the legal principles set forth above, generally applicable to vagueness challenges, are equally applicable here where there is presented a challenge to the clarity and specificity of rules governing a form of commercial speech; all the more is this so, given that the Supreme Court has held that the overbreadth doctrine (related to the doctrine of vagueness in that both overbroad and vague statutes may serve to chill protected speech, *see Kolender v. Lawson,* 461 U.S. 352, 358 n. 8, 103 S.Ct. 1855, 1859 n. 8 (1983)) has no pertinence in the commercial speech context, *see Village of Hoffman Estates,* 455 U.S. at 496-497, 102 S.Ct. at 1192, and no criminal penalty is involved, *see Kolender,* 461 U.S. at 358 n. 8, 103 S.Ct. at 1859 n. 8; *Village of Hoffman Estates,* 455 U.S. at 498-499, 102 S.Ct. at 1193.

Judged by the foregoing standards and principles of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 5:07-cv-00117-FJS-GHL   Document 33-5   Filed 05/11/2007   Page 8 of 9

Not Reported in F.Supp.                                                                                                                Page 8
Not Reported in F.Supp., 1990 WL 211189 (N.D.N.Y.), 59 USLW 2445
**(Cite as: Not Reported in F.Supp.)**

law, the portions of DR 2-101 singled out by plaintiff (which did not necessarily form the basis for the issuance of the Letter of Caution) pass constitutional muster. Greater specificity, in any event, is probably not achievable or desirable. Moreover, DR 2-101(C) expressly states what sort of information is clearly permissible and DR 2-101(D), as well as Ethical Considerations 2-9 through 2-13, gives further guidance regarding the content and manner of advertising. That compliance with the disciplinary rules may be challenging, which appears to be the case here, does not render those provisions unconstitutionally vague. See *West Virginia Manufacturers Ass'n,* 714 F.2d at 314.

**\*10** In sum, although plaintiff may very well have established that the disciplinary rules challenged require an attorney "to conform his conduct to an imprecise but comprehensive normative standard," *Village of Hoffman Estates,* 455 U.S. at 495 n. 7, 102 S.Ct. at 1191 n. 7, he has failed to establish that "no standard of conduct is specified at all," *id.* Plaintiff's vagueness challenge, therefore, must be rejected, putting aside, of course, the question whether the use of advertising containing puffery, self-laudation, or matter that casts reflection on the legal profession as a whole may constitutionally serve as the basis for discipline, an issue not directly presented by this case.

### 3. Overbreadth

Wisely, plaintiff does not press his third cause of action challenging the disciplinary rules as unconstitutionally overbroad. See *Shapero v. Kentuck Bar Ass'n,* 108 S.Ct. at 1924 (plurality opinion); *Bates v. State Bar of Arizona,* 433 U.S. at 379-381, 97 S.Ct. at 2706-2707.

### 4. Due Process and Notice

Because of information revealed during the course of discovery, plaintiff has also wisely decided not to press his claim that the issuance of a Letter of Caution entailed impermissible retroactive application of a new disciplinary rule in derogation of due process rights. Therefore, that portion of plaintiff's fourth cause of action is no longer presented for the court's consideration. However, that portion of the fourth cause of action alleging inadequate notice of the charges lodged against plaintiff is being pursued. Nevertheless, the Eleventh Amendment bars the issuance of a declaration that defendants violated plaintiff's due process rights in the past particularly given that there are no allegations regarding a present and continuing violation of federal law for which prospective injunctive relief would be appropriate and to which the declaration would be ancillary. See *Green v. Mansour,* 474 U.S. at 67-68, 72-74, 106 S.Ct. at 425, 428-429; *see also Papasan v. Allain,* 478 U.S. at 278-282, 106 S.Ct. at 2940-2943. Even if that were not the case, however, for the reasons that follow, the remaining claim is without merit.

