UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES L. ALEXANDER, et al., | ) |
| Plaintiffs, | ) Civil Action No. 5:07-cv-00117-FJS-GHL |
| v. | ) |
| THOMAS J. CAHILL, et al., | ) |
| Defendants. | ) |

## JOINT STIPULATIONS AND STATEMENT OF MATERIAL FACTS

The parties stipulate to the following facts, which also serve as the parties' joint statement of material facts pursuant to L.R. 7.1(a)(3):

**I.      Plaintiffs James L. Alexander and Alexander & Catalano**

1.      Plaintiff James L. Alexander is a resident of Onondaga, New York. Alexander was admitted to the New York State Bar in 1984 and actively practices law in New York. Alexander is the managing partner of the firm Alexander & Catalano.

2.      Plaintiff Alexander & Catalano LLC is a New York law firm founded by plaintiff Alexander and his partner Peter Catalano in 1996. The firm has offices in Syracuse and Rochester, New York. It employs several attorneys who are licensed in New York and represents clients in the state.

3.      Alexander & Catalano communicates its services to the public through broadcast media, print advertisements, and other forms of public media. Prior to February 1, 2007, Alexander & Catalano's commercials often contained jingles and special effects, including wisps of smoke and blue electrical currents surrounding the firm's name.

-1-

4. Prior to February 1, 2007, Alexander & Catalano identified itself in the majority of its television and print advertising, and on its website, as the "heavy hitters." Alexander & Catalano also commonly used phrases like "think big" and "we'll give you a big helping hand" in its advertising.

5. Between 2001 and 2006, Alexander & Catalano received more than 42,000 incoming phone calls from potential clients. Over the past ten years, the firm has received fewer than ten complaints about the tastefulness of its advertisements.

6. No disciplinary actions have been brought against Alexander & Catalano or its lawyers based on the firm's advertising.

## II.     Plaintiff Public Citizen

7. Plaintiff Public Citizen, Inc., is a nonprofit corporation organized under the laws of the District of Columbia and authorized to conduct business there. Public Citizen has filed all required paperwork and paid all fees required to operate as a nonprofit organization in the state of New York.

8. Public Citizen Litigation Group (PCLG) is a division of Public Citizen that conducts litigation in state and federal courts. Since its founding in 1972, PCLG has litigated for the public interest in cases concerning federal health and safety regulations, consumer rights, access to the civil justice system, freedom of information and other open government matters, separation of powers, and the First Amendment, including the First Amendment right of its members to receive commercial communications. Of PCLG's eight staff lawyers, two are licensed to practice law in New York. PCLG has solicited clients in New York for representation on a pro bono basis and has represented clients before state and federal courts in New York.

9. Public Citizen has approximately 100,000 members nationwide, including approximately 9,450 in New York, who have contributed money to Public Citizen to support the organization's mission. Public Citizen's members are consumers of legal services.

### III. Amendments to New York's Disciplinary Rules Governing Lawyer Advertising

10. The Appellate Division of the New York Supreme Court is responsible for enforcing professional discipline against lawyers in the state. The Appellate Division is authorized to censure, suspend, or disbar lawyers guilty of professional misconduct.

11. Pursuant to this authority, the presiding justices of the four departments of the Appellate Division are responsible for adopting the Disciplinary Rules of New York's Code of Professional Responsibility as joint rules of the Appellate Division. The rules define "professional misconduct" as used in the Judiciary Law. Lawyers who violate the rules are subject to various forms of discipline, including censure, suspension, or disbarment.

12. In June 2006, the presiding justices of each of the four departments of the Appellate Division approved for public comment proposed amendments to the disciplinary rules governing lawyer advertising.

13. On January 4, 2007, the presiding justices adopted a final version of the amendments to become effective on February 1, 2007.

14. Defendants are the Chief Counsels or Acting Chief Counsels of the Disciplinary Committees of the New York Supreme Court Appellate Division, who collectively are charged with investigating and prosecuting violations of New York's disciplinary rules.

15. Alexander & Catalano has a reasonable fear that some techniques used in its advertisements may violate the rules. Alexander & Catalano has altered its advertising campaign to stop running many of its advertisements, including the advertisements in Exhibit 1

to the affidavit of James L. Alexander, filed in this case on February 14, 2007, and has removed its slogans, including the "heavy hitters" slogan, from its advertising in an attempt to comply with the rules. Alexander & Catalano will resume running its previous commercials, or similar commercials, in the future if not prohibited from doing so by the rules.

**IV.    Exhibits**

16.    Exhibit 1 is a true and accurate copy of the Report and Recommendations of the New York State Bar Association's Task Force on Lawyer Advertising, completed on October 21, 2005.

17.    Exhibit 2 is a true and accurate copy of a letter from the Federal Trade Commission's Office of Policy Planning, Bureau of Consumer Protection, and Bureau of Economics, submitted to New York's Office of Court Administration on September 14, 2006.

18.    Exhibit 3 is a true and accurate copy of the Comments of Public Citizen Litigation Group, the American Civil Liberties Union, and the New York Civil Liberties Union on the Proposed Amendments to Rules Governing Lawyer Advertising, submitted to New York's Office of Court Administration on November 15, 2006.

19.    Exhibit 4 is a true and accurate copy of a press release from the New York State Bar Association, released January 4, 2006.

20.    Exhibit 5 is a true and accurate copy of a press release from the New York Office of Court Administration, released June 15, 2006.

21.    The DVD attached as Exhibit 1 to the affidavit of James L. Alexander, filed in this case on February 14, 2007, is a true and accurate copy of a selection of Alexander & Catalano's television advertisements run by the firm before February 1, 2007.

22. The DVD attached as Exhibit 1 to the affirmation of Patrick F. MacRae, filed in this case on March 27, 2007, is a true and accurate recording of a forum held by the Monroe County Bar Association on August 17, 2006, at which former Presiding Justice Eugene F. Pigott was a speaker.

23. The parties stipulate to the authenticity, but not the legal relevance, of each of these exhibits.

So stipulated,

| | |
|---|---|
| /s/ Gregory A. Beck | /s/ Nelson R. Sheingold |
| Gregory A. Beck | Nelson R. Sheingold |
| N.D.N.Y. Bar Roll No. 514293 (pro hac vice) | Assistant Attorney General |
| Brian Wolfman | N.D.N.Y. Bar Roll No. 601895 |
| N.D.N.Y. Bar Roll No. 514292 (pro hac vice) | Phone: (518) 473-3682 |
| Scott L. Nelson | Bridget E. Holohan |
| N.D.N.Y. Bar Roll No. 513515 | Assistant Attorney General |
| PUBLIC CITIZEN LITIGATION GROUP | Bar Roll No. 510911 |
| 1600 20th Street, NW | Phone: (518) 473-3684 |
| Washington, DC 20009 | N.Y.S. DEPT. OF LAW |
| Phone: (202) 588-1000 | The Capitol |
| Fax: (202) 588-7795 | Albany, NY 12224 |
| Email: gbeck@citizen.org | Fax: (518) 402-2221 |
| brian@citizen.org | Email: Nelson.Sheingold@oag.state.ny.us |
| snelson@citizen.org | Bridget.Holohan@oag.state.ny.us |

*Counsel for Plaintiffs*     *Counsel for Defendants*

Dated: May 11, 2007