# New York State Bar Association President Applauds New Attorney Advertising Regulations

## Collaborative Process Results in Rules That Will Protect Public, Uphold Dignity of the Profession

**For more information contact:**

Andrew Rush
Director, Media Services Department
(518) 487-5530
arush@nysba.org

**January 04, 2007**

New York State Bar Association President Mark H. Alcott (Paul, Weiss, Rifkind, Wharton & Garrison LLP) applauded the new regulations on attorney advertising announced today by the New York State Unified Court System. Mr. Alcott also praised the courts for working with the legal profession in a collaborative process to alleviate concerns the Association had when draft rules were announced last year. The new regulations, which go into effect February 1, 2007, are designed to protect consumers from inappropriate, misleading, or overly-aggressive advertisements.

The new regulations are significantly different from the draft regulations and represent a final product that will provide a balance between protecting the lawyer's right to advertise and protecting the public from overly aggressive and salacious advertisements according to Mr. Alcott.

Mr. Alcott said, "I want to thank the four presiding justices of the appellate division for their collaboration throughout this process. When the draft regulations were announced, we had a number of very real concerns and they worked with the legal community and the public every step of the way. They were open and available to meet with us, and most importantly, they were willing to listen. As a result, I am extremely pleased to announce that most of issues we raised with the courts have been addressed."

Mr. Alcott continued, "We are proud that our association took an active role in initially urging the courts to adopt more stringent advertising rules and we are happy that the end result will indeed realize our goal – more protection for the public and more dignity for the profession. I want to commend the work of our Association's Task Force on Attorney Advertising, chaired by Bernice Leber (Arent Fox PLLC) and appointed by my predecessor A. Vincent Buzard (Harris Beach PLLC). The hard work of the Task Force, both in crafting recommendations and working with the courts to modify the draft proposal, were instrumental in this process. "

Mr. Alcott noted that many key elements contained in the rules are the product of the Association's Task Force on Attorney Advertising, and reflect extensive consultations that the Association had with the Presiding Justices after the initial proposals were issued last fall. Some of these components include:

• New definitions of advertisement and solicitation to enhance the fair and effective enforcement of regulations in this area. The new definitions provide greater clarification and guidance as to what constitutes advertisements, and equally as important, this definition has been significantly narrowed from what the courts originally proposed.

• Application of the current 30-day moratorium on soliciting wrongful death or personal injury clients to both plaintiff's counsel and defense counsel, to "even the playing field" and protect families suffering loss from overly aggressive marketing or contact from either side.

• Limitations on the use of testimonials and dramatizations. Testimonials with respect to a pending matter are prohibited. Other testimonials must be factually supported and accompanied by a disclaimer that prior results do not guarantee a similar outcome. If a person has been paid to provide an endorsement or testimonial, that fact must be disclosed; similarly, if an advertisement utilizes dramatizations or use of actors, that fact must be disclosed.

In addition, Mr. Alcott pointed out that the Association was successful in convincing the courts to remove a rule originally in the draft regulations that would have extended New York disciplinary authority to non-New York lawyers practicing or soliciting legal services in New York. The Association objected on the basis that it was overbroad, and it was not included in the final version. Instead, a provision was added to the solicitation rule specifying that the anti-solicitation provisions apply to non-New York lawyers who solicit New York residents.

View the synopsis of changes and redlined regulations.

The 72,000-member New York State Bar Association is the official statewide organization of lawyers in New York and the largest voluntary state bar association in the nation. Founded in 1876, NYSBA programs and activities have continuously served the public and improved the justice system for 130 years.

<< BACK

Back