UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PUBLIC CITIZEN, INC.; JAMES L. ALEXANDER ESQ.;
ALEXANDER & CATALANO LLC,

                                        *Plaintiffs*,
                                                                07-CV-117
                -against-
                                                                FJS/GHL

THOMAS J. CAHILL; MARK S. OCHS; DIANA
MAXFIELD KEARSE; GARY L. CASELLA; RITA E.
ADLER; ANTHONY J. GIGLIOTTI; DANIEL A. DRAKE;
VINCENT L. SCARSELLA,

                                        *Defendants*.


## MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT


ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for Defendants Thomas J. Cahill, Mark
        S. Ochs, Diana Maxfield Kearse, Gary L.
        Casella, Rita E. Adler, Anthony J.
        Gigliotti, Daniel A. Drake and Vincent L.
        Scarsella
The Capitol
Albany, New York 12224-0341

Bridget E. Holohan
Assistant Attorney General, of Counsel
Bar Roll No. 510911
Telephone: (518) 473-3684
Fax: (518) 473-1572 (Not for service of papers)           Date: June 1, 2007

**Table of Contents**

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

POINT I

THE REGULATIONS DO NOT RESTRICT PROTECTED
SPEECH . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

POINT II

THE REGULATIONS ARE CONSTITUTIONAL UNDER
CENTRAL HUDSON . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

POINT III

THE REGULATIONS DO NOT RESTRICT NON-
COMMERCIAL SPEECH . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**Preliminary Statement**

Plaintiffs assert facial challenges to new State regulations on attorney advertisements. Plaintiffs and defendants simultaneously moved for summary judgment. Defendants submit this reply to plaintiffs' opposition to defendants' motion for summary judgment.

**POINT I**

**THE REGULATIONS DO NOT RESTRICT PROTECTED SPEECH**

Defendants moved for summary judgment on the ground that, inter alia, the regulations do not restrict speech that is protected by the First Amendment. Specifically, speech that is non-factual, non-verifiable and irrelevant to the commercial transaction does not warrant constitutional protection. Plaintiffs contend that this argument was specifically rejected by the Supreme Court's decision in <u>Bates v. State Bar of Ariz.</u>, 433 U.S. 350 (1977). Plaintiffs' contention is puzzling and belies the specious nature of their claims given the Supreme Court's explicit statement that: "[w]e need not address the peculiar problems associated with advertising claims relating to the quality of legal services. Such claims probably are not susceptible of precise measurement or verification and, under some circumstances, might well be deceptive or misleading to the public, or even false." <u>Id.</u> at 366. Indeed, as discussed in greater detail in defendants' memorandum of law in support of their motion for summary judgment, the Court specifically noted that:

> [B]ecause the public lacks sophistication concerning legal services, misstatements that might be overlooked or deemed unimportant in other advertising may be found quite inappropriate in legal advertising. For example, advertising claims as to the quality of services a matter we do not address today are not susceptible of measurement or verification; accordingly, such claims may be so likely to be misleading as to warrant restriction.

Id. at 383-84.  Thus, plaintiffs' assertion that the Supreme Court has rejected defendants' argument in Bates is patently erroneous.

In fact, every Supreme Court decision that has declared a restriction on attorney advertising unconstitutional has done so only where the speech at issue was a verifiable fact that was also relevant to the selection of a lawyer.  See Zauderer v. Office of Disciplinary Counsel, 471 U.S. 626, 647 (1985) (declaring unconstitutional restriction preventing attorney from including factual, verifiable and relevant drawing of contraception device that had lead to injuries in women); In re R.M.J., 455 U.S. 191, 202 (1982) (declaring unconstitutional restriction preventing attorney from advertising that he was a member of the United States Supreme Court Bar); Peel v. Attorney Registration & Disc. Comm'n., 496 U.S. 91, 99-100 (1990) (declaring unconstitutional restriction preventing attorney from advertising that he was certified as civil trial specialist by the National Board of Trial Advocacy).

