UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JAMES L. ALEXANDER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5:07-cv-00117-FJS-GHL |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS J. CAHILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DECLARATION OF GREGORY A. BECK

I, Gregory A. Beck, declare as follows:

1.       I am an attorney at Public Citizen Litigation Group (PCLG), a nonprofit public-interest law firm in Washington, DC. I am submitting this declaration in support of plaintiffs' motion for attorneys' fees and costs.

2.       In January 2007, plaintiff James L. Alexander asked PCLG to represent him in a lawsuit against the state of New York. PCLG agreed to represent Mr. Alexander in seeking an injunction prohibiting enforcement of the state's amended rules governing attorney advertising.

3.       Mr. Alexander and his firm, plaintiff Alexander & Catalano, selected PCLG because of its substantial experience litigating commercial free speech cases. Among other cases, PCLG attorneys argued and won *Virginia State Board of Pharmacy v. Virginia Citizens Consumer Council*, 425 U.S. 748 (1976), in which the Supreme Court for the first time recognized a First Amendment right to commercial speech; *Zauderer v. Office of Disciplinary Counsel*, 471 U.S. 626, 646-47 (1985), in which PCLG successfully challenged the decision of the Ohio Supreme Court to discipline a lawyer for taking out ads informing the public about his legal services; and *Edenfield v. Fane*, 507 U.S. 761 (1993), in which the Supreme Court struck

-1-

Dockets.Justia.com

down a ban on in-person solicitation by certified public accountants. Public Citizen was among

the plaintiffs who successfully challenged Mississippi's restrictive advertising rules in *Schwartz*

*v. Welch*, 890 F. Supp. 565 (S.D. Miss. 1995). And PCLG has also challenged other

anticompetitive bar rules that harm consumers. *See, e.g.*, *Goldfarb v. Va. State Bar*, 421 U.S. 773

(1975) (holding that a bar's minimum fee schedule violated the Sherman Act); *Frazier v. Heebe*,

482 U.S. 615 (1982) (striking down a federal court rule that prevented lawyers from competing

across state lines). PCLG was uniquely qualified to represent plaintiffs in this litigation. No

comparable group offering PCLG's experience and expertise exists in the Northern District of

New York.

      4.     I performed the majority of legal work in this case. I have been an attorney at

PCLG since 2005, where I litigate a variety of cases, most of them involving First Amendment

law. Before coming to PCLG, I served as a law clerk to Michael R. Murphy of the United States

Court of Appeals for the Tenth Circuit. I graduated summa cum laude in 2004 from the

University of Illinois College of Law, where I was Articles Editor of the University of Illinois

Law Review and received the Outstanding Clinical Student award for my work in the college's

Civil Litigation Clinic. I received my undergraduate degree from Northwestern University,

graduating summa cum laude in 1997. I am a member in good standing of the bars of the District

of Columbia, Illinois, the United States Courts of Appeals for the Third and Tenth Circuits, and

the United States District Court for the District of Columbia. I have been admitted pro hac vice

in this case.

      5.     Another PCLG attorney, Brian Wolfman, directly supervised my work in this

case. Mr. Wolfman is director of PCLG, where he has practiced since 1990. Mr. Wolfman is a

1984 law school graduate. After law school, he served as a law clerk for R. Lanier Anderson, III,

6.      Throughout the litigation, I was able to draw on the collective experience of other PCLG attorneys who reviewed, commented on, and proofread filings. In the exercise of billing judgment, plaintiffs are not seeking a fee for these attorneys' time. In particular, I have excluded the time spent by PCLG attorney Scott Nelson, a 1984 law graduate who is admitted to the Northern District, sponsored Mr. Beck's and Mr. Wolfman's admission pro hac vice, provided advice on local procedure, and reviewed all significant filings. PCLG fellow Emma Cheuse and two PCLG summer interns also provided substantial research assistance but plaintiffs are not requesting fees for their time.

7.      I spent a significant amount of time attempting to locate pro bono local counsel in the Northern District. Although I contacted several attorneys there and sought referrals from New York lawyers experienced in First Amendment litigation, I was unable to find counsel

willing to represent Mr. Alexander in this case. I was repeatedly informed by the attorneys I contacted that they considered it professionally risky to challenge the constitutionality of the actions of the Presiding Justices of the Appellate Division.

8.      To establish hourly rates for its work, PCLG ordinarily uses the so-called "Laffey Matrix," a copy of which is attached as Exhibit 1. The Laffey Matrix is a fee matrix promulgated annually by the United States Attorney for the District of Columbia. Courts frequently use it to determine the market rate for work done by lawyers practicing in the Washington, DC metropolitan area, based on when the work was performed and the lawyer's years of experience. *See, e.g., Does v. District of Columbia*, 448 F. Supp. 2d 137, 140-41 (D.D.C. 2006). In the past, many courts have awarded fees to PCLG attorneys based on Laffey rates. The current Laffey rates for me and Mr. Wolfman are $215 per hour and $440 per hour, respectively.

9.      Plaintiffs request an award of attorneys' fees for 270.2 hours of work performed by PCLG, including 12 hours spent preparing this fee motion. A detailed description of the hours claimed by PCLG is attached as Exhibit 2. All the entries on Exhibit 2 were contemporaneously recorded and copied from electronic time records kept by counsel.

10.     Considerable billing judgment was used in recording the hours reflected in Exhibit 2. For example, PCLG attorneys did not record time spent on brief phone calls, emails, and meetings with clients and co-counsel. Thus, the time recorded reflects less than all the hours actually spent by PCLG on the case.

11.     Throughout the case, I was careful that plaintiffs' counsel did not duplicate efforts and have scrutinized all time charges to ensure that any duplication has been eliminated. Moreover, I have exercised billing judgment and have eliminated numerous time entries and pared down the remaining time entries. The only charges that are arguably duplicative are the

presence of more than one attorney at court during the two hearings held in this case. However, these appearances were justified because Mr. Wolfman is the senior attorney on the case and was supervising my handling of the litigation.

12.     I approached defendants' counsel to try to agree to the facts, and drafted a set of joint stipulations that made discovery and trial unnecessary, thereby saving both the parties and the Court a significant amount of time.

13.     I also benefited in this case from my experience reviewing and writing comments on a prior draft of New York's amended rules—time that I did not record for this fee motion but that nonetheless enabled me to prepare the filings in this case more efficiently than I otherwise would have been able to do.

14.     The fees claimed by plaintiffs are summarized as follows:

| Attorney | Requested Hours | Travel Hours | Requested Rate | Total Fee |
|---|---|---|---|---|
| Gregory A. Beck | 230.1 | 24 | $215/hour ($107.50/hour travel) | $46,891.50 |
| Brian Wolfman | 40.1 | 24 | $440/hour ($220/hour travel) | $12,364.00 |
| Total: | 270.2 | 48 | | $59,255.50 |

15.     Mr. Wolfman and I incurred $1541.90 in airfare and $314.14 in hotel costs related to travel to and from Syracuse. True and accurate copies of receipts for these expenses are attached as Exhibit 3. In an exercise of billing judgment, plaintiffs are not requesting reimbursement for telephone and photocopying costs related to this litigation. A bill of costs setting forth taxable costs will be filed separately.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on: September 4, 2007

/s/Gregory A. Beck
Gregory A. Beck