UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PUBLIC CITIZEN, INC.; JAMES L. ALEXANDER ESQ.;
ALEXANDER & CATALANO LLC,

                        *Plaintiffs*,

-against-                        07-CV-117
                                                           (FJS/GHL)

THOMAS J. CAHILL; MARK S. OCHS; DIANA
MAXFIELD KEARSE; GARY L. CASELLA; RITA E.
ADLER; ANTHONY J. GIGLIOTTI; DANIEL A. DRAKE;
VINCENT L. SCARSELLA,

                        *Defendants*.

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS FEES AND COSTS

                                        ANDREW M. CUOMO
                                        Attorney General of the State of New York
                                        Attorney for Defendants
                                        The Capitol
                                        Albany, New York 12224-0341

Gerald J. Rock
Assistant Attorney General
 of Counsel
Bar Roll No. 510059
Telephone: (518) 402-2223
Fax: (518) 473-1572
Date: September 25, 2007


## Table of Contents

**Preliminary Statement** .................................................................... 1

**Argument** ..................................................................................... 2

    PLAINTIFFS' REQUEST FOR ATTORNEYS FEES AND COSTS
    SHOULD BE MODIFIED WITH RESPECT TO THE FEES SOUGHT
    AND THE HOURS EXPENDED ................................................... 2
        A. Methodology for Calculating Attorneys Fees and Costs ............. 2
        B. The Reasonable Rate for Legal Work in this Case ..................... 3
        C. Duplicative Requests for Fees and Costs .................................. 5
        D. Costs ............................................................................... 8

**Conclusion** .................................................................................. 9

## Preliminary Statement

Plaintiffs brought this action pursuant to 42 U.S.C. § 1983 challenging New York's revised regulations governing attorney conduct, specifically the revised limitations on attorney advertising and solicitation. 22 N.Y.C.R.R. Part 1200. Following motions for summary judgment by all parties, this Court issued a Decision and Order which granted in part and denied in part the respective motions. The Court found that certain of the revised regulations challenged by plaintiffs to be in violation of the First Amendment and enjoined enforcement of those regulations. As to other regulations, however, the Court rejected plaintiffs' First Amendment challenges and found that those regulations withstood constitutional scrutiny. The Court then entered a Judgment consistent with its decision. Both sides have filed appeals from the Decision and Judgment.

Presently pending is plaintiffs' motion pursuant to 42 U.S.C. § 1988 for the recovery of attorneys fees and costs on the ground that they were prevailing parties. Defendants submit this memorandum of law in opposition to the motion. For the reasons set forth below, defendants submit that plaintiffs' requests for fees and costs is improperly calculated. Any award of fees and costs should, therefore, be reduced as outlined below.

**Argument**

PLAINTIFFS' REQUEST FOR ATTORNEYS FEES AND COSTS
IS EXCESSIVE AS TO HOURS AND RATE

A successfully section 1983 litigant is entitled to an award of reasonable attorneys fees and costs under 42 U.S.C. § 1988. Here, plaintiffs were admittedly prevailing parties as to part of their litigation. They, therefore, are entitled to some award of fees and costs. Defendants submit that the fees and costs sought by plaintiff should be modified on a number of grounds. First, the rates for attorney work sought by plaintiffs is above the reasonable rate under the circumstances of this case. Second, the application contains certain duplicative requests for fees and costs that should be modified.

**A. Methodology for Calculating Attorneys Fees and Costs**

Courts in this circuit have traditionally used the so-called "lodestar" method for calculating reasonable attorneys fees. See generally Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110 (2d Cir. 2007). While the Arbor Hill panel expressed some displeasure with not only the "lodestar" characterization but the current state of the Circuit's attorneys fees jurisprudence, its comments, while outlining additional relevant facts for consideration by the courts, largely left intact the traditional calculation methodology. See id., 493 F.3d at 112. Courts generally calculate the lodestar or "presumptively reasonable fee" by multiplying the hourly rate to be charged by counsel by the hours expended in the matter. Id. at 111.

