UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JAMES L. ALEXANDER, *et al.*,                    )
                                                 )
                    Plaintiffs,                  )     Civil Action No. 5:07-cv-00117-FJS-GHL
                                                 )
v.                                               )
                                                 )
THOMAS J. CAHILL, *et al.*,                      )
                                                 )
                    Defendants.                  )
_____          )

**SECOND DECLARATION OF BRIAN WOLFMAN**

I, Brian Wolfman, declare as follows:

1.        Since 1990, I have worked as an attorney at Public Citizen Litigation Group

(PCLG), a nonprofit public-interest law firm in Washington, D.C., and I am currently its director.

I am submitting this second declaration in support of plaintiffs' motion for attorney's fees and

costs.

2.        In their memorandum opposing plaintiffs' motion for attorney's fees, defendants

argue that no fees should be awarded for the small amount of time that I spent as the senior

lawyer on the case, editing and commenting on Gregory Beck's work product and discussing the

case with Mr. Beck.  Defendants' position is that the work of only one lawyer is compensable

under 42 U.S.C. § 1988.

3.        Defendants maintain that my time should not be compensated because it was

spent "mentoring" or "training" Mr. Beck.  That is not so.  The purpose of my work was solely to

support and improve the work product filed on the plaintiffs' behalf.  Mr. Beck has practiced law

for two years, and, in my judgment, it would have been irresponsible for this office, or any law

firm, not to review and edit the work of a second-year associate in a case of this importance and

-1-

Dockets.Justia.com

complexity.  Mr. Beck did an excellent job as the principal lawyer on this case, but his work required some editorial and structural alterations, which were made as a result of my participation in the case.

4.      Section 1988 provides an award of "reasonable" attorney's fees to prevailing parties.  A reasonable fee is one that mimics what the private market would bear, *see, e.g., Blum v. Stenson*, 465 U.S. 886, 892-95 (1984) – that is, section 1988 authorizes a fee that is commercially reasonable.  For 22 years, I have served as lead and co-counsel in federal district courts around the country and in all but one of the federal courts of appeals.  In most of this litigation, the opposing parties have been represented by private commercial law firms or government counsel (typically, one or more components of the U.S. Department of Justice).  I do not recall a single case in which the opposing party's legal work was conducted exclusively by one lawyer.  Indeed, in cases involving private law firms, typically three or more counsel represented the opposing party.

5.      Defendants also criticize the fact that I appeared with Mr. Beck in court.  In my experience, when a junior associate appears in court, he or she is almost invariably accompanied by senior counsel, who assists if necessary in dealings with the court, opposing counsel, or clients.  In this case, on a couple occasions, I made suggestions to Mr. Beck that I believe were useful to the ultimate resolution of the case (*e.g.*, the suggestion at the preliminary injunction hearing that, despite the Court's desire to set the case for an early trial, the case could be resolved on cross motions for summary judgment).  To be sure, I could have argued the case, but that would have been far more costly for two reasons:   My hourly rate is higher than Mr. Beck's, and I would have had to learn the case from the ground up (which Mr. Beck had already done).

6.      Ironically, defendants claim that  a "reasonable client might well, given his

experience, have been willing to pay Mr. Wolfman the sought after $440 [per] hour rate had he been retained and served as lead litigation counsel in this matter . . . ."  Defendants' Opp. at 3-4. But if our office had staffed the case in that manner, the end result would have been a higher overall fee.  Instead, we staffed the case by using a lower-cost attorney to do the great majority of the work, with only a modicum of assistance from a senior lawyer.  In my experience observing the work habits of opposing counsel, that is the way that cost-conscious commercial law firms staff cases whenever possible.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on: October 1, 2007

  /s/Brian Wolfman_____
Brian Wolfman