UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES L. ALEXANDER; ALEXANDER
& CATALANO LLC; and PUBLIC
CITIZEN, INC.,

                                                    **Plaintiffs,**

                v.                                                                                5:07-CV-117
                                                                                                 (FJS/GHL)

THOMAS J. CAHILL, in his official
capacity as Chief Counsel for the
Departmental Disciplinary Committee
for the Appellate Division of the New York
Court of Appeals, First Department; DIANA
MAXFIELD KEARSE, in her official
capacity as Chief Counsel for the Grievance
Committee for the Second and Eleventh
Judicial Districts; GARY L. CASELLA, in
his official capacity as Chief Counsel for the
Grievance Committee for the Ninth Judicial
District; RITA E. ADLER, in her official
capacity as Chief Counsel for the Grievance
Committee for the Tenth Judicial District;
MARK S. OCHS, in his official capacity as
Chief Attorney for the Committee on
Professional Standards for the Appellate
Division of the New York Court of Appeals,
Third Department; ANTHONY J.
GIGLIOTTI, in his official capacity as
acting Chief Counsel for the Grievance
Committee for the Fifth Judicial District;
DANIEL A. DRAKE, in his official capacity
as acting Chief Counsel for the Grievance
Committee for the Seventh Judicial District;
and VINCENT L. SCARSELLA, in his
official capacity as acting Chief Counsel for
the Grievance Committee for the Eighth
Judicial District,

                                                  **Defendants.**
_____

**APPEARANCES**                                                         **OF COUNSEL**

| | |
|---|---|
| **PUBLIC CITIZEN LITIGATION GROUP** | **BRIAN WOLFMAN, ESQ.** |
| 1600 20th Street NW | **GREGORY A. BECK, ESQ.** |
| Washington, D.C. 20009 | **SCOTT NELSON, ESQ.** |
| Attorneys for Plaintiffs | |
| | |
| **OFFICE OF THE NEW YORK STATE** | **GERALD J. ROCK, AAG** |
| **ATTORNEY GENERAL** | **NELSON SHEINGOLD, AAG** |
| The Capitol | **PATRICK F. MACRAE, AAG** |
| Albany, New York 12224 | **BRIDGET E. HOLOHAN, AAG** |
| Attorneys for Defendants | |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

In their complaint, Plaintiffs sought a declaratory judgment that certain provisions of New York's amended rules on attorney advertising violated the First Amendment and requested a permanent injunction prohibiting Defendants from enforcing those amendments. The parties stipulated to the material facts and the authenticity of several exhibits and submitted motions for summary judgment. The Court heard oral argument on June 18, 2007.

On July 20, 2007, this Court granted Plaintiffs' motion for summary judgment and granted Plaintiffs' request for a declaration that N.Y. Comp. Codes R. & Regs. tit. 22, §§ 1200.6(c)(1), (3), (5), (7), and (g)(1) were unconstitutional. The Court further granted Plaintiffs' request for a permanent injunction and enjoined Defendants "from enforcing amendments to the Disciplinary Rules of the Code of Professional Responsibility contained in N.Y. Comp. Codes R. & Regs. tit. 22, §§ 1200.6(c)(1), (3), (5), (7), and (g)(1), which took effect on February 1, 2007." *See* Memorandum-Decision and Order dated July 20, 2007, at 29-30. The Court, however, granted Defendants' motion for summary judgment on Plaintiffs' claims

concerning N.Y. Comp. Codes R. & Regs. tit. 22, §§ 1200.7(e), 1200.8(g), and 1200.41-a and Plaintiffs' claims concerning the amended rules' applicability to non-commercial communications. *See id.* at 29.

Plaintiffs now move for attorney's fees in the amount of $62,167.00[1] and costs in the amount of $1,856.04 pursuant to 42 U.S.C. § 1988(b).[2] Although Defendants do not object to some award of "reasonable attorney's fees," they do object to the use of Washington, D.C. rates and to the number of hours that Attorney Wolfman spent on the matter.