Plaintiff argues that "[t]he facts are undisputed that the Committee imposed discipline for numerous statements for which Mr. Capoccia received no notice and he was found to have violated disciplinary rules that he was never informed he may have violated" and asserts that "[d]efendants disingenuously seek to downplay the inadequacy of the notice to Mr. Capoccia." Given the correspondence between plaintiff and defendants pertaining to the inquiry into the propriety of plaintiff's television advertising, attached as exhibits to defendants' Local Rule 10(j) Statement, it is simply astonishing that plaintiff can make such arguments in good faith. That plaintiff was aware of the Committee's concerns and that such concerns implicated DR 2-101 and section 806.15 of the Rules of the Appellate Division, Third Department is evidenced by plaintiff's November 4, 1988 response to the Committee. *See* Defendants' Local Rule 10(j) Statement, Exhibit C. It is beyond peradventure that plaintiff was afforded such notice of the charges against him as to allow him an adequate and, the court adds, meaningful opportunity to respond in accordance with the dictates of due process. See *Zauderer,* 471 U.S. at 654-655 and n. 18, 105 S.Ct. at 2283-2284 and n. 18. Not only was the Committee's reasoning or theory not different from that stated in the initial inquiry notice, in no way was plaintiff punished on charges different from that first presented to him. See *In re Ruffalo,* 390 U.S. 544, 551 and n. 4, 88 S.Ct. 1222, 1226 and n. 4 (1968), *cited and quoted in Zauderer,* 471 U.S. at 655 n. 18, 105 S.Ct. at 2284 n. 18. That no due process violation has occurred, given the flexible nature of what is an ever-evolving concept, is all the more true in that plaintiff was not the subject of a full-blown proceeding, only an inquiry; the particular demands of the situation required no more process than what plaintiff received and availed himself of. See *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2563, 2600 (1977).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 5:07-cv-00117-FJS-GHL     Document 33-5     Filed 05/11/2007     Page 9 of 9

Not Reported in F.Supp.  
Not Reported in F.Supp., 1990 WL 211189 (N.D.N.Y.), 59 USLW 2445  
**(Cite as: Not Reported in F.Supp.)**

Page 9

### 5. Selective Enforcement

**\*11** According to plaintiff, he "is the *only* attorney to receive a Letter of Caution from the Committee in the last five years for an advertisement that purportedly violated DR 2-101(A) or (B) that did not actually mislead a client." Arguing that other "[a]ttorneys who have advertised with identical language, similar language, or more blatantly self-laudatory, unmeasurable or unverifiable language have received either no discipline or a letter of education," plaintiff boldly asserts that "[t]he evidence is overwhelming that plaintiff was singled out for selective and vindictive prosecution because he dared to exercise his constitutional and statutory right to challenge defendants' allegation that his ad was improper." Even assuming that a declaration that the enforcement of the disciplinary rules and section 806.15(k) of the Rules of the Appellate Division, Third Department constitutes unconstitutional selective enforcement is not barred by the Eleventh Amendment, plaintiff's claim of selective prosecution is utterly meritless, bordering on the frivolous.

Putting aside the broad discretion the government has regarding the exercise of its power to prosecute, *see Wayte v. United States,* 470 U.S. 598, 607, 105 S.Ct. 1524, 1530 (1985), and assuming for the sake of argument that the decision to launch an inquiry into an attorney's conduct constitutes "prosecution," plaintiff has not, and indeed cannot, establish a *prima facie* case of selective enforcement: plaintiff has not, and cannot, establish either that he has been singled out for prosecution while others similarly situated have not generally been proceeded against because of conduct of the type plaintiff has been charged with or that the government's prosecution has been invidious or in bad faith. *See University Club v. City of New York,* 655 F.Supp. 1323, 1328 (S.D.N.Y.1987), aff'd on other grounds, 842 F.2d 37 (1988); *see also United States v. Garth,* 773 F.2d 1469, 1476 (5th Cir.), cert. denied, 463 U.S. 1210 (1983); *United States v. Berrios,* 501 F.2d 1207, 1211 (2d Cir.1974). In the court's view, plaintiff has erroneously premised his selective enforcement claim on the ground that other attorneys have not received a Letter of Caution or other "discipline" for presumably similar type of conduct, rather conveniently ignoring the fact that the Committee has indeed made a substantial number of inquiries into attorney advertising between February 1985 and August 1989.

*Conclusion*

Plaintiff's motion for summary judgment on his first cause of action is, to the extent noted above, granted. Plaintiff does not press (and has apparently withdrawn) the third cause of action and a portion of the fourth. The court will abstain from deciding the issues raised by the sixth cause of action. Defendant's motion for summary judgment is granted to the extent of dismissing the remaining causes of action without prejudice to plaintiff seeking relief on these claims in State court predicated upon the State Constitution.

**\*12** In accordance with its ruling on plaintiff's first cause of action, the court declares that plaintiff's advertisement was not false, deceptive or actually or inherently misleading, that defendants have failed to articulate a substantial governmental interest to support the action taken by them, and that plaintiff's First Amendment rights have therefore been violated in this limited regard and issues an injunction enjoining the future use of the Letter of Caution against plaintiff in any manner to the extent that it was based on the Committee's belief that the advertisement in question was false, deceptive, actually or inherently misleading, cast reflection on the legal profession as a whole or contained puffery or claims that could not be measured or verified.

IT IS SO ORDERED.

N.D.N.Y.,1990.  
Capoccia v. Committee on Professional Standards, Third Judicial Dept., State of N.Y.  
Not Reported in F.Supp., 1990 WL 211189 (N.D.N.Y.), 59 USLW 2445

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.