For example, in Shapero v. Kentucky Bar Ass'n, 486 U.S. 466, 469 (1988), which plaintiffs primarily rely on in their opposition papers, the Court struck down a categorical ban on direct mail solicitation, where the solicitation in question was truthful and involved only verifiable facts that were relevant to the selection of a lawyer.  Obviously aware that their speech is not protected, plaintiffs take two phrases from Shapero out of context for the proposition that the States cannot restrict any eye-catching advertising that is not false or misleading.  See Pl. Mem. of Law, p. 2. However, a complete reading of the decision reveals that the Court protected the letter's use of all caps and other font uses because the overall effect of the letter did not "unduly emphasizes trivial or 'relatively uninformative facts.'"  Id. at 479 (quoting In re R.M.J., 455 U.S. at 205).  Tellingly, plaintiffs do not, and cannot, identify any relevant information that is relayed by their stomping

2

down the streets as giants or speaking with aliens.  These "eye-catching" devices relay no verifiable factual information relevant to the selection of an attorney and are simply not protected by the First Amendment.

Similarly, plaintiffs' reliance on the Second Circuit's decision in <u>Bad Frog Brewery, Inc. v. New York State Liquor Auth.</u>, 134 F.3d 87 (2d Cir. 1998) is misplaced.  In fact, in <u>Bad Frog</u>, the Second Circuit recognized that the Supreme Court's decisions on commercial speech had extended First Amendment protection only to precise informational content.  <u>Id.</u> at 94, 96.  While the Second Circuit determined that plaintiff had a First Amendment right to display an obscene gesture on its beer label, it did so only after first determining that the image was "reasonably to be understood as attempting to identify to consumers a product of the Bad Frog Brewery."  <u>Id.</u> at 96.  Thus, the gesture was relevant to the selection of plaintiff's product by consumers.  By contrast, giant attorneys and aliens are not relevant to the selection of a lawyer.

In any event, <u>Bad Frog</u> is inapplicable here because it involves commercial speech unrelated to the practice of law, but merely an alcoholic beverage.  Despite plaintiffs' protestations to the contrary, states are permitted to regulate advertising by the professions more rigorously than other forms of commercial speech.  <u>In re Primus</u>, 436 U.S. 412, 422 (1978) (quoting <u>Goldfarb v. Virginia State Bar</u>, 421 U.S. 773 (1975)); <u>Florida Bar v. Went for It, Inc.</u>, 515 U.S. 618, 625, 635 (1995).  In fact, states are permitted to restrict attorney advertising more rigorously than advertising utilized by other professions.  <u>Compare</u> <u>Ohralik v. Ohio State Bar Ass'n</u>, 436 U.S. 447, 454-55 (1978) (upholding categorical ban on in-person solicitation by lawyers) <u>with</u> <u>Edenfield v. Fane</u>, 507 U.S. 761, 767 (1993) (declaring unconstitutional categorical ban on in-person solicitation by CPAs).

Since the regulations do not restrict speech that is constitutionally protected, the regulations are constitutional and defendants are entitled to summary judgment.

## POINT II

### THE REGULATIONS ARE CONSTITUTIONAL UNDER <u>CENTRAL HUDSON</u>

In their memorandum of law in support of their motion for summary judgment, defendants fully brief the reasons why the regulations pass scrutiny under <u>Central Hudson</u>.  This reply is submitted to address failings in plaintiffs' response papers.  First, plaintiffs do not, and cannot, properly refute that the State has a substantial interest in promoting the clean flow of truthful, helpful, relevant, verifiable information about attorney services.  Rather, plaintiffs once again misconstrue the express language in <u>Bates</u> and rely upon it for the proposition that this interest was rejected by the Supreme Court.  While the Supreme Court held that the impact attorney advertising may have on an unsophisticated public was insufficient to support a categorical ban on all attorney advertising, the Court expressly limited its reasoning to "restricted" advertising regarding fees for routine legal services.  The Court specifically noted that claims which "are not susceptible of precise measurement ... might well be deceptive or misleading to the public, or even false." <u>Id.</u> at 366. Thus, plaintiffs' reliance on Bates and its progeny for the proposition that the State's interest in promoting the clean flow of relevant, verifiable information is misplaced.  Plaintiffs need this Court to adopt an expansive reading of Bates since they conceded in their complaint that their advertisements are "especially relied upon by consumers ... who may not be experienced consumers of legal services." Compl., ¶ 30.