**B. The Reasonable Rate for Legal Work in this Case**

In this case, plaintiffs seek to recover fees for work performed by two attorneys, Mr. Beck and Mr. Wolfman. Mr. Beck seeks reimbursement at a rate of $ 215 per hour, while Mr. Wolfman seeks $ 440 an hour. On this record, defendants submit that each rate should be reduced.

The record reflects that Mr. Beck graduated from law school in 2004. Beck Decl., ¶ 4. Mr. Wolfman has more than twenty years experience. Id. at ¶ 5. As this Court has noted, courts in this District normally award fees of $210 an hour for experienced attorneys, $150 per hour for associate attorneys with more than four years of experience, and $120 for associates with less than four-years experience. New Paltz Cent. School Dist. v. St. Pierre, No. 02-CV-981, 2007 WL 655603, *2 (N.D.N.Y. Feb. 26, 2007) (copy annexed in Appendix). Plaintiffs seek to justify the higher rates sought here based on the fact that these are rates normally billed in Washington D.C. where their office is located. As plaintiffs note, the Second Circuit has ruled that higher out of district rates may be awarded if "a reasonable, paying client would have paid those higher rates." Arbor Hill, 493 F.3d at 119. Significantly, however, that decision created a presumption "that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally." Id. This presumption is may be rebutted "only in the unusual case." Id. On this record, defendants submit that the particular circumstances of this case do not make this an appropriate one in which to rebut that presumption.

It appears that plaintiffs' principal basis for arguing that the higher rates are appropriate is the particular expertise of the Public Citizen Litigation Group, and more particularly Mr. Wolfman, in this type of litigation. See Pls'. Mem. of Law, p. 3. While the reasonable client might well, given his experience, have been willing to pay Mr. Wolfman the sought after $ 440 a hour rate had he been

3

retained and served as lead litigation counsel in this matter, certainly a reasonable plaintiff, especially when the lead plaintiff is an attorney himself, would not have engaged Mr. Wolfman at that rate simply to serve in a supervisory capacity. Here, Mr. Beck "performed the majority of legal work in this case." Beck Decl., ¶ 4. The record makes plain that Mr. Wolfman's role was "supervising [Mr. Beck's] handling of the litigation." Id. at ¶ 11; see also Beck Decl., Ex. 2 (time record for Mr. Wolfman almost exclusively reflects editing and review of Mr. Beck's work). Any fees awarded to Mr. Wolfman, therefore, should be made at a rate more consistent with at for litigation counsel of his experience in this district, namely $210 an hour.

Defendants also submit that the request to compensate Mr. Beck at a rate of $215 a hour is not, under the circumstances, appropriate. Mr. Beck graduated from law school in 2004. Beck Decl., ¶ 4. A reasonable paying client would not have engaged an attorney of Mr. Beck's experience at this rate given the fact that the prevailing rate within the Northern District, for an attorney with his experience, is $ 120. Indeed it is illogical to suggest that a reasonable client would do so when the prevailing rates for firm partners with considerably more experience would actually be five dollars *less* than that sought by Mr. Beck here.

This position is bolstered by other relevant factors the Court is free to consider in evaluating what a reasonable client would pay and, therefore, the overall reasonableness of the rate. Arbor Hill, 493 F.3d at 112. One such relevant factor is "whether the attorney had an interest . . . in achieving the ends of the litigation." Id. Another is whether the attorney litigating the case had an expectation of other potential non-monetary returns as a result of litigating the case, whether they be reputational or in advancing the attorneys' interests. Id. at 112 & 121. In this case, one of the plaintiffs was Public Citizen, Inc. Public Citizen Litigation Group, for which Messrs. Beck and Wolfman work, "is

a division of Public Citizen." Compl., ¶ 5. Public Citizen expressly averred that it had an interest consistent with its corporate mission in challenging these regulations. Id. Counsels admitted nonmonetary return weighs in favor of an additional reduction in fees here. Certainly the other plaintiffs, and once again their legal experience should bear significant weight here, would not, given these additional factors, have logically or reasonably expected to pay the full standard rate charged by counsel for Public Citizen in light of its own interest in the litigation.