## II. DISCUSSION

**A.   Attorney's fees**

### *1. Reasonable rate*

To determine an appropriate award of attorney's fees in the Second Circuit**,** a district court should attempt to ascertain the "reasonable hourly rate . . . [that] a paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). In *Arbor Hill*, the Second Circuit instructs that the court should consider the *Johnson*[3] factors as well as other criteria such as the fact that a paying client wishes

---

[1] Although Plaintiffs initially moved for $59,255.50 in fees and $1,856.04 in costs, they now seek an additional $2,911.50 in fees for the time spent researching and drafting their reply memorandum.

[2] In actions under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." *See* 42 U.S.C. § 1988(b).

[3] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). "The twelve *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly
(continued...)

to spend "the minimum necessary to litigate the case effectively" and the fact that there may be the benefits to the attorney's reputation for being associated with the case. *Id.*

Plaintiffs, here, have requested attorney's fees based upon an hourly rate consistent with the practice in Washington, D.C. As stated, Defendants object to the "out-of-district" rate.

In addressing this issue, the Second Circuit has said,

> a district court may use an out-of-district hourly rate - or some rate in between the out-of-district rate sought and the rates charged by local attorneys - in calculating the presumptively reasonable fee if it is clear that a reasonable, paying client would have paid those higher rates. **We presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally.**

*Id.* at 191 (emphasis added).

Plaintiffs contend that they are entitled to fees based on Washington, D.C. rates because (1) their counsel was uniquely qualified for this case based on its experience in commercial free speech cases, *see* Declaration of Gregory A. Beck dated September 4, 2007 ("Beck Decl."), at ¶ 3; (2) Plaintiffs were unable to obtain local pro bono counsel due to professional risks in challenging the constitutionality of the Appellate Division's Presiding Justices' actions,[4] *see id.* at ¶ 7; (3) Plaintiffs did not seek damages that would pay their fees; and (4) the rate is necessary to

---

[3](...continued)
rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Arbor Hill*, 522 F.3d at 187 n.3 (citing *Johnson*, 488 F.2d at 717-19).

[4] Plaintiff claims to have attempted to retain local pro bono counsel, but states nothing as to the availability of retained counsel in this District. *See* Beck Decl. at ¶ 7. To suggest that any counsel could not be obtained due to "professional[] risk[s]," *see id.*, is clearly disingenuous.

attract competent counsel to the district.  *See* Plaintiffs' Memorandum of Law at 3-5.

In response to Plaintiffs' argument about the experience of Plaintiffs' counsel, Defendants argue that, although a client might have paid out-of-district rates for Mr. Wolfman to litigate the case, they would not pay such a high rate for him to supervise another attorney.  Defendants also assert that it is illogical that a reasonable client would pay an attorney with Mr. Beck's limited experience a rate higher than an experienced partner in this District.  Defendants also contend that the Court should consider the fact that Plaintiff Public Citizen had an interest consistent with its corporate mission in challenging these regulations, as well as the fact that Plaintiffs had extensive legal experience, in determining the reasonableness of their attorney's fees.

Although Plaintiff Public Citizen's corporate mission may not be a sufficient reason to adjust the requested attorney's fees,[5] the Court finds that Plaintiffs Alexander and Alexander & Catalano, as accomplished litigation attorneys, should not have expected to be reimbursed for out-of-district rates for representation in this case.  Moreover, the Court finds that the issues involved were not complex and did not require the use of out-of-district attorneys with particular expertise.  The parties did not advance any unique issues of First Amendment law nor did the Court consider any in its decision.  Accordingly, after considering all of the relevant factors and the parties' arguments, the Court concludes that a reasonable plaintiff would have been willing to pay the following hourly rates:  attorneys with more than 10 years of experience - $210, attorneys with 5-10 years of experience - $150, attorneys with 0-4 years of experience - $120,

---

[5] *See Reiter v. MTA N.Y. City Transit Auth.*, 457 F.3d 224, 233 (2d Cir. 2006) (noting that "courts 'must avoid [.] . . . decreasing reasonable fees because the attorneys conducted the litigation more as an act of pro bono publico than as an effort at securing a large monetary return'" (quoting *Blum* [*v. Stenson*,] 465 U.S. [886,] 895, 104 S. Ct. 1541 [(1984)])).

and paralegals - $80.