Tellingly, plaintiffs fail to even attempt to distinguish the decisions from other courts which found the State's interest proffered here as legitimate and substantial. <u>Mason v. Florida Bar</u>, 208 F.3d 952 (11th Cir. 2000)[1]; <u>see also</u> <u>Falanga v. State Bar of Ga.</u>, 150 F.3d 1333, 1345-46 (11th Cir 1998); <u>Texans Against Censorship, Inc. v. State Bar of Texas</u>, 888 F. Supp. 1328, 1347 (E.D.Tex. 1995); aff'd 100 F.3d 953 (5th Cir. 1996) (Table); <u>The Florida Bar v. Gold</u>, 937 So.2d 652, 656 (Fl. 2006); <u>Comm. On Prof. Ethics v. Humphrey</u>, 355 N.W. 565, 571; <u>see also</u> <u>Petition of Felmeister & Isaacs</u>, 104 N.J. 515 (N.J. 1986.). Rather, plaintiffs rely on <u>Capoccia v. Committee on Prof'l Stands.</u>, No. 89-CV-866, 1990 WL 211189, at *7 (N.D.N.Y. Dec. 20, 1990), for the proposition that the State's proffered interest must be rejected. Plaintiff's reliance on <u>Capoccia</u> is unavailing. <u>Cappoccia</u> involved only an as-applied challenge to plaintiff's television advertisement. The Court reviewed the specific advertisement in question and found that "the statements singled out by defendants are not, in the court's view, false, deceptive or actually or inherently misleading (nor do the statements in question ... cast reflection on the legal profession as a whole or constitute puffery or claims that cannot be measured or verified)...." <u>Id.</u> at *6. Thus, the Court did not reject the State's interest in restricting puffery and unverifiable information, but rather, found the advertising to constitute factual, verifiable information. <u>Id.</u> Accordingly, the State's interest in encouraging the clean flow of truthful, helpful, relevant, verifiable information about attorney services and, conversely, restricting the introduction of non-truthful, unhelpful, irrelevant material and its impact on the unsophisticated legal consumer coupled with the impact such irrelevant information has on the respect for the Bar are legitimate and substantial State interests.

---

[1] "[T]here is little question that the state, as part of its duty to regulate attorneys, has an interest in ensuring and encouraging the flow of helpful, relevant information about attorneys" and that this interest is "substantial."

Second, the regulations go no farther than that which is permitted under Supreme Court precedent. Indeed, not coincidentally, the regulations mirror the language of the Supreme Court's decisions. For example, the restriction on attention grabbing techniques is limited to irrelevant information. See 22 N.Y.C.R.R. § 1200.6(c)(5). Similarly, the restriction on trade names, mottos and monikers is limited to names that imply an ability to obtain results. Id. at § 1200.6(c)(7). In fact, despite protestations to the contrary, New York is not alone in enacting legislation restricting the use of non-factual, non-verifiable, irrelevant information in attorney advertising. Fla. Bar Reg. R 4-7.2(c); Iowa R of Prof'l Conduct 32:7.2(e); Nev. Rules of Prof Conduct R 7.2(e) ("A lawyer's advertisement, regardless of medium, must provide only useful, factual information presented in a nonsensational manner."); N.J. Court Rules, RPC 7.2(a) ("No advertisement shall rely in any way on techniques to obtain attention that depend on absurdity and that demonstrate a clear and intentional lack of relevance to the selection of counsel[.]"); Wyo. Prof. Conduct Rule 7.2(h); Ar. R. Prof. Conduct Rul 7.1(d) (ban on all testimonials).