For these reasons, it is submitted that Mr. Beck's fees should be calculated based on a rate of $ 120 per hour, while those for Mr. Wolfman should be calculated at $ 210 per hour.

**C. Duplicative Requests for Fees and Costs**

"If the court determines that certain claimed hours are excessive, redundant, or otherwise unnecessary . . . the court should exclude those hours in its calculation of the lodestar." Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir.1998) (internal citations and quotations omitted).

Plaintiffs seek to recover fees for 230.1 hours of work by Mr. Beck. Following a review of the billing records submitted by plaintiffs and given the nature and proceedings of the case, the hours claimed seem reasonable as to Mr. Beck and defendants do not seek any modification of those hours for use in computing the lodestar or "presumptively reasonable fee." Defendants do believe that such a modification is required as to the recovery of Mr. Wolfman's fee.

It is established that "[a]ttorneys should not be reimbursed for inefficiencies, duplication or excessive submissions." Shannon v. Fireman's Fund Ins. Co., 156 F.Supp.2d 279, 301 (S.D.N.Y. 2001) (citing Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir.1994)). Mr. Wolfman's submissions reflect that he acted largely in a mentoring and reviewing function for Mr. Beck. Mr.

Wolfman, for example, spent almost two and a half hours reviewing and editing drafts of the complaint, Beck Decl., Ex. 2 (Wolfman entries for 1/23; 1/26; 1/30), three and a half hours reviewing or meeting with Mr. Beck regarding a draft of plaintiffs' preliminary injunction motion, id. (Wolfman entries for 2/1; 2/2; 2/7) and over two and half hours editing plaintiffs' reply brief on that motion. Id. at (Wolfman entries for 4/2; 4/4). This alone represents over half of the non-travel time being claimed by Mr. Wolfman. While there is, of course, nothing inappropriate about such activity, defendants submit that they should not bear the burden of financing such efforts. As a result, plaintiffs should not be reimbursed for these fees. Shannon, 156 F. Supp.2d at 279-80 (reducing partners claimed fees to reflect lack of necessity of certain work done).

Mr. Wolfman also claims twenty-four hours of travel time related to travel to and from Syracuse for court proceedings in this case.[1] Beck Decl., ¶ 14. It was Mr. Beck, rather than Mr. Wolfman, who actually presented oral arguments on behalf of plaintiffs in this case, however. While Mr. Wolfman may have been present to observe and supervise Mr. Beck's arguments, it again is respectfully submitted that defendants need not bear the cost of such activity. While plaintiffs correctly cite New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir.1983) for the proposition that a prevailing party is not barred as a matter of law from bringing a second attorney to depositions or court appearances, nor does the law require that all fees for said second attorney be awarded. The touchstone remains the reasonableness of the action. U.S. ex rel. Coughlin v. International Business Machines Corp., 992 F.Supp. 137, 144 (N.D.N.Y. 1998) ("a trial

---

[1] It is not entirely clear to defendants how the twenty-four hour figure was arrived at by plaintiffs. The entries in Mr. Wolfman's billing records involving travel include, without separating out, certain non-travel matters like actually attending the court proceedings. See Beck Decl., Ex. 2. Because the records fail to more specifically articulate precisely what of that time was spent traveling, however, the Court is left to speculate in that regard.

judge may decline to compensate hours spent by collaborating lawyers or may limit the hours allowed for specific tasks, but . . . such decisions are best made by the district court on the basis of its own assessment of what is appropriate for the scope and complexity of the particular litigation"). On this record, defendants submit that this use of time was neither necessary nor economical to the litigation of the case.