### 2. *Reasonable hours*

Although Defendants do not contest the hours that Attorney Beck spent on this matter, the Court finds them to be excessive. As noted above, the issues involved in the case were not complex. Additionally, the parties stipulated to the facts and, therefore, the only issues presented were legal arguments as to whether Defendants were proper parties; whether Plaintiffs had standing; whether this Court should abstain; whether Plaintiffs were entitled to a preliminary injunction; and whether the new disciplinary rules violated the First Amendment. Taking into account the nature of the work performed, Attorney Beck's experience, and his lower billing rate, the Court finds that it was reasonable for Attorney Beck to spend 120 hours on this matter. Accordingly, the Court reduces Attorney Beck's non-travel time from 217.8 to 120 hours and awards Plaintiffs fees for 120 hours of Attorney Beck's non-travel time.

Defendants do, however, contend that Attorney Wolfman's presence at court proceedings was duplicative. The Court agrees. Clearly, it was not necessary for Plaintiffs to have two attorneys present at the court proceedings in this case; and, therefore, the Court will not award them fees for the time that Attorney Wolfman spent in Court or the time that Attorney Wolfman spent traveling to and from Syracuse.

Defendants also claim that Attorney Wolfman's remaining time entries represent time he spent supervising and training Attorney Beck and reviewing his work and that they should not have to reimburse Plaintiffs for that time. A review of Defendant Wolfman's submitted records reveals that he spent 17 hours on out-of-court work. The Court finds that such time was

reasonable in light of his responsibility to supervise an associate with less than four years experience.

With respect to Attorney Beck's travel time, the Court finds Plaintiff's counsel's submissions unclear. Attorney Beck's records show that he spent 24 hours traveling to and from Syracuse and attending two different hearings. He billed the time in the following increments: 4.5 hours for travel to Syracuse; 7.9 hours for the hearing and return to Washington; and 11.6 hours for travel to and from Syracuse and the second hearing. Since the only time increment that is not block-billed is the 4.5 hour trip to Syracuse, the Court will assume that the time for travel both ways was nine hours.

### 3. *Summary of fees*

| Timekeeper | Hours | Rate | Fee |
|---|---|---|---|
| Gregory A. Beck | 120 | 120 | 14,400.00 |
| Gregory A. Beck (Travel) | 18 | 60 | 1,080.00 |
| Brian Wolfman | 17 | 210 | 3,570.00 |
| TOTAL FEES[6] | | | $19,050.00 |

Finally, as Defendants point out, Plaintiffs were only partially successful in this action; therefore, the Court will reduce their fee award by thirty (30) percent. *See Separ v. Nassau County Dep't of Soc. Servs.*, 327 F. Supp. 2d 187, 190-91 (E.D.N.Y. 2004) (finding "court can 'simply reduce the award to account for the limited success'" (quotation and other citations omitted)). Applying this reduction, the Court will award Plaintiffs $13,335.00 in attorney's fees.

---

[6] Total fees based on the Court's finding as to the reasonable hourly rate and reasonable number of hours.

**B.     Costs**

For costs, Plaintiffs request $1,541.90 in airfare and $314.14 for hotel costs related to travel to Syracuse.[7]  Defendants only object to the costs attributable to Attorney Wolfman's travel.  As stated, the Court agrees that Attorney Wolfman's court appearances were unnecessary; accordingly, the Court will not allow Plaintiffs to recover Attorney Wolfman's travel and hotel costs.  Therefore, the Court will only award Plaintiffs the travel and hotel costs for just Attorney Beck.  A review of Plaintiffs' submissions regarding hotel and travel costs for Attorney Beck reveals $903.10 in airfare and $157.07 in hotel costs.  Accordingly, the Court awards Plaintiffs costs in the amount of $1,060.17.

### III.  CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiffs' motion for attorney's fees is **GRANTED** in the amount of $13,335.00 in attorney's fees and $1,060.17 in costs; and the Court further

**ORDERS** that the Clerk of the Court shall amend the judgment to include this award of attorney's fees and costs.

**IT IS SO ORDERED.**

---

[7] Plaintiffs have decided not to request reimbursement for telephone and photocopying costs.  *See* Beck Decl. at ¶ 15.

Dated: March 30, 2009
      Syracuse, New York

                                              Frederick J. Scullin, Jr.
                                              Senior United States District Court Judge