Nor should New York ignore common sense which dictates that New Yorkers are as offended by direct solicitation in the wake of tragedy as Floridians. Additionally, New York has done nothing more than include already declared constitutional restrictions on traditional direct-mail advertising to email and restrictions on television advertising to the internet. These inclusions merely recognize the growing use of technology in the marketplace. Plaintiffs attempt to analogize a distinction between traditional mail and email similar to in-person and telephone solicitation defies common sense.

Moreover, to the extent plaintiffs contend that the State was obligated to first implement the recommendations of the New York State Bar Association, plaintiffs contention fails to recognize

that the prior restrictions only limited false, misleading or deceptive advertisements. While plaintiffs applaud the Bar Association's recommendations of stricter enforcement of the prior regulations, they wholly ignore the fact that the Bar Association expressly approved of the amendments which restricted non-factual, non-verifiable, irrelevant information. Thus, plaintiffs's contention that the Bar Association sought only stricter enforcement is wholly unsupported by the record. Therefore, the amendments to the regulations are a reasonable fit for this substantial interest. Accordingly, the regulations pass the <u>Central Hudson</u> test and defendants are entitled to summary judgment.

## POINT III

## THE REGULATIONS DO NOT RESTRICT NON-COMMERCIAL SPEECH

In support of their motion for summary judgment, defendants assert that the regulations do not encompass non-commercial speech and advertising for pro bono activities. Plaintiffs not only "welcome" this interpretation, but concede that the Court must presume a narrowing construction to which the law is fairly susceptible. <u>See</u> P. Mem. of Law, p. 20 (citation omitted). Nevertheless, plaintiffs' continue to assert that the entire regulation must be declared unconstitutional because the plain language of section 1200.6 does not include an explicit exception for non-commercial speech. Plaintiffs' assertion must be rejected because a federal court must consider any limiting construction proffered by the state enforcement agency. <u>See</u> <u>Grayned v. City of Rockford</u>, 408 U.S. 104, 110 (1972); <u>Village of Hoffman Estates v. Flipside</u>, 455 U.S. 489 (1982); <u>Beal v. Stern</u>, 184 F.3d 117, 127 (2d Cir. 1999). Moreover, it is presumed that the Presiding Justices will constitutionally enforce the regulations. <u>See</u> <u>Willson v. DeBruyn</u>, 633 F. Supp. 1222, 1225-26 (W.D.N.Y. 1986) ("Yet minimal respect for state judicial officials 'precludes any presumption that the state courts will not safeguard federal constitutional rights.'") (quoting <u>Middlesex County Ethics Comm. v. Garden State</u>

7

Bar Ass'n, 457 U.S. 423, 431 (1982)).  The State has proffered that the challenged regulation does

not apply to non-commercial speech and it is beyond cavil that the State Presiding Justices will

constitutionally apply the regulations.  Plaintiffs conclusory assertions to the contrary do not warrant

declaratory relief.  Accordingly, summary judgment for defendants is warranted.


**CONCLUSION**

**FOR THE FOREGOING REASONS, DEFENDANTS ARE
ENTITLED TO SUMMARY JUDGMENT**

Dated: Albany, New York
      June 1, 2007

                        ANDREW M. CUOMO
                        Attorney General of the State of New York
                        Attorney for Defendants Thomas J. Cahill, Mark
                              S. Ochs, Diana Maxfield Kearse, Gary L.
                              Casella, Rita E. Adler, Anthony J.
                              Gigliotti, Daniel A. Drake and Vincent L.
                              Scarsella
                        The Capitol
                        Albany, New York  12224-0341


                        By: *s/ Bridget E. Holohan*
                        Bridget E. Holohan
                        Assistant Attorney General, of Counsel
                        Bar Roll No. 510911
                        Telephone:  (518) 473-3684
                        Fax:  (518) 473-1572 (Not for service of papers)
                        Email: Bridget.Holohan@oag.state.ny.us


TO:    Gregory Beck, Esq.
         Via ECF