Finally, the remaining miscellaneous time entries offered by Mr. Wolfman, including almost a half hour reviewing and discussing a letter to the Magistrate Judge regarding a stipulation, Beck Decl., Ex. 2 (Wolfman entry for 4/27), and almost one and half hours reviewing Mr. Beck's summary judgment draft, id. at (Wolfman entry for 5/10) similarly represent supervisory, review, or training functions, see id. (Wolfman entries for 4/9 and 4/10 listing 1.9 hours spent in moot court in advance of argument on preliminary injunction motion), which are not reasonable expenses defendants should be expected to bear in this case. See Arbor Hill, 493 F.3d at 118 ("a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively").

Defendants, therefore, respectfully submit that Mr. Beck's time be billed at no more than $120 per hour and that the Court decline to award any fees based on Mr. Wolfman's work. In the alternative, defendants submit that Mr. Wolfman's hours be significantly reduced to more accurately reflect his true role in this matter and that his work, so reduced, be billed at no more than $210 per hour.

### D. Costs

Plaintiffs seek reimbursement for costs, in an amount of $1,856.04, associated principally for travel expenses. For the reasons outlined above, defendants have no objection to the costs sought

7

by Mr. Beck, but submit that the duplicative costs incurred by Mr. Wolfman were not under the circumstances reasonable and should be denied.

**Conclusion**

For the reasons outlined above, plaintiffs' motion for attorneys fees and costs should be modified as outlined above.

Dated: Albany, New York
       September 25, 2007

ANDREW M. CUOMO
Attorney General of the State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

By: *[signature]*
Gerald J. Rock
Assistant Attorney General
  of Counsel
Bar Roll No. 510091
Telephone: (518) 473-3684
Fax: (518) 473-1572
Email: Gerald.Rock@oag.state.ny.us

TO:    Gregory Beck, Esq.
       Via ECF

# Appendix

Westlaw.

Slip Copy
Slip Copy, 2007 WL 655603 (N.D.N.Y.)
(Cite as: Slip Copy)

Page 1

New Paltz Cent. School Dist. v. St. Pierre
N.D.N.Y.,2007.
Only the Westlaw citation is currently available.
United States District Court,N.D. New York.
NEW PALTZ CENTRAL SCHOOL DISTRICT, Plaintiff,
v.
Linda ST. PIERRE, on behalf of M.S., Defendant.
No. 1:02-CV-981 (FJS/RFT).

Feb. 26, 2007.

Shaw & Perelson, Mark C. Rushfield, Esq., Michael K. Lambert, Esq., of counsel, Highland, NY, Attorneys for Plaintiff.
Office of Thomas P. Halley, Thomas P. Halley, Esq., of counsel, Poughkeepsie, NY, Attorneys for Defendant.

SCULLIN, Senior Judge.

*1 Plaintiff commenced this litigation pursuant to the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 ("IDEA"), seeking a declaration from this Court that the findings of the impartial hearing officer ("IHO") and the state review officer ("SRO") were erroneous. Both the IHO and the SRO determined that Plaintiff had failed to offer Defendant Linda St. Pierre's child, M.S., a free appropriate public education for the 1999-2000 and 2000-2001 school years.

After reviewing the decisions of the IHO and the SRO, the parties' submissions and the applicable law, the Court denied Plaintiff's motion for summary judgment and upheld the conclusions of both hearing officers. The Court also granted summary judgment *sua sponte* with respect to Defendant's counterclaim that Plaintiff reimburse her for tuition, room and board and laptop computer expenses that she incurred as a result of M.S.'s placement at the Family Foundation School for the 1999-2000 and 2000-2001 academic years. Finally, the Court ordered Defendant to file and serve her motion for an award of attorney's fees on or before February 20, 2004, provided Plaintiff with an opportunity to respond, and took the motion under advisement. Apparently, Defendant's counsel never received a copy of the Court's Memorandum-Decision and Order and did not realize that the Court had issued a decision until May 2006. SeeDkt. No. 21.At that time, he requested, and the Court granted, an extension of time in which he could file papers in support of Defendant's motion for attorney's fees. The Court has now reviewed the parties' submissions and the following constitutes the Court's written determination of the pending motion.

A. Attorney's fees award

In support of her motion for attorney's fees, Defendant submitted what her counsel referred to as "contemporaneous time records" but which are, in fact, copies of the invoices that her counsel sent to her for his services, totaling $9,008.33. *See* Affidavit of Thomas P. Halley, sworn to July 12, 2006 ("Halley Aff."), at P 6. She also submitted copies of checks that she had sent to her counsel, totaling $9,365.78, which reflect an additional $357.45 in payments for services that are not set forth in the invoices that she submitted. *See id.* at PP 7-8.Based upon these submissions, Defendant requests that the Court award her attorney's fees and costs in the amount of $9,365.78.

Furthermore, in reply to Plaintiff's submissions, which noted that Defendant had not submitted any evidence regarding her counsel's skill, experience and reputation or the prevailing market rate in the Northern District of New York for attorneys with similar skill, experience and reputation, Defendant's counsel stated that his skills "should be self evident in that the hearing officer agreed with all of the arguments [he] ... raised during the administrative hearing ... [and that this] Court agreed with such arguments in affirming the determination made at the administrative hearing."*See* Reply Affidavit of Thomas P. Halley, sworn to July 25, 2006, at P 3. In addition, Defendant's counsel submitted a copy of his resume for the

Slip Copy
Slip Copy, 2007 WL 655603 (N.D.N.Y.)
(Cite as: Slip Copy)

Page 2

Court's review. *See id.* at P 4 and attachment. Finally, although he admitted that he was unfamiliar with the prevailing market rate in this District, he stated that he was familiar with the prevailing market rate in the mid-Hudson area and his hourly rate was probably on the low end of that range. *See id.* at P 5.

*2 Plaintiff takes issue with several aspects of Defendant's time records, specifically arguing that they are vague and incomplete. *See* Affirmation of Mark C. Rushfield, dated July 21, 2006 ("Rushfield Aff."), at P 5. Moreover, Plaintiff notes that some of these records include charges for secretarial services, which are overhead and not recoverable in a fee application. *See id.* Finally, Plaintiff requests that the Court substantially reduce the amount of the requested attorney's fees. *See id.* at WHEREFORE Clause.

Prevailing parties "must support their motions [for attorney's fees] with contemporaneous time records of the work performed."*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany,* No. 03-CV-502, 2005 WL 670307, *7 (N.D.N.Y. Mar. 22, 2005) (citation omitted). Moreover, to calculate an award of attorney's fees, the court must use a reasonable hourly rate, which is the rate that lawyers in the community, who have substantially similar experience and knowledge, charge for similar work. *See id.* at *3. This District recently concluded that the following hourly rates are reasonable: $210 for experienced attorneys, $150 for associates with more than four-years experience, $120 for associates with less than four-years experience, and $80 for paralegals. *See id.* at *6.

According to his resume, Defendant's attorney graduated from Albany Law School in 1976. Therefore, the Court will assume that he was admitted to practice in either 1976 or 1977. He also states that he has more than twenty-five years of legal experience, most of which appears to involve municipal law. The invoices show that Defendant's counsel billed her for his services at a rate of either $185 or $195 per hour.[FN1] Based upon these submissions, the Court finds that Defendant's attorney is an experienced attorney and that, therefore, the hourly rates of $185 and $195 are reasonable.

FN1. It appears from the invoices that Defendant's counsel's hourly rate increased from $185 to $195 in July 2001.

The invoices that Defendant submitted in place of contemporaneous time records list charges for "professional" services, "secretarial" services, and costs for postage, copies and faxes. Despite Plaintiff's assertion to the contrary, the Court finds that these entries are sufficient to determine the type of work that Defendant's attorney performed and that there is sufficient information upon which to base an award of attorney's fees. However, as Plaintiff noted, secretarial work is overhead and is not reimbursable as part of an attorney's fees award, although costs for copies, faxes and postage are.[FN2] Finally, the Court concludes that the additional services for which Defendant wrote checks to her counsel, but which are not included on the invoices, are not reimbursable because there is nothing in the record to indicate what these extra charges represent.

FN2. The Court notes that, although Defendant's counsel filed a Reply Affidavit, he did not take issue with Plaintiff's assertion that secretarial services should not be included in an attorney's fees award.

Based upon its review of the invoices, the Court calculates the amount of attorney's fees that Defendant incurred as follows:

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 655603 (N.D.N.Y.)
(Cite as: Slip Copy)

Page 3

| Invoice | # Hours Worked | Hourly Rate | Total |
|---|---|---|---|
| 2996 (2/23/01) | 3.5 | $185 | $ 647.50 |
| 3009 (3/2/01) | 5.4 | $185 | $ 999.00 |
| 3021 (3/14/01) | 5.8 | $185 | $ 1,073.00 |
| 3067 (5/10/01) | 6.4 | $185 | $ 1,184.00 |
| 3109 (8/10/01) | .1 | $185 | $ 18.50 |
|  | 8.5 | $195 | $ 1,657.50 |
| 3436 (6/6/02) | .5 | $195 | $ 97.50 |
| 3539 (9/3/02) | 6.9 | $195 | $ 1,345.50 |
| 3582 (9/30/02) | 1 | $195 | $ 195.00 |
| 3632 (11/7/02) | .1 | $195 | $ 19.50 |
| 3696 (1/2/03) | .5 | $195 | $ 97.50 |
| 1642 (5/8/03) | .2 | $195 | $ 39.00 |
| TOTAL | 38.9 |  | $ 7,373.50 |

\*3 In addition to the attorney's fees, the invoices show costs for copies, faxes and postage, totaling $76.83. Accordingly, the Court awards Defendant **$7,450.33** for attorney's fees and costs.

**B. Reimbursement for tuition, room and board, and laptop computer expenses**

Defendant seeks $60,962.83 in reimbursement for the expenses that she incurred while her son was enrolled at the Family Foundation School. *See* Halley Aff. at P 15 and Exhibits "C" and "D" attached thereto.

In response, Plaintiff asserts that the reimbursement that Defendant seeks includes expenditures other than those for tuition, room and board, and laptop computer expenses that the Court ordered in its February 4, 2004 Memorandum-Decision and Order. *See* Rushfield Aff. at P 4. Therefore, Plaintiff's counsel recalculated Defendant's Exhibit "C," to include only tuition, board and room, and laptop computer expenses, which resulted in a total of $56,541.92. *See id.* and Exhibit "A" attached thereto.[FN3]

> FN3. The Court notes that, although Defendant's counsel filed a Reply Affidavit, he did not take issue with Plaintiff's recalculation of the reimbursable expenses.

Plaintiff is correct that the Court ordered it to reimburse Defendant for only tuition, board and room, and laptop computer expenses that she incurred while her son attended the Family Foundation School during the academic years of 1999-2000 and 2000-2001. Accordingly, the Court awards

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  
Slip Copy, 2007 WL 655603 (N.D.N.Y.)  
**(Cite as: Slip Copy)**

Page 4

Defendant reimbursable expenses in the amount of $56,541.92.

After carefully reviewing the parties' submissions, the relevant parts of the record, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant's motion for attorney's fees and costs and for reimbursement for the tuition, room and board, and laptop computer expenses that she incurred as a result of her child M.S.'s placement at the Family Foundation School for the 1999-2000 and 2000-2001 academic years is **GRANTED** in the following amounts: **$7,450.33** in attorney's fees and costs and **$56,541.92** in reimbursable expenses.

**IT IS SO ORDERED.**

N.D.N.Y.,2007.  
New Paltz Cent. School Dist. v. St. Pierre  
Slip Copy, 2007 WL 655603 (N.D.N.Y.)

END OF DOCUMENT

(c) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.